ACCEPTED
04-17-00070-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/20/2017 10:56 AM

NO. 04-17-00070-CV

\* \* \* \* \*

IN THE
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

**FILED**
*Fourth Court of Appeals*
*San Antonio, TX*
Accepted:
*3:43 pm, Jul 20, 2017*

\* \* \* \* \*

OSBALDO HURTADO AVALOS AND ANTONIO HURTADO, AS
ASSIGNEES OF KARLA FLORES GUEVARA, Appellants

V.

LOYA INSURANCE COMPANY, Appellee

\* \* \* \* \*

APPEALED FROM THE 111TH JUDICIAL
DISTRICT COURT OF WEBB COUNTY, TEXAS

\* \* \* \* \*

BRIEF OF APPELLANTS
\* \* \* \* \*

**THE GREEN LAW FIRM, P.C.**
34 S. Coria
Brownsville, Texas 78520
Telephone   :  (956) 542-7000
Facsimile    :  (956) 542-7026
jorge@thegreenlawfirmpc.com
letygarza@thegreenlawfirmpc.com

BY: */s/ Jorge A. Green*
    JORGE A. GREEN
    State Bar No. 24038023
    LETICIA GARZA
    State Bar No. 24092405

**APPELLANTS REQUEST ORAL ARGUMENT**

## IDENTITY OF PARTIES AND COUNSEL

In accordance with Texas Rule of Appellate Procedure 38.1(a), Appellant presents the following list of all parties to the trial court's order appealed from and the names and addresses of all trial and appellate counsel:

| Names | Counsel | Party |
|---|---|---|
| Osbaldo Hurtado Avalos and Antonio Hurtado as Assignees of Karla Flores Guevara | JORGE A. GREEN<br>State Bar No. 24038023<br>LETICIA GARZA<br>State Bar No. 24092405<br>THE GREEN LAW FIRM, P.C.<br>34 S. Coria St.<br>Brownsville, TX 78520<br>(956) 542-7000 Telephone<br>(956) 542-7026 Fax<br>jorge@thegreenlawfirmpc.com<br>letygarza@thegreenlawfirmpc.com | Appellants |
| Loya Insuance Company | JOHN R. LYDE<br>State Bar No. 12712700<br>VIDAURRI, LYDE, RODRIGUEZ & HAYNES, LLP<br>202 N. 10th Avenue<br>Edinburg, Texas 78541<br>(956) 381-6602 Telephone<br>(956) 381-0725 Fax<br>rlyde@vlrhlaw.com | Appellee |

i

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL i

TABLE OF CONTENTS ii

TABLE OF AUTHORITIES iv

STATEMENT OF THE CASE 1

STATEMENT OF ORAL ARGUMENT 3

ISSUE PRESENTED 4

STATEMENT OF FACTS 6

SUMMARY OF ARGUMENT 12

ARGUMENT 14

I. THIS COURT SHOULD REVERSE THE TRIAL COURT'S RULING BECAUSE APPELLEE HAD A DUTY TO DEFEND MS. FLORES GUEVARA ....................................................................................14

 A. The Eight Corners Rule Requires That An Insurance Company Defend Its Insured When A Lawsuit's Pleadings Fall Within The Coverage Provided In Its Insurance Contract ....................................14

 B. The Pleadings Of The Lawsuit Against Ms. Flores Guevara Fell Within The Coverage Provided By Appellee to Ms. Flores Guevara.17

 C. The Texas Supreme Court Has Never Expressly Recognized An Exception To The Eight Corners Rule................................................18

II. THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION ON APPELLEE'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT ON DECLARATORY JUDGMENT BECAUSE APPELLEE'S REQUEST WAS NO LONGER RIPE ................................20

 A. Declaratory Actions Are Moot If One Of The Parties Has Already Chosen Its Course Of Conduct..........................................................20

ii

B. Therefore, Appellee's Request For A Declaratory Action, After It Had Already Committed To Its Conduct, Renders A Declaratory Action Moot.................................................................................................22

III. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT.............................22

A. A No-Evidence Motion for Summary Judgment Must Not Be Conclusory.......................................................................................22

B. Appellee's No-Evidence Motion For Summary Judgment Is Conclusory.......................................................................................24

C. Whether Or Not Ms. Flores Guevara Was Driving Is Irrelevant and Barred By Res Judicata...................................................................25

D. Adequate Time for Discovery Had Not Passed..................................27

III. PRAYER.....................................................................................................31

# TABLE OF AUTHORITIES

*Amouri v. Southwest Toyota, Inc.*,
     20 S.W.3d 165, 168 (Tex.App.-Texakana 200, pet. denied)...............14,23,25

*Argonaut Sw. Ins. Co. v. Maupin*,
     500 S.W.2d 633, 635 (Tex.1973)...................................................................16

*Barr v. Resolution Trust Corp.*,
     837 S.W.2d 627, 628 (Tex.1992)..................................................................26

*Benson v. Wanda Pet. Co.*,
     468 S.W.361, 363 (Tex.1971)......................................................................27

*Boerjan v Rodriguez*,
     436 S.W.3d 307, 310 (Tex..2014)................................................................23

*Brewer & Pritchard, P.C. v. Johnson*,
     167 S.W.3d 460, 468 (Tex.App.-Houston [14th Dist.] 2005, pet. denied)....28

*Brown v. Brown*,
     145 S.W.3d 745, 754 (Tex. App.—Dallas 2004, pet. denied)......................22

*Canutillo Indep. School Dist. v. National Union Fire Ins. Co*,
     99 F.3d 695,701(5th Cir 1996)....................................................................16

*City of San Antonio v. Cortes*,
     468 S.W.3d 580, 586 (Tex.App.-San Antonio 2015, pet. denied)................26

*Cook v. Admiral Ins. Co.,*
     438 F. App'x 313 (5th Cir. 2011)..................................................................15

*Cmty. Initiatives, Inc. v. Chase Bank*,
     153 S.W.3d 270 (Tex. App.—El Paso 2004)...............................................28

*Eagle Props., Ltd. v. Scharbauer*,
     807 S.W.2d 714, 721 (Tex.1990)..................................................................26

*Fort Brown Villas III Condo. Ass'n v. Gillenwater*,
    285 S.W.3d 879. 882 (Tex.2009)..................................................................27

*Gehan Homes, Ltd. v. Emplrs Mut. Cas. Co.*,
    146 S.W.3d 833 (Tex. App.—Dallas 2004)............................................15,16

*Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*,
    538 F.3d 365 (5th Cir. 2008).......................................................................16

*Guide One Elite Ins. v. Fielder Rd. Baptist Church*,
    197 S.W. 3d 305, 310 (Tex. 2006)......................................................15,19,20

*Gulf Chemical & Metallurgical Corp. v. Associated Metals and Minerals Corp.*,
    1 F.3d 365, 367 (5th Cir. 1993)................................................................19

*Hamlett v. Holcomb*,
    69 S.W.3d 816, 819 (Tex.App.-Corpus Christi 2002, no pet.)......................25

*Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*,
    387 S.W.2d 22, 24 (Tex.1965)...........................................................14,16,20

*Holloway v. Tex. Elec. Util. Constr., Ltd.*,
    282 S.W.3d 207 (Tex. App.—Tyler 2009).................................................23

*J.E.M. v. Fidelity & Cas. Co.*,
    928 S.W.2d 668, 671 (Tex. App.-Houston [1[st] Dist.] 1996, no writ).......20,21

*KCM Fin. LLC v. Bradshaw*,
    457 S.W.3d 70, 79 (Tex.2015)...................................................................23

*King v. Dallas Fire Ins. Co.*,
    85 S.W. 3d 185, 187 (Tex. 2002).........................................................15,16

*Lincoln General Ins. Co. v. Aisha Learning Center*,
    468 F. 3d 857,858(5th Cir. 2006).............................................................15

*Martinez v. City of San Antonio*,
    40 S.W.3d 57, 591-92 (Tex.App.-San Antonio 2001, pet. denied)..............29

v

*McClure v. Atterbury*,
20 S.W.3d 722, 729 (Tex. App.-- Amarillo 1999, no pet.)...........................28

*McMahan v. Greenwood*,
108 S.W.3d 467, 498 (Tex.App.-Houston [14th Dist.] 2003, pet.
denied)...................................................................................................28,29

*Michael v. Dyke*,
41 S.W.3d 746, 751-52 (Tex.App.-Corpus Christi 2001, no pet.)...........23,25

*Miller v. Elliot,*
94 S.W.3d 38, 42 (Tex. App.—Tyler 2008).................................................22

*Moorehouse v. Chase Manhattan Bank*,
76 S.W.3d 608, 612 (Tex.App.-San Antonio 2002, no pet.).........................27

*National Union Fire Ins., Co. v. Merch. Fast Motor Lines, Inc.*,
939 S.W.2d 139, 141 (Tex. 1997)............................................................14,15

*Northfield Ins. Co. v. Loving Home Care, Inc.*,
363 F. 3d 523, 531 (5th Cir. 2004).................................................................18

*Ortiz v. Collins*,
203 S.W.3d 414, 425 (Tex.App.-Houston [14th Dist.] 2006, pet. denied)....23

*Quinney Elec., Inc. v. Kondos Entm't Inc.*,
988 S.W.2d 212, 213 (Tex.1999).....................................................................26

*Restaurant Teams Int'l., Inc. v. MG Securities Corp.*,
95 S.W.3d 336, 339 (Tex. App.-- Dallas 2002, no pet.)................................28

*Rowan Cos. v. Griffin*,
876 F.2d 26, 28 (5th Cir.1989).......................................................................21

*Scott-Burr Stores Corp. v. Wilcox*,
194 F.2d 989, 900 (5th Cir. 1952)..................................................................21

*State & Cty. Mut. Fire Ins. v. Miller*,
52 S.W.3d 693, 696 (Tex.2001)......................................................................26

vi

*Sysco Food Servs. v. Trapnell*,
890 S.W.2d 796, 801 (Tex.1994)...........................................................26,27

*TemPay, Inc. v. TNT Concrete & Constru., Inc.*,
37 S.W.3d 517, 522-23 (Tex.App.-Austin 2001), pet. denied)....................28

*Timpte Indus. v. Gish*,
286 S.W.3d 306, 310 (Tex.2009).........................................................23,24

Tex. R. Civ. P. 166a(i).............................................................................23

Tex. R. Civ. P. 166c......................................................................23,24,25

*Trinity Universal Ins. Co. v. Cowan*,
945 S.W.2d 819 (Tex. 1997)..................................................................16

*Weaver v. Highlands Ins.*,
4 S.W.3d, 829 n.2 (Tex.App.-Corpus Christi 2002, no pet.)....................23,25

*Zurich Am. Ins. Co. v. Nokia, Inc.*,
268 S.W.3d 487, 491 (Tex. 2008).........................................................14,15

**STATEMENT OF THE CASE**

This appeal stems from an order by the 111th District Court in Webb County granting Appellee's, Loya Insurance Company, Traditional and No-Evidence Motions for Summary Judgment. (C.R. at 280) Appellants (the Hurtados) as assignees of Karla Flores Guevara sued Defendant/ Appellee in that case, arguing that Fred Loya breached its contract with appellee and violated various statutory and common law duties by not providing a defense in an earlier suit. (C.R. at 33).

In the underlying case, Appellants/Plaintiffs were injured as a result of a motor vehicle collision. (C.R. at 32).  The Hurtados sued Karla Flores Guevara, the listed driver of the other vehicle on the police report. (C.R. at 32).  Ms. Flores Guevara was an insured of Loya Insurance Company. Defendant/Appellee Loya Insurance Company initially assigned counsel to defend her in that lawsuit (C.R. at 32).  Just prior to her deposition, Ms. Flores Guevara told that lawyer, an employee of Loya Insurance Company that she had not been the driver of the vehicle involved in the incident with the Hurtados. (C.R. at 134)  After Loya was told by its employee (Ms. Flores Guevara's original counsel) that his client claimed to have defrauded Loya, Loya denied the existence of coverage and stopped defending Ms. Flores Guevara (C.R. at 32).  Loya's denial was based on Ms. Flores Guevara's claim that her husband, an excluded driver, had been the driver of

1

the vehicle involved in the wreck with the Hurtados. (C.R. at 211) Subsequently, a judgment was granted in favor of the Hurtados, and the Hurtados accepted an assignment of Ms. Flores Guevara's claims against Loya Insurance Company. (C.R. at 174-177)

On May 17, 2016, as assignees of Karla Flores Guevara's claims, the Hurtados sued Appellee/Defendant Loya Insurance Company, alleging, *inter alia,* that Defendant Loya Insurance Company breached their duty to defend her when it pulled coverage and instructed her attorney withdraw from her representation. (C.R. at 16-22)

Appellee/Defendant Loya Insurance Company counter-sued Karla Flores Guevara, alleging she breached her contract for insurance, fraud, and seeking a judicial declaration that Defendant Loya Insurance Company did not owe Karla Flores Guevara a duty to defend her in the original lawsuit. (C.R. at 32-35). After repeatedly refusing to respond appropriately to written discovery, and after a single deposition of a non-party, Ms. Flores Guevara, Defendant/Appellee Loya Insurance Company filed a No-Evidence and Traditional Motion for Summary Judgment, asking the trial court to declare that Loya did not owe a duty to defend Karla Flores Guevara. (C.R. at123-129)  The Trial Court granted  Defendant's Traditional and No-Evidence Motions for Summary Judgment in a single order. (C.R. at 280)

2

## STATEMENT OF ORAL ARGUMENT

Appellants hereby request oral argument due to the complex nature of the procedural background of this case.

## ISSUES PRESENTED

Appellants sued Appellee for damages resulting from the failure to defend its insured who was a covered person for claims covered by her policy. This appeal addresses both substantive and procedural issues. The issues, discussed in greater detail below, relate to whether an insurance carrier, after receiving attorney-client privileged information from an employee, should be allowed to abandon an insured on a case involving covered claims against a covered person, and whether, after not liking the result of the case they abandoned, will be allowed to retry the case in subsequent proceedings.

Did the trial court err in granting Appellee's Traditional Motion for Summary Judgment when assignor, a covered person under an insurance policy issued by Appellee, owed Assignor a duty to defend because, under "The Eight Corners Rule," the claims against her fell within the policy coverage that Appellee was contractually obligated to provide?

Did the trial court err in granting Appellee's Traditional Motion for Summary Judgment on Declaratory Judgment when Appellee's Request was no longer ripe?

Did the trial court err in granting Appellee's No-Evidence Motion for Summary Judgment when Appellee's motion was conclusory?

4

Did the trial court err in granting Appellee's No-Evidence Motion for Summary Judgment when the alleged failure to produce evidence is related to whether or not Ms. Flores Guevara was driving the vehicle involved in the wreck, an issue barred by res judicata given that the original trial court entered a judgment in the original lawsuit finding Assignor negligent?

Did the trial court err in granting Appellee's No-Evidence Motion for Summary Judgment when an adequate time for discovery had not passed because of Appellee's repeated refusal to respond appropriately to written discovery and proceed with depositions of fact witnesses subject to their control?

## STATEMENT OF FACTS

On or about March 18, 2013, Appellants suffered injuries when they were involved in a car wreck. (C.R. at 18) At the time of said accident, Ms. Flores Guevara was insured by Appellee Loya Insurance Company.(C.R. at 18,183) The police report prepared by the investigating officer identified Ms. Flores Guevara as the driver of the vehicle that struck the vehicle in which the Appellants were riding and did not list any passengers. (C.R. at 208-209)

On October 30, 2014, Appellants filed suit against Ms. Flores Guevara.(C.R. at 179-181) That suit against Ms. Flores Guevara was given cause number 2014CVT002421 in the 49th Judicial District of Web County, Texas. (C.R. at 179-181) The lawsuit alleged that Ms. Flores Guevara was operating her vehicle negligently and that her negligence caused Appellants' injuries.(C.R. at 179-181) On November 26, 2014, an answer was filed on behalf of Ms. Flores Guevara by Francisco Martinez, staff counsel for Appellee Loya Insurance Company. (9 App. at 106)

On December 23, 2014, Ms. Flores Guevara answered discovery.(C.R. at 185-206) In response to Appellants request for disclosure, Ms. Flores Guevara did not identify any potential parties or persons who could be designated as responsible third parties.(C.R. at 185-190) Ms. Flores Guevara did not list her

6

husband as a person with knowledge of relevant facts.(C.R. at 185-190) Ms. Flores Guevara also provided responses to Appellants interrogatories. (C.R. at 191-196) In doing so, Ms. Flores Guevara identified herself as the driver of the vehicle involved in the collision with Appellants. (C.R. at 193)

On July 16, 2015, Appellant Osbaldo Hurtado was deposed by Mr. Martinez.(C.R. at 223-273) Under oath, he identified Ms. Flores Guevara as the driver of the vehicle involved in the wreck serving as the basis of Cause Number 2014CVT002421.(C.R. at 259,260) Ms. Flores Guevara's deposition was scheduled to take place on the same day, but Mr. Martinez, staff counsel for Appellee, refused to present Ms. Flores Guevara because he claimed that if asked, Ms. Flores Guevara would testify that her deceased husband, Rodolfo Flores, had been the driver of the vehicle involved in the collision with Appellants, a position that would have conflicted with her previous sworn statements. (C.R. at 260-261)

On November 4, 2015, although no claim had ever been made against Rodolfo Flores, and in spite of the fact that all of the sworn testimony indicated that Ms. Flores Guevara was the driver of the vehicle involved in the collision, Appellee sent Appellants' counsel a letter advising that coverage had been denied. (C.R. at 211)

On December 28, 2015, Appellee's staff counsel withdrew from the

representation of Ms. Flores Guevara even though the lawsuit against her was clearly covered by the Loya Insurance policy in question. (4 App. at 92) Appellee's staff counsel was not replaced by any other lawyer even though Appellee never took the position that Ms. Flores Guevara was not covered under the policy.

On April 12, 2016, the 49th Judicial District of Webb County, Texas entered a final judgment in cause number 2014CVT002421, the original lawsuit against Ms. Flores Guevara.(C.R. at 174-177) The court determined that Ms. Flores Guevara operated her vehicle negligently and that her negligence had proximately caused Appellant's injuries. (C.R. at 174) A judgment was rendered against Ms. Flores Guevara in the amount of two hundred thousand dollars for each Appellant, plus taxable court costs and pre-judgment and post-judgment interest. (C.R. at 174-177)

On May 17, 2016, Appellants, as assignees of Ms. Flores Guevara, sued Appellant Loya Insurance Company for Negligence, Breach of Contract for Insurance, Bad Faith/ Breach of Duty of Good Faith and Fair Dealing and Violations of the DTPA because Appellee's staff counsel withdrew from the representation of Ms. Flores Guevara even though the claims against her were clearly covered by the Loya Insurance Policy that was in question.(C.R. at 16-22)

8

On June 17, 2016, Appellee filed its Original Answer and Request for Jury Trial. (C.R. at 23-26) On July 12, 2016, Appellee produced to Appellants' counsel Appellee's Responses to Defendant's Request for Disclosure.(12 App. at 175-180) In its responses, Defendant identified, as people with knowledge of relevant facts, people wholly unrelated to the case at bar.(12 App. at 175-180)

On August 25, 2016, Appellants' counsel emailed Appellee's counsel and asked that he supplement his responses to Requests for Disclosures to include persons at Fred Loya with knowledge of the denial of coverage.(7 App. at 102) Appellants' counsel also asked for dates to conduct the depositions of Judy Liberto and Francisco Martinez, two of Appellee's employees that were involved in the denial of Assignor's coverage. (7 App. at 102)

On November 15, 2016, Appellants filed their Motion to Compel and Motion for Sanctions asking the trial court to compel Appellee to produce the names of those people with knowledge of relevant facts in the case at bar and order a date certain by which Appellee must present Appellee's employees with knowledge of relevant facts for oral depositions. (C.R. at 59-65)

On November 30, 2016, the trial court ordered Appellee to present for depositions, within the discovery deadline of January 20, 2017, those representatives within their control.(2 App. at 22)

9

On January 5, 2017, Appellee filed its Motion for Traditional and No-Evidence Summary Judgment. (C.R. at 13-129)

On January 20, 2017, Appellants filed their Motion for Continuance asking the trial court to continue the cause from its trial date of February 20, 2017 to allow the parties to engage in additional and necessary discovery, including the depositions of four of Appellee's employees who had first hand knowledge regarding the circumstances surrounding the denial of Assignor's claim as well as the information regarding the denial of the claim. (C.R. at 141-143)

On January 23, 2017, the trial court signed an order ordering that by February 2, 2017, Appellee provide potential dates for the depositions of two individuals identified as being currently employed by Appellee, despite having previously ordered Appellee to present these employees within the discovery deadline of January 20, 2017. (C.R. at 146-147) Appellee never presented its employees for depositions.

On January 26, 2017, Appellants filed their motion for Summary Judgment and Response in Opposition to Appellee's Traditional and No-Evidence Motion for Summary Judgment. (C.R. at 153-211)

On February 2, 2017, the trial court heard Appellee's Motions for Summary Judgment and Appellants' Motion for Continuance and took the Motions for

Summary Judgment under advisement and denied Appellants' Motion for Continuance stating that enough time for discovery had passed. (2 App.70-71)

On February 2, 2017, the trial court signed an order granting Appellee's Traditional and No-Evidence Motion for Summary Judgment. (C.R. at 280)

On February 2, 2017, Appellants filed their Notice of Appeal and this proceeding followed. (C.R. at 285)

# SUMMARY OF ARGUMENT

The dispute before the trial court was whether Appellee Loya Insurance Company had a duty to defend Ms. Flores Guevara in the original lawsuit that was filed against her by Appellants where they alleged that Ms. Flores Guevara's negligence caused their injuries and other damages.

Under the "eight corners rule," Appellee had a duty to defend Ms. Flores Guevara in the initial lawsuit against her. It is undisputed that Ms. Flores Guevara was a covered person under the terms of the insurance policy issued to her by Appellee. Appellee contracted to provide Ms. Flores Guevara with a defense in negligence lawsuits against her. Appellants sued Ms. Flores Guevara for negligence. Appellee denied coverage and did not defend Ms. Flores Guevara throughout the lawsuit. Ms. Flores Guevara sustained damages as a result of Appellee's breach of the duty to defend her.

Appellee's Traditional Motion for Summary Judgment as to Declaratory Judgment was improper. Appellee's request for Declaratory Judgment was no longer ripe and without merit. The question of duty was not, at this point of the litigation, a hypothetical question that the parties were asking a court to determine *before* they committed to a certain course of conduct—be it breaching the contract

or complying with the contract. Appellee had already chosen to breach the contract in the original lawsuit by not providing Ms. Flores Guevara with a defense. The subsequent judgment entered in the original lawsuit against Ms. Flores Guevara had rendered Appellee's request moot, and appellee had no right to declaratory judgment even if it had filed the request at the appropriate time.

The trial court erred in granting Appellee's No-Evidence Motion for Summary Judgment because No-Evidence Motions must not be conclusory. Motions for Summary Judgment cannot generally allege that there is no evidence to support the nonmovant's claims. Appellee's No-Evidence Motion for Summary Judgment was conclusory because it did not state that there was no evidence to support one or more specific elements of Appellants' claims.

The trial court erred in granting Appellee's No-Evidence Motions for Summary Judgment because No-Evidence Motions for Summary Judgment cannot be filed until after the nonmovant has had "an adequate time for discovery". At the time that Appellee filed its motion, substantial discovery, in the form of depositions of Appellee's employees and appropriate responses to written discovery were still pending.

**ARGUMENT**

**I.      THIS COURT SHOULD REVERSE THE TRIAL COURT'S RULING BECAUSE APPELLEE HAD A DUTY TO DEFEND MS. FLORES GUEVARA**

**A.      THE EIGHT CORNERS RULE REQUIRES THAT AN INSURANCE COMPANY DEFEND ITS INSURED WHEN A LAWSUIT'S PLEADINGS FALL WITHIN THE COVERAGE PROVIDED IN ITS INSURANCE CONTRACT**

An insurer's duty to defend is determined by the "eight corners" rule, looking to the factual allegations contained in the petition and the terms of the policy. *National Union Fire Ins., Co. v. Merch. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). Under the eight corners rule, an insurance company has an absolute duty to defend its insured when a lawsuit's pleadings "match-up"/"fall within" the coverage provided in its insurance contract.

The eight-corners rule provides that Texas courts may look only to the pleadings and the insurance policy to determine whether a duty to defend exists. *Id.* The allegations in the pleadings are considered in light of the policy provisions without regard to their truth or falsity. *Argonaut Sw. Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex.1973); *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex.1965). ***Even if the allegations are groundless, false or fraudulent, the insurer is obligated to defend.*** *Zurich Am. Ins. Co. v. Nokia, Inc.*,

14

268 S.W.3d 487, 491 (Tex. 2008)(emphasis added). The Eight Corners Rule is not controlled by "what the parties know or believe to be the true facts" *Gehan* 148 S.W.3d at 838. "A plaintiff's factual allegations that potentially support a covered claim is all that is needed to invoke the insurer's duty to defend." *Guide One Elite Ins. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006). Facts outside the pleadings, even those easily ascertained, are not ordinarily material to the determination of whether the duty to defend exists, and allegations against the insured are liberally construed in favor of coverage. *See Nat'l Union*, 939 S.W.2d at 141.

An insurance liability policy is typically composed of two obligations: a duty to defend and a duty to indemnify. The duty to defend is broader, than the duty to indemnity. *Cook v. Admiral Ins. Co*, 438 F. App'x 313 (5th Cir.2011)., *citing Lincoln General Ins. Co. v. Aisha Learning Center*, 468 F. 3d 857,858(5th Cir. 2006).

***Allegations against the insured are liberally construed in favor of coverage.*** *Nat'l Union Fire Ins. Co. v. Merchants FastMotor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex. 1997) (emphasis added).

"We resolve all doubts regarding the duty to defend in favor of that duty." *King v. Dallas Fire Ins. Co.*, 85 S.W. 3d 185, 187 (Tex. 2002). The rule is simple:

"When in doubt, defend." *Gore*, 538 F. 3d at 369.

The insurer must defend as long as the complaint alleges at least one claim within the policy's language or coverage. *Canutillo Indep. School Dist. v. National Union Fire Ins. Co*, 99 F.3d 695,701(5th Cir. 1996); *Gehan*, 146 S.W. 3d at 838.

Under the "Eight Corners" or "Complaint Allegation Rule", an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations. *Argonaut Sw. Ins. Co. v. Maupin,* 500 S.W.2d 633, 635 (Tex. 1973)*; Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.,* 387 S.W.2d 22, 24 (Tex.1965). The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the third-party claimant. *King v. Dallas Fire Ins. Co.*, 85 S.W. 3d 185, 187, 45 Tex. Sup. Ct. J. 1224 (Tex.2002). Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination.

A plaintiff's factual allegations that potentially support a covered claim is all that is needed to invoke the insurer's duty to defend, *Heyden Newport Chemical Corp.*, 387 S.W.2d at 26. Whereas, the facts actually established in the underlying suit control the duty to indemnify. *Trinity Universal Ins. Co.*, 945 S.W.2d at 821.

16

**B. THE PLEADINGS OF THE LAWSUIT AGAINST MS. FLORES GUEVARA FELL WITHIN THE COVERAGE PROVIDED BY APPELLEE TO MS. FLORES GUEVARA**

Appellants sued Ms. Flores Guevara, and only Ms. Flores Guevara for negligence. (3 App. 79-81) Ms. Flores Guevara paid money to Appellee in exchange for Appellee's promise to defend her in any lawsuits alleging she was negligent. (4 App. at 92)

The eight-corners rule required that Defendant Loya Insurance compare only the allegations in the suit against Ms. Flores Guevara with the provisions of Ms. Flores Guevara's insurance policy to determine if the allegations fit within the policy coverage. Although no claim had ever been made against Ms. Flores Guevara's husband, the excluded driver, and in spite of the fact that all sworn testimony as well as the copy of the police report indicated that assignor was the driver of the vehicle involved in the collision, Appellee sent Appellants' counsel a letter advising that coverage had been denied. (3 App. at 79-81, 5 App. at 94-95, 10 App. at 110)

As Texas law clearly states, if any allegation in the complaint is even potentially covered by the policy, then the insurer has a duty to defend its insured. Appellants' complaint against Ms. Flores Guevara, clearly fell within the provisions of the insurance policy and Appellee owed Ms. Flores Guevara a duty to

17

defend. At the time Loya Insurance Company denied Ms. Flores Guevara the benefit of her policy, the only information they had was a privileged hearsay statement that suggested that an excluded driver was behind the wheel at the time of the loss. There was no legal basis for the denial. Accordingly, this Court should reverse the trial court's finding.

## C. THE TEXAS SUPREME COURT HAS NEVER EXPRESSLY RECOGNIZED AN EXCEPTION TO THE EIGHT CORNERS RULE

The Fifth Circuit has observed that if it were to recognize an exception to the eight corners rule, it would likely only do so "when coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F. 3d 523, 531 (5th Cir. 2004). (emphasis in original).

Here, Appellee argues that it owed no coverage or duty to defend Ms. Flores Guevara because Ms Flores Guevara's husband, an excluded driver under the policy, was driving the car at the time of the wreck. However, Appellants only sued Ms. Flores Guevara and the pleadings do not make any mention or reference to Ms. Flores Guevara's husband. (3 App. at 79-81) Any evidence related to Ms. Flores Guevara's husband driving the vehicle is extrinsic evidence that is relevant

both to coverage *and* the merits and thus does not fit the exception. Further, the Fifth Circuit Court of Appeals has rejected similar use of overlapping facts. *See Gulf Chemical & Metallurgical Corp. v. Associated Metals and Minerals Corp.,* 1 F.3d 365, 367 (5th Cir. 1993).

In *Gulf Chemical* one of the plaintiffs in the underlying toxic-tort action alleged that Gulf was strictly liable because it had sold or shipped molyoxide. *Id*. The petition in the lawsuit did not specifically state when Gulf had shipped molyoxide. *Id.* However, the petition did allege that the plaintiffs had suffered injures from exposure to the molyoxide between 1946 and 1990. Id. at 368. Extrinsic evidence would have established that Gulf had not actually shipped any molyoxide until January 20, 1986. Id. This would have been three days after the expiration of the insurance policy that was in question. Id. at 368, 370. Although the fact at issue concerned both the merits and coverage, the Fifth Circuit, applying Texas law, rejected the use of extrinsic evidence under these circumstances. Id. at 371.

When the extrinsic evidence directly contradicts the Plaintiffs' allegations, the Texas Supreme Court rejects the use of the evidence as an exception to the eight corners rule because it poses a significant risk of undermining the insured's ability to defend itself in the underlying litigation. *Guide One Elite Ins. Co. v.*

*Fielder Rd. Baptist Church*, 197 S.W.3d 305. Here, the evidence regarding who was driving the vehicle is extrinsic evidence that would contradict the Hurtado's allegations against Ms. Flores Guevara.

Finally, if Appellee "knew" that the allegations in Plaintiffs's Original Petition to be untrue, its duty was to establish such facts in defense of its insured, rather than as an adversary in a declaratory judgment action. *Heyden Newport Chemical Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d at 25. In this case, Loya used its insured's effort to defend against liability, whether true or false, as a sword instead of a shield. Application of the eight corners rule here conforms with the parties' contract, and the circumstances of this case present no basis for an exception to the eight corners rule. Based on the underlying issues, Appellants ask this Court to reverse the trial court's ruling and remand this case for further proceedings.

**II.  THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION ON APPELLEE'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT ON DECLARATORY JUDGMENT BECAUSE APPELLEE'S REQUEST WAS NO LONGER RIPE**

**A.  DECLARATORY ACTIONS ARE MOOT IF ONE OF THE PARTIES HAS ALREADY CHOSEN ITS COURSE OF CONDUCT**

The purpose of a declaratory judgment is to obtain a clarification of one's rights. *J.E.M. v. Fidelity & Cas. Co.*, 928 S.W.2d 668, 671 (Tex. App.-Houston [1st

Dist.] 1996, no writ). They are preventative in nature and are intended for determining the rights of parties when a controversy has arisen, even before any wrong has actually been committed. *Id.*

A declaratory judgment action is "intended to provide a means of settling a controversy before it ripens into a violation of the civil or criminal law, or breach of a contractual duty." *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir.1989). (citing *Scott-Burr Stores Corp. v. Wilcox*, 194 F.2d 989, 900 (5th Cir. 1952)); *J.E.M. v. Fidelity & Cas. Co.*, 928 S.W.2d 668, 672 (Tex. App.-Houston [1st Dist.] 1996, no writ) (holding a declaratory action "is intended as a means for determining the rights of parties when a controversy has arisen, even before any wrong has actually been committed.")

Chapter 12 of the Civil Practice & Remedies Code allows parties to a contract to ask a court to declare each party's obligations under the contract before the question is ripe—in other words, before the question is actually a dispute between parties before the court. A declaratory action is an exception to the prohibition against advisory opinions because it allows courts to issue opinions on matters not actually before the court.

However, the question as to whether Defendant Loya Insurance had a duty to defend was no longer hypothetical. It was the central question before the trial

court. In the context of contract actions, a declaratory action must be brought before a party either breaches or complies with the contract.

**B. THEREFORE, APPELLEE'S REQUEST FOR A DECLARATORY ACTION, AFTER IT HAD ALREADY COMMITTED TO ITS CONDUCT, MAKES THE DECLARATORY ACTION MOOT**

Appellee chose to pull Ms. Flores Guevara's coverage and to not defend her in the original lawsuit against her. Appellee should have asked for declaratory relief in the original lawsuit, before abandoning their insured. Because the question before the trial court was whether or not Appellee owed Ms. Flores Guevara a duty to defend her in the original lawsuit and not the one that this appeal stems from, a declaratory action was moot and therefore must have been denied.

**III. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT**

**A. A NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT MUST NOT BE CONCLUSORY**

A no-evidence summary judgment motion may be granted only if the Plaintiff fails to bring forth *any* probative evidence that raises a genuine issue of material fact as to an essential element of the Plaintiff's claim. *Brown v. Brown*, 145 S.W.3d 745, 754 (Tex. App.—Dallas 2004, pet. denied) (at Tab D); *Miller v. Elliot,* 94 S.W.3d 38, 42 (Tex. App.—Tyler 2008) (at Tab E).

22

The motion must state that there is no evidence to support one or more specific elements of a claim or defense on which the nonmovant has the burden of proof at trial. TRCP 166a(i); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex.2015).; *Boerjan v Rodriguez*, 436 S.W.3d 307, 310 (Tex..2014).; *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009). The motion cannot be conclusory or generally allege that there is no evidence to support the nonmovant's claim or defense. *Timpte Indus.*, 286 S.W.3d at 310; *Holloway*, 282 S.W.3d at 213; *Ortiz v. Collins*, 203 S.W.3d 414, 425 (Tex.App.-Houston [14th Dist.] 2006, pet. denied).

The purpose of this specificity requirement is to provide the other parties with fair notice (i.e., provide adequate information for opposing the motion and define the issue). *Timpte Indus.*, 286 S.W.3d at 311. When a no-evidence motion for summary judgment does not challenge specific elements, it should be treated as a traditional motion for summary judgment under TRCP 166c, which imposes the burden of proof on the movant, not as a motion under TRCP 166a(i), which imposes the burden on the nonmovant. See *Michael v. Dyke*, 41 S.W.3d 746, 751-52 (Tex.App.-Corpus Christi 2001, no pet.).; *Amouri v. Southwest Toyota, Inc.*, 20 S.W.3d 165, 168 (Tex.App.-Texakana 200, pet. denied).; *Weaver v. Highlands Ins.*, 4 S.W.3d, 829 n.2 (Tex.App.-Corpus Christi 2002, no pet.). (when motion was ambiguous about

23

whether it was no-evidence or traditional motion, court presumed it was filed as traditional motion under TRCP 166(c).

## B.  APPELLEE'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT IS CONCLUSORY

Appellee's No-Evidence Motion for Summary Judgment generally alleges that there  is no evidence to support Appellant's claim of negligence against Appellee because there is no evidence of duty. (C.R. at 128) Appellee's motion is devoid of any specific allegation relating to any of the other causes of action alleged by appellants.  Instead, Loya Insurance company summarily alleged in its motion that, "Similarly, since there was no coverage for the underlying accident, and no duty to defend, there was not breach of contract, bad faith, breach of duty of good faith and fair dealing, or a violation of the DTPA."

Loya's laundry list of causes of action lumped together by the word "similarly" does not begin to meet the specificity requirement designed to give appellants the fair notice required by the Rules. *See Timpte* at 311.  The duties for each of the lumped together cause of action are wildly different than the negligence duty and are not similar at all.

Appellee's Motion states, "Plaintiff's allege that Defendant was negligent, however, Plaintiff's have provided no evidence to support their claim of negligence

24

against Defendant. Ms. Flores Guevara's husband was an excluded driver under her policy and since he was driving when the March 18, 2013 accident occurred, Loya owed no coverage or duty to defend Ms. Flores Guevara. Therefore, there was no negligence on the part of Defendant Loya." (C.R. at 128)

Because defendant's motion for summary judgment does not meet the specificity requirements, and failed to give appellants fair notice, Appellee's No-Evidence Motion for Summary Judgment should have been treated by the trial court as a traditional motion for summary judgment under TRCP 166a(c), imposing the burden of proof on Appellee rather than on Appellants. See *Michael v. Dyke*, 41 S.W.3d 746, 751-52 (Tex.App.-Corpus Christi 2001, no pet.); *Amouri v. Southwest Toyota, Inc.*, 20 S.W.3d 165, 168 (Tex.App.-Texarkana 2000, pet. denied); *Weaver v. Highlands Ins.*, 4 S.W.3d 826, 829 n.2 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *see also Hamlett v. Holcomb*, 69 S.W.3d 816, 819 (Tex.App.-Corpus Christi 2002, no pet.) (when motion was ambiguous about whether it was no-evidence or traditional motion, court presumed it was filed as traditional motion under TRCP 166a(c).

### C. WHETHER OR NOT ASSIGNOR WAS DRIVING IS IRRELEVANT AND BARRED BY RES JUDICATA

Within the general doctrine of res judicata, there are two principal categories: (1) claim preclusion (also known as res judicata and (2) issue preclusion (also known

as collateral estoppel). *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Collateral estoppel or issue preclusion, prevents a party from re-litigating a particular fact issue that the party already litigated and lost in an earlier suit. *State & Cty. Mut. Fire Ins. v. Miller*, 52 S.W.3d 693, 696 (Tex.2001).; *Quinney Elec., Inc. v. Kondos Entm't Inc.*, 988 S.W.2d 212, 213 (Tex.1999).; *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).; *City of San Antonio v. Cortes*, 468 S.W.3d 580, 586 (Tex.App.-San Antonio 2015, pet. denied). To invoke collateral estoppel, a party must establish (1) the same facts sought to be litigated in the second suit were fully litigated in the first suit, (2) those facts were essential to the judgment in the first suit, and (3) the parties were cast as adversaries in the first suit. *Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 801 (Tex.1994).; *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1990).

Here, the issue of whether or not Assignor was driving has been fully and fairly litigated in the original lawsuit. Appellants attached, as Exhibit B of their Motion for Summary Judgment and Response in Opposition to Appellee's Traditional and No-Evidence Motion for Summary Judgment, a copy of the Final Judgment that was signed and entered in the 49th Judicial District of Webb County, Texas in Cause Number 2014CVT00241 which found Ms. Flores Guevara negligent and that her negligence proximately caused Appellants injuries. While Appellee may

attempt to argue that it was not a party in the original lawsuit, collateral estoppel bars a party from re-litigating an issue resolved in an earlier suit against that same party or someone in privity with that party, *Benson v. Wanda Pet. Co.*, 468 S.W.361, 363 (Tex.1971).; *Sysco Food* 890 S.W.2d at 802-03. When Ms. Flores Guevara purchased her insurance policy from Appellee, Appellee contracted to defend Ms Flores. Guevara in negligence lawsuits against her. Because Appellee was in privity with Ms. Flores Guevara and Ms. Flores Guevara was a party to the original lawsuit, collateral estoppel bars Appellee from re-litigating the issue of whether or not Ms. Flores Guevara was the driver of the vehicle. Therefore, the trial court erred in granting appellee's summary judgment for failure to produce evidence that Ms. Flores Guevara was in fact driving the car at the time of the accident on March 18, 2013, when that issue had been previously decided and is irrelevant to the issues presented by this case.

### D.     ADEQUATE TIME FOR DISCOVERY HAD NOT PASSED

A no-evidence motion for summary judgment cannot be filed until after the nonmovant has had "adequate time for discovery." TRCP 166a(i); *Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879. 882 (Tex.2009).; *Moorehouse v. Chase Manhattan Bank*, 76 S.W.3d 608, 612 (Tex.App.-San Antonio 2002, no pet.). Although a trial court has broad discretion to deny a request for continuance, a no -

evidence summary judgment can be reversed on the ground that the nonmovant did not have adequate time for discovery. *See Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 468 (Tex.App.-Houston [14th Dist.] 2005, pet. denied).; *TemPay, Inc. v. TNT Concrete & Constru., Inc.*, 37 S.W.3d 517, 522-23 (Tex.App.-Austin 2001), pet. denied).

Whether a nonmovant has had an adequate time is determined on a case by case basis. *See McClure v. Atterbury*, 20 S.W.3d 722, 729 (Tex. App.-- Amarillo 1999, no pet.). Courts examine the following factors when determining whether an adequate time for discovery has passed: (1) the nature of the case; (2) the nature of the evidence necessary to controvert the no-evidence motion; (3) the length of time the case has been active; (4) the length of time the no evidence motion has been on file; and (5) the amount of discovery already conducted. *See Restaurant Teams Int'l., Inc. v. MG Securities Corp.*, 95 S.W.3d 336, 339 (Tex. App.-- Dallas 2002, no pet.).

The following are examples of when time for discovery has been considered adequate: 1.) Three-year old case in which discovery had been pursued for a year and a half and the most important witness had been deposed. *Community Initiatives*, 153 S.W.3d at 278-79.; 2.)Twenty-eight-month-old case in which the plaintiff had one year to develop its case outside of a bankruptcy stay and had already received a continuance. *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex.App.-Houston

[14th Dist.] 2003, pet. Denied). and 3.) Five year old case in which the plaintiff did not comply with the scheduling order it requested. *Martinez v. City of San Antonio*, 40 S.W.3d 57, 591-92 (Tex.App.-San Antonio 2001, pet. denied).

Here, at the time of Appellee's No-Evidence Motion for Summary Judgment, this case had only been active for eight months. Further, no continuance had been requested by either party. Pursuant to the Pre-Trial Guideline Order, the discovery deadline was January 20, 2017.

The No-Evidence motion for summary Judgment was filed on January5, 2017, prior to the end of the discovery period. At the time of the filing, discovery in this matter was substantially incomplete. Specifically, Appellee had failed to present for depositions those employees which were within its control that had knowledge of the denial of Assignor's coverage, despite the fact that Appellee had been twice ordered by the trial court to present them. Further, Appellee conveniently gave Appellants's counsel temporary available dates for these depositions for mid/late February or March.

The short amount of time along with Appellee's continued obstruction of evidence was insufficient to allow for all of the needed depositions. Appellants' ongoing discovery efforts since the filing of this action show they did not sit idly

while valuable discovery time had elapsed. Appellee simply failed to comply with the multiple court orders ordering it to present its employees for deposition.

Therefore, Appellee's No-Evidence Motion for Summary Judgment should be reversed on the ground that Appellant did not have adequate time for discovery.

**PRAYER**

Appellants pray that this Court, REVERSE the trial court's granting of Appellee's Traditional Motion for Summary Judgment and REMAND to the trial court for further proceedings. Appellants further pray that this Court REVERSE the trial court's granting of Appellee's No-Evidence Motion for Summary Judgment and REMAND to the trial court for further proceedings.

Respectfully submitted,

**THE GREEN LAW FIRM, P.C.**
34 S. Coria
Brownsville, Texas 78520
Telephone    :  (956) 542-7000
Facsimile    :  (956) 542-7026
jorge@thegreenlawfirmpc.com
letygarza@thegreenlawfirmpc.com

BY: */s/ Jorge A. Green*

    JORGE A. GREEN
    State Bar No. 24038023
    LETICIA GARZA
    State Bar No. 24092405

**ATTORNEYS FOR APPELLANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Brief of Appellee was served by electronic service on this 20th day of July, 2017, upon the following counsel of record:

John R. Lyde
VIDAURRI, LYDE, RODRIGUEZ & HAYNES, LLP
202 N. 10th Avenue
Edinburg, Texas 78541
(956) 381-6602 Telephone
(956) 381-0725 Fax
rlyde@vlrhlaw.com

BY: /s/ Jorge A. Green
JORGE A. GREEN


**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 9.4(i)(3), undersigned counsel hereby certifies that, using

WORD PERFECT Count Feature, the foregoing brief was 6,016 words.

BY: /s/ Jorge A. Green
JORGE A. GREEN

NO. 04-17-00070-CV

OSBALDO HURTADO AVALOS AND ANTONIO HURTADO, AS
ASSIGNEES OF KARLA FLORES GUEVARA,

Appellants,

v.

LOYA INSURANCE COMPANY,

Appellee
_____

**APPELLANTS' APPENDIX**
_____

LIST OF DOCUMENTS

1.    The trial court's order granting Defendant Loya Insurance Company's
      Traditional and No-Evidence Motion for Summary Judgment dated
      February 2, 2017.

2.    Reporter's Record Volumes 1-4 in Trial Court Cause No. 2016-CVT-
      001431-D2.

3.    Plaintiffs' Original Petition in Trial Court Cause No. 2014CVT002421
      dated October 30, 2014.

4.    Ms. Guevara's Declaration Page of her Texas Insurance Policy Issued by
      Appellee Loya Insurance Company.

5.    Copy of Texas Peace Officer's Crash Report for the car wreck that occurred
      on March 18, 2013 between Osbaldo Hurtado, Antonio Hurtado and Ms.
      Guevara.

6.    Signed Final Judgment entered in Cause No. 2014CVT002421 dated April
      11, 2016.

7.  E-mail correspondence, dated August 25, 2016, between Appellants' attorney and Appellee's attorney requesting that Appellee supplement its responses to Requests for Disclosures and dates to conduct the depositions of Judy Liberto and Francisco Martinez.

8.  E-mail correspondence, dated January 31, 2017, between Appellants' attorney's staff and Appellee's attorney requesting that Appellee supplement its responses to Requests for Disclosures and include a copy of the insurance policy.

9.  Defendant's Original Answer in Trial Court Cause No. 2014CVT002421 dated November 26, 2014.

10. Appellee Loya Insurance Company's letter to Appellants' counsel withdrawing Ms. Flores Guevara's representation of counsel in Trial Court Cause No. 2014CVT002421.

11. Appellee Loya Insurance Company's Discovery Responses in Trial Court Cause No. 2014CVT002421.

12. Appellee Loya Insurance Company's Responses to Appellants' Requests for Disclosure in Trial Court Cause No. 2016-CVT-001431-D2.

Respectfully submitted,
THE GREEN LAW FIRM, P.C.
34 S. Coria
Brownsville, Texas 78520
Telephone   :  (956) 542-7000
Facsimile    :  (956) 542-7026
jorge@thegreenlawfirmpc.com
letygarza@thegreenlawfirmpc.com
BY: /s/ Jorge A. Green
    JORGE A. GREEN
    State Bar No. 24038023
    LETICIA GARZA
    State Bar No. 24092405

ATTORNEYS FOR APPELLANTS

# TAB 1

## CAUSE NO. 2016CVT001431 D2

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS AND ANTONIO HURTADO AS ASSIGNEES OF KARLA FLORES GUEVARA | § § § § § | IN THE DISTRICT COURT |
| V. | § § | 111TH JUDICIAL DISTRICT |
| LOYA INSURANCE COMPANY | § § | WEBB COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT LOYA INSURANCE COMPANY'S TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

On the _2nd_ day of _February_ 2017, came for consideration Defendant Loya Insurance Company's Traditional and No-Evidence Motion for Summary Judgment in the above-referenced cause of action, and the Court having reviewed the motion and any response thereto, and having heard argument of counsel, finds that the Motion is well taken and should be GRANTED;

**IT IS THEREFORE, ORDERED, ADJUDGED and DECREED** that Defendant Loya Insurance Company's Traditional and No-Evidence Motion for Summary Judgment is GRANTED and that Plaintiffs take nothing as to Defendant LOYA INSURANCE COMPANY. This is a final and appealable judgment.

SIGNED FOR ENTRY this the _2nd_ day of _February_, 2017.

_____
**PRESIDING JUDGE**

cc:    John R. Lyde; E-mail: rlyde@vlrhlaw.com
       Jorge Green; E-mail: vcisneros@thegreenlawfirmpc.com

TAB 2

REPORTER'S RECORD
VOLUME 1 OF 4 VOLUMES
TRIAL COURT CAUSE NO. 2016-CVT-001431-D2
APPEAL NO. 04-17-00070-CV

OSBALDO HURTADO AVALOS        ) IN THE DISTRICT COURT
AND ANTONIO HURTADO AS        )
ASSIGNEES OF KARLA FLORES     )
GUEVARA,                      )
                PLAINTIFFS,   )
                              ) WEBB COUNTY, TEXAS
                              )
VS.                           )
                              )
LOYA INSURANCE COMPANY,       )
                DEFENDANT.    ) 111TH JUDICIAL DISTRICT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MASTER INDEX
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

VICENTE MENDOZA, TEXAS CSR #6918
OFFICIAL COURT REPORTER - 111TH DISTRICT COURT
1110 VICTORIA STREET, Suite 301
LAREDO, TEXAS 78040
OFFICE (956) 523-4229   FAX (956) 523-5088

A P P E A R A N C E S

FOR THE PLAINTIFFS:

   SBOT NO. 24092405
   Leticia "Lety" Garza
   SBOT NO. 24038023
   Jorge A. Green
   The Green Law Firm, P.C.
   34 S. Coria
   Brownsville, Texas 78520
   (956) 542-7000 PHONE
   (956) 542-7026 FAX

FOR THE DEFENDANT:

   SBOT NO. 12712700
   John R. Lyde
   Vidaurri, Lyde, Rodriguez & Haynes, LLP
   202 N. 10th Avenue
   Edinburg, Texas 78541
   (956) 381-6602 PHONE
   (956) 381-0725 FAX

<u>CHRONOLOGICAL INDEX</u>

<u>VOLUME 1 OF 4</u> - Master Index

<u>VOLUME 2 OF 4</u>
<u>NOVEMBER 30, 2016</u>                         <u>PAGE</u>

Style of the Case ------------------   1
Appearances -----------------------   2
Chronological Index ---------------   3
Proceedings Started ---------------   4
Proceedings Concluded -------------   13
Court Reporter's Certificate -------   14

<u>VOLUME 3 OF 4</u>
<u>JANUARY 19, 2017</u>                          <u>PAGE</u>

Style of the Case ------------------   1
Appearances -----------------------   2
Chronological Index ---------------   3
Proceedings Started ---------------   4
Proceedings Concluded -------------   14
Court Reporter's Certificate -------   15

<u>VOLUME 4 OF 4</u>
<u>FEBRUARY 2, 2017</u>                          <u>PAGE</u>

Style of the Case ------------------   1
Appearances -----------------------   2
Chronological Index ---------------   3
Proceedings Started ---------------   4
Proceedings Concluded -------------   27
Court Reporter's Certificate -------   28


*-*-*-*-*-*-*

THE STATE OF TEXAS )

COUNTY OF WEBB )


I, Vicente Mendoza, Official Court Reporter for the 111th District Court, Webb County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that the Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $446.50 and was paid/will be paid by The Green Law Firm, P.C. by Leticia Garza.

WITNESS MY OFFICIAL HAND this the 9th day of February, 2017.


_____
Vicente Mendoza, Texas CSR #6918
Expiration Date: 12/31/2018
Official Court Reporter - 111th District Court
1110 Victoria Street, Suite 301
Laredo, Texas 78040
Office (956) 523-4229 Fax (956)523-5088

REPORTER'S RECORD
VOLUME 2 OF 4 VOLUMES
TRIAL COURT CAUSE NO. 2016-CVT-001431-D2
APPEAL NO. 04-17-00070-CV

OSBALDO HURTADO AVALOS ) IN THE DISTRICT COURT
AND ANTONIO HURTADO AS )
ASSIGNEES OF KARLA FLORES )
GUEVARA, )
PLAINTIFFS, )
) WEBB COUNTY, TEXAS
)
VS. )
)
LOYA INSURANCE COMPANY, )
DEFENDANT. ) 111TH JUDICIAL DISTRICT

*****************************
November 30, 2016
*****************************

On the 30th day of November 2016, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable MONICA Z. NOTZON, Judge presiding, held in Laredo, Webb County, Texas:

Proceedings reported by Computerized Stenotype Machine; Reporter's Record produced by Computer-Assisted Transcription.

VICENTE MENDOZA, TEXAS CSR #6918
OFFICIAL COURT REPORTER - 111TH DISTRICT COURT
1110 VICTORIA STREET, Suite 301
LAREDO, TEXAS 78040
OFFICE (956) 523-4229   FAX (956) 523-5088

A P P E A R A N C E S

FOR THE PLAINTIFFS:

   SBOT NO. 24092405
   Leticia "Lety" Garza
   The Green Law Firm, P.C.
   34 S. Coria
   Brownsville, Texas 78520
   (956) 542-7000 PHONE
   (956) 542-7026 FAX

FOR THE DEFENDANT:

   SBOT NO. 12712700
   John R. Lyde
   Vidaurri, Lyde, Rodriguez & Haynes, LLP
   202 N. 10th Avenue
   Edinburg, Texas 78541
   (956) 381-6602 PHONE
   (956) 381-0725 FAX

CHRONOLOGICAL INDEX

NOVEMBER 30, 2016                          PAGE

Style of the Case ------------------     1

Appearances ------------------------     2

Chronological Index ----------------     3

Proceedings Started ----------------     4

Proceedings Concluded --------------     13

Court Reporter's Certificate --------     14

*-*-*-*-*-*-*

PROCEEDINGS

WHEREUPON the following proceedings were had in Open Court, before Court, to-wit:

THE BAILIFF:  All rise.  Please come to order.  The 111th District Court is now in session.  The Honorable Judge Monica Notzon presiding.  (November 30, 2016 - Time:  9:07 a.m.)

THE COURT:  Good morning everyone. Please be seated.

(Whereupon other matters on the Court's docket were heard before the Court)

THE COURT:  Avalos and Hurtado versus Loya Insurance, 2016-CVT-001431-D2.

MR. LYDE:  Rick Lyde, Your Honor, on behalf of Loya.

MS. GARZA:  Lety Garza here for Jorge Green on behalf of the Assignees.

THE COURT:  All right.  Good morning.

MR. LYDE:  Good morning, Your Honor.

THE COURT:  All right.  What's going on, Counsel?

MR. LYDE:  We have two motions this morning, Your Honor.  One is our motion for leave to designate responsible third party; and, the second is

their motion to compel.

MS. GARZA: On the first one we did file an objection to the motion for leave, Your Honor.

MR. LYDE: Yes. That's right.

THE COURT: All right. Let's take the motion for leave first.

MR. LYDE: Very good, Your Honor. Your Honor, this case originally involves an automobile accident that occurred back in March of 2013. The responsible third party that we are requesting to be allowed to designate is a Ms. Guevara. Back at that time she was a Loya automobile policy insured. Okay? But, her policy had the exclusion that her husband was excluded as an insured. Okay?

So, what happens is that back in March of 2013, the Guevara vehicle has an automobile accident with the Hurtados, who are the Plaintiffs in this case. Okay? Originally, Ms. Guevara tells Loya, oh, I was driving, which means of course there's potential insurance. So, the claim is made by the Hurtados against Ms. Guevara, a lawsuit is filed, discovery is done, and the case is proceeding. But, right before Ms. Guevara is set to be deposed she

tells her attorney at that time, she says, okay, I've got to confess I wasn't driving. It was my husband. Okay?

And what happened was that he entered into this scheme after the accident with the Hurtados to say that he [sic] was driving so that there be insurance coverage, because otherwise --

THE COURT: To say is that she was driving?

MR. LYDE: To say that she was driving. Correct. She shows up at the scene. She agrees to go along with that. All right? And that's the way the police report reads, that she's the driver, and we have that down cold, Your Honor, by the way.

First of all, we have a recorded statement from Ms. Guevara that says all of that. Then in September I took her deposition, and we got all of that, that her husband agreed to this with the Hurtados, that she originally said she was driving. It's all in the deposition. And in fact, Your Honor, if the Court will look at our motion for leave, we've attached copies of the depo pages. So, all of that is proven up. Okay? Anyway, as soon as Loya hears that, they withdraw the Defense for Ms. Guevara in

the case, as far as the Hurtados are concerned, and they deny coverage.

Then the Hurtado's go on to take summary judgment against Ms. Guevara in the underlying case, each for $200,000, and they convinced her, after they take these summary judgments, to assign any rights that she may have against Loya for wrongful denial of coverage.

So, that's what this case is. It is, basically, that the Hurtado's are trying to use Ms. Guevara's alleged claims against Loya for this wrongful denial of coverage to get their money. That's what is going on.

THE COURT: Okay. So, tell me about your motion for leave.

MR. LYDE: We, basically, put everything that I've just told the Court in our motion, okay? Again, we're trying to designate Ms. Guevara as the responsible third party.

The other side has raised three objections, and one of those objections -- quite honestly I don't understand -- but, they're saying that she's not, Ms. Guevara, that she can't be individually liable in this case. First of all I disagree with that completely based on the facts.

THE COURT: Well, if she wasn't driving, how is she a responsible third party?

MR. LYDE: Because of a the collusion and the fraud that went into trying to generate the excess coverage.

THE COURT: Hum. All right. Okay.

MR. LYDE: Okay. So, anyway, the stuff about her being individually responsible, I don't know where they are coming from with that. Under Section 33 we have to show that the potential responsible third party caused or contributed to cause the damages being claimed.

THE COURT: All right.

MR. LYDE: That's what we have to show. Obviously, we've pled enough facts to indicate that in here.

THE COURT: Well, you did plead enough facts, but I don't know if it's indicative of the responsible third party motion or I don't know if it supports that motion; but, let me hear you on your objections, Counsel?

MS. GARZA: Okay. Your Honor, in that first lawsuit -- our position is that that first lawsuit has been completely disposed of by a court and we've taken a judgment. And so, the idea that

our clients colluded to defraud or anything, that is not related to this in any way, shape, or form.

In the first lawsuit what we had was the 8-corners doctrine basically saying that there was a complaint against Ms. Guevara, and her husband was never addressed to in that complaint, and we had an insurance policy that clearly covered that complaint. They withdrew their representation of Ms. Guevara in that first lawsuit when the policy was clearly attached to the complaint.

THE COURT: But it sounds like they have good grounds.

MS. GARZA: Except for the fact that we also have signed discovery responses from her that are verified where she stated that she was the driver of the vehicle.

THE COURT: Okay. But you have a client that's obviously lied, at least once, to both of you.

MS. GARZA: It's our position that the lawsuit that we are here for today is completely independent from the damages sustained in that car accident. We are here because of the fact that they did not apply the 8 corners doctrine and withdrew coverage from that.

THE COURT: All right. So, what are your objections to the motion for leave to designate Ms. Guevara as a responsible third party?

MS. GARZA: Our objection is that she's not a responsible third party because -- well one, we've said that they didn't plead enough facts, but that the facts that, hum -- anything that she said or did in response to that first accident is completely unrelated. That's been disposed of by a court. We have a signed judgment that already addressed that.

THE COURT: So, if the accident has been resolved, in other words, there's a judgment, what is the lawsuit that's pending now here?

MS. GARZA: It is for, Your Honor, negligence -- if you give me one second (reviewing cell phone) I can --

MR. LYDE: Again, they have been assigned, the Hurtados, they have been assigned the potential claims of Ms. Guevara.

THE COURT: But is it for denial of coverage?

MR. LYDE: Yes. Yes. They've got negligence, breach of contract, DTPA.

THE COURT: Then your motion is

different. I thought we were still in the original accident.

MR. LYDE: I'm so sorry, Judge. I should have made myself clear.

MS. GARZA: No, Your Honor. That accident has been disposed of. In fact, we have a signed final judgment on that first accident, which is why we continue to say that she is not a responsible third party in this situation.

THE COURT: All right. But, that changes the nature of the motion then. All right. So, what are your legal objections then?

MS. GARZA: (Reviewing cell phone) That they didn't plead enough facts to state that she is a responsible third party, that she is not independently liable for this accident; but, if we tell the jury to apportion responsibility to her, it's wholly unrelated because that was related to the first accident.

THE COURT: I'm granting it, Counsel.

MR. LYDE: Thank you, Your Honor.

THE COURT: I need your order.

MR. LYDE: Your Honor, we will have that for the Court this afternoon.

THE COURT: Oh, I'm looking at it

right here.

MR. LYDE: Oh, thank goodness.

THE COURT: All right. What else do we have?

MR. LYDE: We have their motion to compel to compel against us, Your Honor.

MS. GARZA: And I've looked through our file, and it seems like Mr. Lyde's office has produced already some responses to the requests for disclosure. The issues that we were having was that he produce the names that were related to the first accident and not the name of the insurance adjuster or any other employees or agents of defendant.

I think at this point he already has that. The only thing that we would respectfully ask the Court is to order Mr. Lyde to produce them for deposition within 30-45 days because we have a February trial date coming up.

MR. LYDE: Your Honor, we have no problem with producing them before the discovery deadline; and, just so that the Court is aware, there are only two that are still with the company. The ex-employees, obviously, I don't have any -- one of them retired -- I don't have any control over them, but I'll be happy to contact them if I can; but, I

cannot make a representation about those folks. My two, of course, I will produce before the discovery deadline if they want to take them.

THE COURT: That's ordered then. Okay.

MR. LYDE: Thank you, Your Honor.

MS. GARZA: Thank you, Your Honor. May I be excused?

THE COURT: Yes.

(Whereupon other matters on the Court's docket were heard before the Court)

*-*-*-*-*-*-*-*-*-*

PROCEEDINGS CONCLUDED

*-*-*-*-*-*-*-*-*-*

14

THE STATE OF TEXAS        )

COUNTY OF WEBB            )


I, Vicente Mendoza, Official Court Reporter for the 111th District Court, Webb County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that the Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $See Original printed transcript, Volume 1 and was paid/will be paid by The Green Law Firm, P.C. by Leticia Garza.


WITNESS MY OFFICIAL HAND this the 9th day of February, 2017.


_____
Vicente Mendoza, Texas CSR #6918
Expiration Date: 12/31/2018
Official Court Reporter - 111th District Court
1110 Victoria Street, Suite 301
Laredo, Texas 78040
Office (956) 523-4229 Fax (956)523-5088

**#**

**#6918** [2] - 1:23, 14:22

**$**

**$200,000** [1] - 7:5

**0**

**04-17-00070-CV** [1] - 1:2

**1**

**1** [2] - 3:3, 14:13
**10th** [1] - 2:9
**1110** [2] - 1:24, 14:24
**111TH** [2] - 1:8, 1:23
**111th** [3] - 4:5, 14:4, 14:23
**12/31/2018** [1] - 14:23
**12712700** [1] - 2:8
**13** [1] - 3:7
**14** [1] - 3:8

**2**

**2** [2] - 1:1, 3:4
**2013** [2] - 5:11, 5:18
**2016** [4] - 1:11, 1:13, 3:2, 4:7
**2016-CVT-001431-D 2** [2] - 1:2, 4:14
**2017** [1] - 14:16
**202** [1] - 2:9
**24092405** [1] - 2:3

**3**

**3** [1] - 3:5
**30** [3] - 1:11, 3:2, 4:7
**30-45** [1] - 12:17
**301** [2] - 1:24, 14:24
**30th** [1] - 1:13
**33** [1] - 8:10
**34** [1] - 2:4
**381-0725** [1] - 2:11
**381-6602** [1] - 2:10

**4**

**4** [2] - 1:1, 3:6

**5**

**523-4229** [2] - 1:25, 14:25
**523-5088** [1] - 1:25
**542-7000** [1] - 2:5

**542-7026** [1] - 2:6

**7**

**78040** [2] - 1:24, 14:24
**78520** [1] - 2:5
**78541** [1] - 2:10

**8**

**8** [1] - 9:24
**8-corners** [1] - 9:4

**9**

**956** [7] - 1:25, 2:5, 2:6, 2:10, 2:11, 14:25
**956)523-5088** [1] - 14:25
**9:07** [1] - 4:7
**9th** [1] - 14:15

**A**

**a.m.** [1] - 4:7
**above-entitled** [1] - 1:15
**above-styled** [1] - 14:7
**accident** [12] - 5:10, 5:19, 6:5, 9:23, 10:8, 10:12, 11:2, 11:6, 11:7, 11:16, 11:19, 12:12
**addressed** [2] - 9:6, 10:11
**adjuster** [1] - 12:12
**admitted** [1] - 14:10
**afternoon** [1] - 11:24
**agents** [1] - 12:13
**agreed** [1] - 6:19
**agrees** [1] - 6:12
**alleged** [1] - 7:11
**allowed** [1] - 5:12
**AND** [1] - 1:4
**ANTONIO** [1] - 1:4
**anyway** [2] - 6:24, 8:7
**APPEAL** [1] - 1:2
**Appearances** [1] - 3:4
**apply** [1] - 9:24
**apportion** [1] - 11:17
**AS** [1] - 1:4
**assign** [1] - 7:7
**assigned** [2] - 10:19
**Assignees** [1] - 4:18
**ASSIGNEES** [1] - 1:4
**Assisted** [1] - 1:20
**attached** [2] - 6:23, 9:10
**attorney** [1] - 6:1

**automobile** [3] - 5:10, 5:13, 5:18
**AVALOS** [1] - 1:3
**Avalos** [1] - 4:13
**Avenue** [1] - 2:9
**aware** [1] - 12:21

**B**

**BAILIFF** [1] - 4:4
**based** [1] - 7:25
**behalf** [2] - 4:16, 4:18
**breach** [1] - 10:24
**Brownsville** [1] - 2:5

**C**

**cannot** [1] - 13:1
**car** [1] - 9:22
**case** [7] - 5:9, 5:20, 5:24, 7:1, 7:5, 7:9, 7:24
**Case** [1] - 3:3
**CAUSE** [1] - 1:2
**caused** [1] - 8:11
**cell** [2] - 10:17, 11:13
**Certificate** [1] - 3:8
**certify** [3] - 14:5, 14:9, 14:12
**chambers** [1] - 14:8
**changes** [1] - 11:11
**CHRONOLOGICAL** [1] - 3:1
**Chronological** [1] - 3:5
**claim** [1] - 5:22
**claimed** [1] - 8:12
**claims** [2] - 7:11, 10:20
**clear** [1] - 11:4
**clearly** [2] - 9:7, 9:10
**client** [1] - 9:18
**clients** [1] - 9:1
**cold** [1] - 6:14
**colluded** [1] - 9:1
**collusion** [1] - 8:3
**coming** [2] - 8:9, 12:18
**COMPANY** [1] - 1:8
**company** [1] - 12:22
**compel** [3] - 5:1, 12:6
**complaint** [4] - 9:5, 9:6, 9:8, 9:10
**completely** [4] - 7:25, 8:24, 9:21, 10:9
**Computer** [1] - 1:20
**Computer-Assisted** [1] - 1:20
**Computerized** [1] - 1:18

**concerned** [1] - 7:1
**CONCLUDED** [1] - 13:15
**Concluded** [1] - 3:7
**confess** [1] - 6:2
**contact** [1] - 12:25
**contains** [1] - 14:5
**continue** [1] - 11:8
**contract** [1] - 10:24
**contributed** [1] - 8:11
**control** [1] - 12:24
**convinced** [1] - 7:6
**copies** [1] - 6:23
**Coria** [1] - 2:4
**corners** [1] - 9:24
**correct** [2] - 6:11, 14:5
**correctly** [1] - 14:10
**cost** [1] - 14:12
**Counsel** [3] - 4:22, 8:21, 11:20
**counsel** [1] - 14:6
**COUNTY** [2] - 1:6, 14:2
**County** [2] - 1:17, 14:4
**course** [2] - 5:21, 13:2
**Court** [15] - 3:8, 4:3, 4:5, 4:12, 6:22, 7:17, 11:24, 12:16, 12:21, 13:12, 14:4, 14:4, 14:23
**COURT** [28] - 1:2, 1:3, 1:23, 4:8, 4:13, 4:19, 4:21, 5:6, 6:8, 7:14, 8:1, 8:6, 8:13, 8:17, 9:11, 9:17, 10:1, 10:12, 10:21, 10:25, 11:10, 11:20, 11:22, 11:25, 12:3, 13:4, 13:9
**court** [3] - 8:24, 10:10, 14:8
**Court's** [2] - 4:11, 13:11
**coverage** [7] - 6:7, 7:2, 7:8, 7:12, 8:5, 9:25, 10:22
**covered** [1] - 9:7
**CSR** [2] - 1:23, 14:22

**D**

**damages** [2] - 8:12, 9:22
**Date** [1] - 14:23
**date** [1] - 12:18
**days** [1] - 12:17
**deadline** [2] - 12:21, 13:3
**DEFENDANT** [2] - 1:8, 2:7

**defendant** [1] - 12:13
**Defense** [1] - 6:25
**defraud** [1] - 9:1
**denial** [3] - 7:8, 7:12, 10:21
**deny** [1] - 7:2
**depo** [1] - 6:23
**deposed** [1] - 5:25
**deposition** [3] - 6:18, 6:21, 12:17
**designate** [4] - 4:25, 5:12, 7:18, 10:2
**different** [1] - 11:1
**disagree** [1] - 7:25
**disclosure** [1] - 12:10
**discovery** [4] - 5:24, 9:14, 12:20, 13:2
**disposed** [3] - 8:24, 10:9, 11:6
**DISTRICT** [3] - 1:3, 1:8, 1:23
**District** [3] - 4:5, 14:4, 14:23
**docket** [2] - 4:11, 13:11
**doctrine** [2] - 9:4, 9:24
**done** [1] - 5:24
**down** [1] - 6:14
**driver** [2] - 6:14, 9:15
**driving** [7] - 5:21, 6:2, 6:6, 6:9, 6:11, 6:20, 8:2
**DTPA** [1] - 10:24

**E**

**Edinburg** [1] - 2:10
**employees** [2] - 12:13, 12:23
**entered** [1] - 6:4
**entitled** [1] - 1:15
**evidence** [1] - 14:6
**ex** [1] - 12:23
**ex-employees** [1] - 12:23
**except** [1] - 9:13
**excess** [1] - 8:5
**excluded** [1] - 5:15
**exclusion** [1] - 5:15
**excused** [1] - 13:8
**exhibits** [1] - 14:10
**Expiration** [1] - 14:23

**F**

**fact** [4] - 6:21, 9:13, 9:23, 11:6
**facts** [6] - 7:25, 8:15, 8:18, 10:7, 11:14
**far** [1] - 7:1

Fax [1] - 14:25
FAX [3] - 1:25, 2:6, 2:11
February [2] - 12:18, 14:16
file [2] - 5:3, 12:8
filed [1] - 5:23
final [1] - 11:7
Firm [2] - 2:4, 14:13
first [12] - 5:2, 5:7, 6:16, 7:24, 8:23, 9:3, 9:9, 10:8, 11:7, 11:19, 12:11
FLORES [1] - 1:4
folks [1] - 13:1
following [2] - 1:14, 4:2
FOR [2] - 2:2, 2:7
foregoing [1] - 14:5
form [1] - 9:2
fraud [1] - 8:4

**G**

GARZA [11] - 4:17, 5:2, 8:22, 9:13, 9:20, 10:4, 10:15, 11:5, 11:13, 12:7, 13:7
Garza [3] - 2:3, 4:17, 14:14
generate [1] - 8:4
goodness [1] - 12:2
granting [1] - 11:20
Green [3] - 2:4, 4:18, 14:13
grounds [1] - 9:12
Guevara [14] - 5:13, 5:18, 5:20, 5:23, 5:25, 6:17, 6:25, 7:4, 7:19, 7:23, 9:5, 9:9, 10:3, 10:20
GUEVARA [1] - 1:5
Guevara's [1] - 7:11

**H**

HAND [1] - 14:15
happy [1] - 12:25
Haynes [1] - 2:9
hear [1] - 8:20
heard [3] - 1:14, 4:11, 13:11
hears [1] - 6:24
held [1] - 1:16
hereby [1] - 14:5
honestly [1] - 7:22
Honor [17] - 4:15, 4:20, 4:24, 5:4, 5:8, 5:9, 6:14, 6:21, 8:22, 10:15, 11:5, 11:21, 11:23, 12:6, 12:19, 13:6, 13:7
Honorable [2] - 1:15, 4:6
hum [2] - 8:6, 10:7
Hurtado [1] - 4:13
HURTADO [2] - 1:3, 1:4
Hurtado's [2] - 7:3, 7:10
Hurtados [6] - 5:19, 5:23, 6:5, 6:20, 7:1, 10:19
husband [4] - 5:15, 6:2, 6:19, 9:5

**I**

idea [1] - 8:25
IN [1] - 1:3
included [1] - 14:7
independent [1] - 9:22
independently [1] - 11:16
Index [1] - 3:5
INDEX [1] - 3:1
indicate [1] - 8:15
indicative [1] - 8:18
individually [2] - 7:24, 8:8
insurance [4] - 5:22, 6:7, 9:7, 12:12
INSURANCE [1] - 1:8
Insurance [1] - 4:14
insured [2] - 5:14, 5:16
involves [1] - 5:9
issues [1] - 12:10

**J**

John [1] - 2:8
Jorge [1] - 4:17
Judge [3] - 1:16, 4:6, 11:3
judgment [5] - 7:4, 8:25, 10:10, 10:13, 11:7
judgments [1] - 7:7
JUDICIAL [1] - 1:8
jury [1] - 11:17

**K**

KARLA [1] - 1:4

**L**

LAREDO [1] - 1:24
Laredo [2] - 1:16, 14:24
Law [2] - 2:4, 14:13
lawsuit [7] - 5:23, 8:23, 8:24, 9:3, 9:9, 9:21, 10:14
least [1] - 9:18
leave [6] - 4:24, 5:3, 5:7, 6:22, 7:15, 10:2
legal [1] - 11:12
Leticia [2] - 2:3, 14:14
Lety [2] - 2:3, 4:17
liable [2] - 7:24, 11:16
lied [1] - 9:18
LLP [1] - 2:9
look [1] - 6:22
looked [1] - 12:7
looking [1] - 11:25
LOYA [1] - 1:8
Loya [7] - 4:14, 4:16, 5:13, 5:20, 6:24, 7:8, 7:11
Lyde [4] - 2:8, 2:9, 4:15, 12:16
LYDE [19] - 4:15, 4:20, 4:23, 5:5, 5:8, 6:10, 7:16, 8:3, 8:7, 8:14, 10:18, 10:23, 11:3, 11:21, 11:23, 12:2, 12:5, 12:19, 13:6
Lyde's [1] - 12:8

**M**

Machine [1] - 1:19
March [2] - 5:10, 5:17
matters [2] - 4:10, 13:10
means [1] - 5:21
Mendoza [2] - 14:4, 14:22
MENDOZA [1] - 1:23
money [1] - 7:12
Monica [1] - 4:6
MONICA [1] - 1:16
morning [4] - 4:8, 4:19, 4:20, 4:24
motion [13] - 4:24, 5:1, 5:3, 5:7, 6:22, 7:15, 7:18, 8:19, 8:20, 10:2, 10:25, 11:11, 12:5
motions [1] - 4:23
MR [19] - 4:15, 4:20, 4:23, 5:5, 5:8, 6:10, 7:16, 8:3, 8:7, 8:14, 10:18, 10:23, 11:3, 11:21, 11:23, 12:2, 12:5, 12:19, 13:6
MS [11] - 4:17, 5:2, 8:22, 9:13, 9:20, 10:4, 10:15, 11:5, 11:13, 12:7, 13:7
MY [1] - 14:15

**N**

name [1] - 12:12
names [1] - 12:11
nature [1] - 11:11
need [1] - 11:22
negligence [2] - 10:16, 10:24
never [1] - 9:6
NO [4] - 1:2, 1:2, 2:3, 2:8
Notzon [1] - 4:6
NOTZON [1] - 1:16
NOVEMBER [1] - 3:2
November [3] - 1:11, 1:13, 4:7
numbered [2] - 1:15, 14:7

**O**

objection [2] - 5:3, 10:4
objections [5] - 7:21, 8:21, 10:2, 11:12
obviously [3] - 8:15, 9:18, 12:23
occurred [2] - 5:10, 14:8
OF [4] - 1:1, 1:4, 14:1, 14:2
Office [1] - 14:25
office [1] - 12:8
OFFICE [1] - 1:25
Official [2] - 14:4, 14:23
OFFICIAL [2] - 1:23, 14:15
once [1] - 9:18
one [6] - 4:24, 5:2, 7:21, 10:6, 10:16, 12:23
open [1] - 14:8
Open [1] - 4:3
order [3] - 4:5, 11:22, 12:16
ordered [1] - 13:4
Original [1] - 14:13
original [1] - 11:1
originally [3] - 5:9, 5:20, 6:20
OSBALDO [1] - 1:3
otherwise [1] - 6:7

**P**

P.C. [2] - 2:4, 14:13
PAGE [1] - 3:2
pages [1] - 6:23
paid [1] - 14:13
paid/will [1] - 14:13
parties [2] - 14:6, 14:11
party [10] - 4:25, 5:11, 7:19, 8:2, 8:11, 8:19, 10:3, 10:5, 11:9, 11:15
pending [1] - 10:14
PHONE [2] - 2:5, 2:10
phone [2] - 10:17, 11:13
PLAINTIFFS [2] - 1:5, 2:2
Plaintiffs [1] - 5:19
plead [3] - 8:17, 10:6, 11:14
pled [1] - 8:15
point [1] - 12:14
police [1] - 6:13
policy [4] - 5:14, 9:7, 9:9
portions [1] - 14:6
position [2] - 8:23, 9:20
potential [3] - 5:22, 8:10, 10:20
preparation [1] - 14:12
presiding [2] - 1:16, 4:7
printed [1] - 14:13
problem [1] - 12:20
proceeding [1] - 5:24
proceedings [5] - 1:14, 3:7, 4:2, 14:6, 14:10
PROCEEDINGS [2] - 4:1, 13:15
Proceedings [2] - 1:18, 3:6
produce [3] - 12:11, 12:16, 13:2
produced [2] - 1:19, 12:9
producing [1] - 12:20
proven [1] - 6:24
put [1] - 7:16

**Q**

quite [1] - 7:21

## R

**raised** [1] - 7:20
**reads** [1] - 6:13
**RECORD** [1] - 1:1
**Record** [4] - 1:19, 14:7, 14:10, 14:12
**recorded** [1] - 6:16
**reflects** [1] - 14:10
**related** [3] - 9:2, 11:18, 12:11
**report** [1] - 6:13
**reported** [2] - 1:18, 14:8
**Reporter** [2] - 14:4, 14:23
**REPORTER** [1] - 1:23
**REPORTER'S** [1] - 1:1
**Reporter's** [5] - 1:19, 3:8, 14:7, 14:9, 14:12
**representation** [2] - 9:8, 13:1
**requested** [1] - 14:6
**requesting** [1] - 5:12
**requests** [1] - 12:9
**resolved** [1] - 10:13
**respectfully** [1] - 12:15
**respective** [1] - 14:11
**response** [1] - 10:8
**responses** [2] - 9:14, 12:9
**responsibility** [1] - 11:17
**responsible** [11] - 4:25, 5:11, 7:19, 8:2, 8:8, 8:11, 8:19, 10:3, 10:5, 11:9, 11:15
**retired** [1] - 12:24
**reviewing** [2] - 10:16, 11:13
**Rick** [1] - 4:15
**rights** [1] - 7:7
**rise** [1] - 4:4
**Rodriguez** [1] - 2:9

## S

**SBOT** [2] - 2:3, 2:8
**scene** [1] - 6:11
**scheme** [1] - 6:5
**seated** [1] - 4:9
**second** [2] - 4:25, 10:16
**Section** [1] - 8:10
**See** [1] - 14:12
**September** [1] - 6:18
**session** [1] - 4:6
**set** [1] - 5:25

**shape** [1] - 9:2
**show** [2] - 8:10, 8:15
**shows** [1] - 6:11
**sic** [1] - 6:6
**side** [1] - 7:20
**signed** [3] - 9:14, 10:10, 11:7
**situation** [1] - 11:9
**soon** [1] - 6:24
**sorry** [1] - 11:3
**sounds** [1] - 9:11
**Started** [1] - 3:6
**state** [1] - 11:14
**STATE** [1] - 14:1
**State** [1] - 14:5
**statement** [1] - 6:17
**Stenotype** [1] - 1:19
**still** [2] - 11:1, 12:22
**STREET** [1] - 1:24
**Street** [1] - 14:24
**stuff** [1] - 8:8
**Style** [1] - 3:3
**styled** [1] - 14:7
**Suite** [2] - 1:24, 14:24
**summary** [2] - 7:4, 7:6
**supports** [1] - 8:20
**sustained** [1] - 9:22

## T

**TEXAS** [4] - 1:6, 1:23, 1:24, 14:1
**Texas** [6] - 1:17, 2:5, 2:10, 14:5, 14:22, 14:24
**THE** [29] - 1:3, 2:2, 2:7, 4:4, 4:8, 4:13, 4:19, 4:21, 5:6, 6:8, 7:14, 8:1, 8:6, 8:13, 8:17, 9:11, 9:17, 10:1, 10:12, 10:21, 10:25, 11:10, 11:20, 11:22, 11:25, 12:3, 13:4, 13:9, 14:1
**they've** [1] - 10:23
**third** [10] - 4:25, 5:11, 7:19, 8:2, 8:11, 8:19, 10:3, 10:5, 11:9, 11:15
**three** [1] - 7:20
**to-wit** [1] - 4:3
**today** [1] - 9:21
**took** [1] - 6:18
**total** [1] - 14:12
**transcript** [1] - 14:13
**Transcription** [1] - 1:20
**transcription** [1] - 14:5
**TRIAL** [1] - 1:2

**trial** [1] - 12:18
**true** [1] - 14:5
**truly** [1] - 14:10
**trying** [3] - 7:10, 7:18, 8:4
**two** [3] - 4:23, 12:22, 13:2

## U

**under** [1] - 8:10
**underlying** [1] - 7:5
**unrelated** [2] - 10:9, 11:18
**up** [3] - 6:11, 6:24, 12:18

## V

**vehicle** [2] - 5:18, 9:16
**verified** [1] - 9:15
**versus** [1] - 4:13
**Vicente** [2] - 14:4, 14:22
**VICENTE** [1] - 1:23
**Victoria** [1] - 14:24
**VICTORIA** [1] - 1:24
**Vidaurri** [1] - 2:9
**Volume** [1] - 14:13
**VOLUME** [1] - 1:1
**volume** [1] - 14:7
**VOLUMES** [1] - 1:1
**VS** [1] - 1:7

## W

**WEBB** [2] - 1:6, 14:2
**Webb** [2] - 1:16, 14:4
**WHEREUPON** [1] - 4:2
**wholly** [1] - 11:18
**wit** [1] - 4:3
**withdraw** [1] - 6:25
**withdrew** [2] - 9:8, 9:24
**WITNESS** [1] - 14:15
**words** [1] - 10:13
**writing** [1] - 14:6
**wrongful** [2] - 7:8, 7:12

REPORTER'S RECORD
VOLUME 3 OF 4 VOLUMES
TRIAL COURT CAUSE NO. 2016-CVT-001431-D2
APPEAL NO. 04-17-00070-CV

OSBALDO HURTADO AVALOS      )  IN THE DISTRICT COURT
AND ANTONIO HURTADO AS      )
ASSIGNEES OF KARLA FLORES   )
GUEVARA,                    )
                PLAINTIFFS, )
                            )  WEBB COUNTY, TEXAS
                            )
VS.                         )
                            )
LOYA INSURANCE COMPANY,     )
                DEFENDANT.  )  111TH JUDICIAL DISTRICT

*****************************
January 19, 2017
*****************************

On the 19th day of January 2017, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable MONICA Z. NOTZON, Judge presiding, held in Laredo, Webb County, Texas:

Proceedings reported by Computerized Stenotype Machine; Reporter's Record produced by Computer-Assisted Transcription.

VICENTE MENDOZA, TEXAS CSR #6918
OFFICIAL COURT REPORTER - 111TH DISTRICT COURT
1110 VICTORIA STREET, Suite 301
LAREDO, TEXAS 78040
OFFICE (956) 523-4229   FAX (956) 523-5088

<u>A P P E A R A N C E S</u>

<u>FOR THE PLAINTIFFS</u>:

   SBOT NO. 24038023
Jorge A. Green
The Green Law Firm, P.C.
34 S. Coria
Brownsville, Texas 78520
(956) 542-7000 PHONE
(956) 542-7026 FAX

<u>FOR THE DEFENDANT</u>:

   SBOT NO. 12712700
John R. Lyde
Vidaurri, Lyde, Rodriguez & Haynes, LLP
202 N. 10th Avenue
Edinburg, Texas 78541
(956) 381-6602 PHONE
(956) 381-0725 FAX

CHRONOLOGICAL INDEX

JANUARY 19, 2017                              PAGE

Style of the Case ------------------   1

Appearances ------------------------   2

Chronological Index ----------------   3

Proceedings Started ----------------   4

Proceedings Concluded --------------   14

Court Reporter's Certificate --------   15

*-*-*-*-*-*-*

PROCEEDINGS

WHEREUPON the following proceedings were had in Open Court, before Court, to-wit:

THE BAILIFF:  All rise.  Please come to order.  The 111th District Court is now in session.  The Honorable Judge Monica Notzon presiding.  (January 19, 2017 - Time:  9:07 a.m.)

THE COURT:  Good morning everyone.  Please be seated.

(Whereupon other matters on the Court's docket were heard)

THE COURT:  Avalos and Hurtado versus Loya Insurance, 2016-CVT-001431-D2.

MR. LYDE:  We've got a motion to compel, Your Honor.

THE COURT:  How long are you anticipating?

MR. LYDE:  Not more than 15 minutes.

THE COURT:  Let me just get through my docket, and I'll recall you.

MR. LYDE:  Is that accurate?

MR. GREEN:  That's accurate.

THE COURT:  All right.  I'll recall.

(Whereupon other matters on the Court's docket were heard)

(Case recalled)

THE COURT: On Avalos and Hurtado versus Loya Insurance, 2016-CVT-001431-D2, I have the lawyers standing by.

(Whereupon other matters on the Court's docket were heard)

(Case recalled)

THE COURT: Avalos and Hurtado versus Loya Insurance, 2016-CVT-001431-D2. All right. Motion to compel, Counsel?

MR. LYDE: Yes, Your Honor. We're asking that two different things be compelled. One is that we get some discovery responses that we haven't received yet; and, the second thing that we're asking, is that the Plaintiffs be presented for deposition before the discovery deadline.

I think the discovery deadline is tomorrow; but, we're asking that they be presented for depos. I think that for the Court to understand the importance of the motion to compel that the Court needs to know a little bit of background about the case. For the Court to know, this actually, this case, it actually involved an earlier case. Okay? It's a completely separate earlier case. And the earlier case involved an automobile accident in March

of 2013; and, the Hurtados, the Plaintiffs in this case, they sued a Ms. Guevara in that separate case.

THE COURT: Oh, I think I remember. This is the case where one client lied about the other client driving or something like that?

MR. LYDE: Yeah. What happens is that the case goes along, the lawyers are providing a defense for Ms. Guevara; and, right before she is deposed she tells her counsel, there is something that you need to know. I wasn't the one driving the car. It was my husband.

He was an excluded driver, and we got together with the Hurtados at the scene and said, well, we are going to say that I was driving so that there is coverage. Okay.

So, with regards to Ms. Guevara, just so that the Court knows, we've got a recorded statement from her. We've, additionally, taken her deposition in this cause, and she testified exactly to what I've just told the Court.

THE COURT: So, who do you need to depose?

MR. LYDE: I want to depose the Plaintiffs. Okay? But, before I get to that let me talk about the discovery that we have.

MR. GREEN: Well, if I may just point out to Your Honor is that she is a plaintiff. So, Ms. Guevara is a Fred Loya insured. We took an assignment from Ms. Guevara in this case, this defendant, and he's taken the Plaintiff's deposition.

THE COURT: But not the Hurtados?

MR. LYDE: Exactly.

MR. GREEN: And the reason that he has not taken the Hurtados' deposition is because -- this case is about whether or not Fred Loya Insurance owed Ms. Guevara any coverage. So, it's not as simple as Mr. Lyde has sort of made it out to be; and, I think that there may have been some confusion because I think that the Court even recently had designated Ms. Guevara as responsible third party, which I think that it results sort of from the confusion of -- the suggestion that the other case is somehow still relevant in this case. But, Ms. Guevara --

THE COURT: Counsel, do you have control over the Hurtados?

MR. GREEN: I do, Your Honor. But, the Hurtados have been deposed. So, Francisco Martinez, the lawyer --

THE COURT: They have been deposed?

MR. LYDE: Yes. But, not on this

case, and not both in the other case. In the other case one was deposed.

THE COURT: I see.

MR. LYDE: Neither has been deposed in our case about conversations there at the scene, you know, who agreed to what, you know, all that kind of good stuff.

So, the discovery, putting aside the fact that there are at least six items for both Plaintiffs that said -- they said that they would supplement, and we never received that, putting aside that issue; they objected to things like give us criminal backgrounds. What about other lawsuits?

Tell us about your educational history, all of those things; and, in addition, as far as interrogatories, we had asked them about, well, we want to know if there are any conversations that you've had with Loya. We want to know if there are any admissions against interest that you are going to be claiming against us. We want to know what conversations you've had with Ms. Guevara.

THE COURT: So, do you want to go through the discovery one by one, because it sounds like matters I'd likely compel.

MR. GREEN: Well, and I think that

what is important to remember, again Judge, is that my clients are assignees. So, it's Ms. Guevara's claim against Fred Loya that we had taken an assignment of.

THE COURT: I'm going to compel the depos of the Hurtados; and, I am also going to compel the discovery if that's what I see. So, you can confer on it; or, you can supplement within a certain amount of time; or, we can start going down one by one.

MR. LYDE: Judge, what I would prefer, if the Court would, if the trial setting is going to be good, then I need those depos in at least the next two weeks, and I need the discovery responses before that if the trial date is going to be good.

THE COURT: What's the trial date?

MR. LYDE: The 20th of February.

THE COURT: Have you been to mediation on this case?

MR. LYDE: No, ma'am. We have not been to mediation.

THE COURT: I'd like to compel their depos then within the next two weeks, as well as any discovery supplementation before you come back on the compel.

I can hold the compel in abeyance to see if you can get it done in two weeks; but, I am going to order at least a half day mediation between the parties.

MR. GREEN: That first case, it was reduced to a judgment. So, the car accident case is done. These people were in a car accident. This case is about whether or not Fred Loya owed Karla Guevara coverage.

THE COURT: Right. I understand, but that's my ruling.

MR. GREEN: I understand. They've been asked a bunch of questions. Who was driving the car? All of this, was asked a million times in the first deposition. So, it would be abusive for Mr. Lyde to come back and ask the same questions over again. If these people are going to be deposed again, Your Honor, can we limit it to questions that were not asked in the initial deposition?

THE COURT: Counsel, I'm going to give him leeway. He's a lawyer on this case, and it's a new case. So, he has a right to depose them, but watch your questions, Mr. Lyde.

MR. LYDE: I will, Your Honor. And if we could have the discovery responses supplemented,

particularly about conversations and documents between the Guevaras and Mr. Flores, her husband.

I mean, those are the things that we're looking for. So, if we can have that supplemented within a week and then get the depos of the Plaintiffs within two weeks -- Your Honor, just the discovery responses might allow us to go to mediation. Okay?

THE COURT: Then why are we taking the depos?

MR. LYDE: Well, I mean, if we know what they are going to be contending as far as conversations that they had with Loya and documents that they got from Loya and the conversations that they had with Ms. Guevara and her husband, and the documents they got from her; to be honest, I pretty well know, you know, but I still want to depose these people. But, it still might be enough for us to go to mediation, but I have to know at least that information.

MR. GREEN: I think an important question, Judge, is: What does he think he gets by proving -- and it didn't happen that way.

There's a lot of motivation for her to be saying this. Okay? When she was supposed to sit

for her deposition, okay, at that point we were outside the statute of limitations; and, at the time that she was claiming that her husband was driving the car, her husband had died.

So, we were outside the statute of limitations and could no longer sue her husband. At that point, the police report, my client's sworn testimony, her sworn testimony in interrogatory responses, those all indicate that she was driving the car.

THE COURT: All right. Supplement within a week and depos within two weeks. If you need my intervention, let me know.

MR. LYDE: Thank you, Your Honor. Your Honor, I'll work up an appropriate order and get it to Mr. Green and get it to the Court.

MR. GREEN: And, Your Honor, so that we don't have to come back on other things, Your Honor, this goes both ways? Mr. Lyde, because he has treated this like a car accident case the whole time, he hasn't given me dates for the deposition of Fred Loya's staff counsel at the time, which was Francisco Martinez and the insurance adjusters that denied this lady coverage. And I'm going to need it. We are going to do all of those things.

I'm going to need those depositions as well. So, can the Court order that within the same timeframe that we can work on dates for those people as well?

THE COURT: All right.

MR. LYDE: I can provide him dates during this time period but only for people that I have control over. Okay?

THE COURT: All right.

MR. LYDE: Now, getting those done within that time period, I can't say that; but, I can certainly give him dates.

THE COURT: All right. Two weeks.

MR. LYDE: Very good then.

COURT COORDINATOR: As far as the jury trial, it was moved to the 21st. I sent a notice after the holidays.

MR. LYDE: I misspoke, Your Honor. We did get that notice, Your Honor.

THE COURT: Okay. All right. But, let me know if you need a continuance.

MR. LYDE: Okay, Your Honor. We will. Thank you Your Honor.

THE COURT: All right, Counsel. Have a good day.

MR. GREEN:  Thank you, Your Honor.

(Whereupon other matters were had before the Court)

*-*-*-*-*-*-*-*-*-*-*

PROCEEDINGS CONCLUDED

*-*-*-*-*-*-*-*-*-*-*

THE STATE OF TEXAS        )

COUNTY OF WEBB           )


I, Vicente Mendoza, Official Court Reporter for the 111th District Court, Webb County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that the Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $See Original printed transcript, Volume 1 and was paid/will be paid by The Green Law Firm, P.C. by Leticia Garza.


WITNESS MY OFFICIAL HAND this the 9th day of February, 2017.


_____
Vicente Mendoza, Texas CSR #6918
Expiration Date: 12/31/2018
Official Court Reporter - 111th District Court
1110 Victoria Street, Suite 301
Laredo, Texas 78040
Office (956) 523-4229 Fax (956)523-5088

**#**

**#6918** [2] - 1:23, 15:22

**0**

**04-17-00070-CV** [1] - 1:2

**1**

**1** [2] - 3:3, 15:13
**10th** [1] - 2:9
**1110** [2] - 1:24, 15:24
**111TH** [2] - 1:8, 1:23
**111th** [3] - 4:5, 15:4, 15:23
**12/31/2018** [1] - 15:23
**12712700** [1] - 2:8
**14** [1] - 3:7
**15** [2] - 3:8, 4:18
**19** [3] - 1:11, 3:2, 4:7
**19th** [1] - 1:13

**2**

**2** [1] - 3:4
**2013** [1] - 6:1
**2016-CVT-001431-D 2** [4] - 1:2, 4:13, 5:3, 5:9
**2017** [5] - 1:11, 1:13, 3:2, 4:7, 15:16
**202** [1] - 2:9
**20th** [1] - 9:17
**21st** [1] - 13:16
**24038023** [1] - 2:3

**3**

**3** [2] - 1:1, 3:5
**301** [2] - 1:24, 15:24
**34** [1] - 2:4
**381-0725** [1] - 2:11
**381-6602** [1] - 2:10

**4**

**4** [2] - 1:1, 3:6

**5**

**523-4229** [2] - 1:25, 15:25
**523-5088** [1] - 1:25
**542-7000** [1] - 2:5
**542-7026** [1] - 2:6

**7**

**78040** [2] - 1:24, 15:24
**78520** [1] - 2:5
**78541** [1] - 2:10

**9**

**956** [7] - 1:25, 2:5, 2:6, 2:10, 2:11, 15:25
**956)523-5088** [1] - 15:25
**9:07** [1] - 4:7
**9th** [1] - 15:15

**A**

**a.m.** [1] - 4:7
**abeyance** [1] - 10:1
**above-entitled** [1] - 1:15
**above-styled** [1] - 15:7
**abusive** [1] - 10:15
**accident** [4] - 5:25, 10:6, 10:7, 12:20
**accurate** [2] - 4:21, 4:22
**addition** [1] - 8:15
**additionally** [1] - 6:18
**adjusters** [1] - 12:23
**admissions** [1] - 8:19
**admitted** [1] - 15:10
**agreed** [1] - 8:6
**allow** [1] - 11:7
**amount** [1] - 9:9
**AND** [1] - 1:4
**anticipating** [1] - 4:17
**ANTONIO** [1] - 1:4
**APPEAL** [1] - 1:2
**Appearances** [1] - 3:4
**appropriate** [1] - 12:15
**AS** [1] - 1:4
**aside** [2] - 8:8, 8:11
**ASSIGNEES** [1] - 1:4
**assignees** [1] - 9:2
**assignment** [2] - 7:4, 9:4
**Assisted** [1] - 1:20
**automobile** [1] - 5:25
**AVALOS** [1] - 1:3
**Avalos** [3] - 4:12, 5:2, 5:8
**Avenue** [1] - 2:9

**B**

**background** [1] - 5:21
**backgrounds** [1] -

8:13
**BAILIFF** [1] - 4:4
**between** [2] - 10:3, 11:2
**bit** [1] - 5:21
**Brownsville** [1] - 2:5
**bunch** [1] - 10:13

**C**

**car** [7] - 6:11, 10:6, 10:7, 10:14, 12:4, 12:10, 12:20
**case** [24] - 5:22, 5:23, 5:24, 5:25, 6:2, 6:4, 6:7, 7:4, 7:10, 7:17, 7:18, 8:1, 8:2, 8:5, 9:19, 10:5, 10:6, 10:8, 10:21, 10:22, 12:20
**Case** [3] - 3:3, 5:1, 5:7
**CAUSE** [1] - 1:2
**certain** [1] - 9:8
**certainly** [1] - 13:12
**Certificate** [1] - 3:8
**certify** [3] - 15:5, 15:9, 15:12
**chambers** [1] - 15:8
**CHRONOLOGICAL** [1] - 3:1
**Chronological** [1] - 3:5
**claim** [1] - 9:3
**claiming** [2] - 8:20, 12:3
**client** [2] - 6:4, 6:5
**client's** [1] - 12:7
**clients** [1] - 9:2
**COMPANY** [1] - 1:8
**compel** [9] - 4:15, 5:10, 5:20, 8:24, 9:5, 9:6, 9:22, 9:25, 10:1
**compelled** [1] - 5:12
**completely** [1] - 5:24
**Computer** [1] - 1:20
**Computer-Assisted** [1] - 1:20
**Computerized** [1] - 1:18
**CONCLUDED** [1] - 14:8
**Concluded** [1] - 3:7
**confer** [1] - 9:8
**confusion** [2] - 7:13, 7:16
**contains** [1] - 15:5
**contending** [1] - 11:12
**continuance** [1] - 13:21
**control** [2] - 7:20, 13:8

**conversations** [6] - 8:5, 8:17, 8:21, 11:1, 11:13, 11:14
**COORDINATOR** [1] - 13:15
**Coria** [1] - 2:4
**correct** [1] - 15:5
**correctly** [1] - 15:10
**cost** [1] - 15:12
**counsel** [3] - 6:9, 12:22, 15:6
**Counsel** [4] - 5:10, 7:19, 10:20, 13:24
**COUNTY** [2] - 1:6, 15:2
**County** [2] - 1:17, 15:4
**Court** [18] - 3:8, 4:3, 4:5, 5:19, 5:20, 5:22, 6:17, 6:20, 7:14, 9:12, 12:16, 13:2, 14:3, 15:4, 15:4, 15:23
**COURT** [32] - 1:2, 1:3, 1:23, 4:8, 4:12, 4:16, 4:19, 4:23, 5:2, 5:8, 6:3, 6:21, 7:6, 7:19, 7:24, 8:3, 8:22, 9:5, 9:16, 9:18, 9:22, 10:10, 10:20, 11:9, 12:11, 13:5, 13:9, 13:13, 13:15, 13:20, 13:24
**court** [1] - 15:8
**Court's** [3] - 4:11, 4:25, 5:6
**coverage** [4] - 6:15, 7:11, 10:9, 12:24
**criminal** [1] - 8:13
**CSR** [2] - 1:23, 15:22

**D**

**Date** [1] - 15:23
**date** [2] - 9:15, 9:16
**dates** [4] - 12:21, 13:3, 13:6, 13:12
**deadline** [2] - 5:16, 5:17
**defendant** [1] - 7:5
**DEFENDANT** [2] - 1:8, 2:7
**defense** [1] - 6:8
**denied** [1] - 12:23
**depos** [7] - 5:19, 9:6, 9:13, 9:23, 11:5, 11:10, 12:12
**depose** [4] - 6:22, 6:23, 10:22, 11:17
**deposed** [6] - 6:9, 7:22, 7:24, 8:2, 8:4,

10:17
**deposition** [8] - 5:16, 6:19, 7:5, 7:9, 10:15, 10:19, 12:1, 12:21
**depositions** [1] - 13:1
**designated** [1] - 7:14
**died** [1] - 12:4
**different** [1] - 5:12
**discovery** [11] - 5:13, 5:16, 5:17, 6:25, 8:8, 8:23, 9:7, 9:14, 9:24, 10:25, 11:7
**DISTRICT** [3] - 1:3, 1:8, 1:23
**District** [3] - 4:5, 15:4, 15:23
**docket** [4] - 4:11, 4:20, 4:25, 5:6
**documents** [3] - 11:1, 11:13, 11:16
**done** [3] - 10:2, 10:7, 13:10
**down** [1] - 9:9
**driver** [1] - 6:12
**driving** [6] - 6:5, 6:10, 6:14, 10:13, 12:3, 12:9
**during** [1] - 13:7

**E**

**Edinburg** [1] - 2:10
**educational** [1] - 8:14
**entitled** [1] - 1:15
**evidence** [1] - 15:6
**exactly** [2] - 6:19, 7:7
**excluded** [1] - 6:12
**exhibits** [1] - 15:10
**Expiration** [1] - 15:23

**F**

**fact** [1] - 8:9
**far** [3] - 8:16, 11:12, 13:15
**FAX** [3] - 1:25, 2:6, 2:11
**Fax** [1] - 15:25
**February** [2] - 9:17, 15:16
**Firm** [2] - 2:4, 15:13
**first** [2] - 10:5, 10:15
**Flores** [1] - 11:2
**FLORES** [1] - 1:4
**following** [2] - 1:14, 4:2
**FOR** [2] - 2:2, 2:7
**foregoing** [1] - 15:5
**Francisco** [2] - 7:22, 12:22

**Fred** [5] - 7:3, 7:10, 9:3, 10:8, 12:21

**G**

**Garza** [1] - 15:14
**given** [1] - 12:21
**GREEN** [10] - 4:22, 7:1, 7:8, 7:21, 8:25, 10:5, 10:12, 11:21, 12:17, 14:1
**Green** [4] - 2:3, 2:4, 12:16, 15:13
**Guevara** [11] - 6:2, 6:8, 6:16, 7:3, 7:4, 7:11, 7:15, 7:18, 8:21, 10:9, 11:15
**GUEVARA** [1] - 1:5
**Guevara's** [1] - 9:2
**Guevaras** [1] - 11:2

**H**

**half** [1] - 10:3
**HAND** [1] - 15:15
**Haynes** [1] - 2:9
**heard** [4] - 1:14, 4:11, 4:25, 5:6
**held** [1] - 1:16
**hereby** [1] - 15:5
**history** [1] - 8:15
**hold** [1] - 10:1
**holidays** [1] - 13:17
**honest** [1] - 11:16
**Honor** [16] - 4:15, 5:11, 7:2, 7:21, 10:18, 10:24, 11:6, 12:14, 12:15, 12:17, 12:19, 13:18, 13:19, 13:22, 13:23, 14:1
**Honorable** [2] - 1:15, 4:6
**Hurtado** [3] - 4:12, 5:2, 5:8
**HURTADO** [2] - 1:3, 1:4
**Hurtados** [6] - 6:1, 6:13, 7:6, 7:20, 7:22, 9:6
**Hurtados'** [1] - 7:9
**husband** [6] - 6:11, 11:2, 11:15, 12:3, 12:4, 12:6

**I**

**importance** [1] - 5:20
**important** [2] - 9:1, 11:21
**IN** [1] - 1:3

**included** [1] - 15:7
**INDEX** [1] - 3:1
**Index** [1] - 3:5
**indicate** [1] - 12:9
**information** [1] - 11:20
**initial** [1] - 10:19
**Insurance** [4] - 4:13, 5:3, 5:9, 7:10
**INSURANCE** [1] - 1:8
**insurance** [1] - 12:23
**insured** [1] - 7:3
**interest** [1] - 8:19
**interrogatories** [1] - 8:16
**interrogatory** [1] - 12:8
**intervention** [1] - 12:13
**involved** [2] - 5:23, 5:25
**issue** [1] - 8:12
**items** [1] - 8:9

**J**

**January** [3] - 1:11, 1:13, 4:7
**JANUARY** [1] - 3:2
**John** [1] - 2:8
**Jorge** [1] - 2:3
**Judge** [5] - 1:16, 4:6, 9:1, 9:11, 11:22
**judgment** [1] - 10:6
**JUDICIAL** [1] - 1:8
**jury** [1] - 13:15

**K**

**Karla** [1] - 10:8
**KARLA** [1] - 1:4
**kind** [1] - 8:6
**knows** [1] - 6:17

**L**

**lady** [1] - 12:24
**Laredo** [2] - 1:16, 15:24
**LAREDO** [1] - 1:24
**Law** [2] - 2:4, 15:13
**lawsuits** [1] - 8:13
**lawyer** [2] - 7:23, 10:21
**lawyers** [2] - 5:4, 6:7
**least** [4] - 8:9, 9:13, 10:3, 11:19
**leeway** [1] - 10:21
**Leticia** [1] - 15:14
**lied** [1] - 6:4

**likely** [1] - 8:24
**limit** [1] - 10:18
**limitations** [2] - 12:2, 12:6
**LLP** [1] - 2:9
**looking** [1] - 11:4
**LOYA** [1] - 1:8
**Loya** [10] - 4:13, 5:3, 5:9, 7:3, 7:10, 8:18, 9:3, 10:8, 11:13, 11:14
**Loya's** [1] - 12:22
**Lyde** [6] - 2:8, 2:9, 7:12, 10:16, 10:23, 12:19
**LYDE** [20] - 4:14, 4:18, 4:21, 5:11, 6:6, 6:23, 7:7, 7:25, 8:4, 9:11, 9:17, 9:20, 10:24, 11:11, 12:14, 13:6, 13:10, 13:14, 13:18, 13:22

**M**

**ma'am** [1] - 9:20
**Machine** [1] - 1:19
**March** [1] - 5:25
**Martinez** [2] - 7:23, 12:23
**matters** [5] - 4:10, 4:24, 5:5, 8:24, 14:2
**mean** [2] - 11:3, 11:11
**mediation** [5] - 9:18, 9:21, 10:3, 11:8, 11:19
**Mendoza** [2] - 15:4, 15:22
**MENDOZA** [1] - 1:23
**might** [2] - 11:7, 11:18
**million** [1] - 10:14
**minutes** [1] - 4:18
**misspoke** [1] - 13:18
**MONICA** [1] - 1:16
**Monica** [1] - 4:6
**morning** [1] - 4:8
**motion** [3] - 4:14, 5:10, 5:20
**motivation** [1] - 11:24
**moved** [1] - 13:16
**MR** [30] - 4:14, 4:18, 4:21, 4:22, 5:11, 6:6, 6:23, 7:1, 7:7, 7:8, 7:21, 7:25, 8:4, 8:25, 9:11, 9:17, 9:20, 10:5, 10:12, 10:24, 11:11, 11:21, 12:14, 12:17, 13:6, 13:10, 13:14, 13:18, 13:22, 14:1

**MY** [1] - 15:15

**N**

**need** [8] - 6:10, 6:21, 9:13, 9:14, 12:13, 12:24, 13:1, 13:21
**needs** [1] - 5:21
**never** [1] - 8:11
**new** [1] - 10:22
**next** [2] - 9:13, 9:23
**NO** [4] - 1:2, 1:2, 2:3, 2:8
**notice** [2] - 13:16, 13:19
**NOTZON** [1] - 1:16
**Notzon** [1] - 4:6
**numbered** [2] - 1:15, 15:7

**O**

**objected** [1] - 8:12
**occurred** [1] - 15:8
**OF** [4] - 1:1, 1:4, 15:1, 15:2
**Office** [1] - 15:25
**OFFICE** [1] - 1:25
**Official** [2] - 15:4, 15:23
**OFFICIAL** [2] - 1:23, 15:15
**one** [8] - 5:12, 6:4, 6:10, 8:2, 8:23, 9:9, 9:10
**open** [1] - 15:8
**Open** [1] - 4:3
**order** [4] - 4:5, 10:3, 12:15, 13:2
**Original** [1] - 15:13
**OSBALDO** [1] - 1:3
**outside** [2] - 12:2, 12:5
**owed** [2] - 7:10, 10:8

**P**

**P.C.** [2] - 2:4, 15:13
**PAGE** [1] - 3:2
**paid** [1] - 15:13
**paid/will** [1] - 15:13
**particularly** [1] - 11:1
**parties** [3] - 10:4, 15:6, 15:11
**party** [1] - 7:15
**people** [5] - 10:7, 10:17, 11:18, 13:3, 13:7
**period** [2] - 13:7, 13:11

**PHONE** [2] - 2:5, 2:10
**plaintiff** [1] - 7:2
**Plaintiff's** [1] - 7:5
**PLAINTIFFS** [2] - 1:5, 2:2
**Plaintiffs** [5] - 5:15, 6:1, 6:24, 8:10, 11:6
**point** [3] - 7:1, 12:1, 12:7
**police** [1] - 12:7
**portions** [1] - 15:6
**prefer** [1] - 9:11
**preparation** [1] - 15:12
**presented** [2] - 5:15, 5:18
**presiding** [2] - 1:16, 4:7
**pretty** [1] - 11:16
**printed** [1] - 15:13
**PROCEEDINGS** [2] - 4:1, 14:8
**proceedings** [5] - 1:14, 3:7, 4:2, 15:6, 15:10
**Proceedings** [2] - 1:18, 3:6
**produced** [1] - 1:19
**provide** [1] - 13:6
**providing** [1] - 6:7
**proving** [1] - 11:23
**putting** [2] - 8:8, 8:11

**Q**

**questions** [4] - 10:13, 10:16, 10:18, 10:23

**R**

**reason** [1] - 7:8
**recalled** [2] - 5:1, 5:7
**received** [2] - 5:14, 8:11
**received** [2] - 5:14, 8:11
**recently** [1] - 7:14
**Record** [4] - 1:19, 15:7, 15:10, 15:12
**RECORD** [1] - 1:1
**recorded** [1] - 6:17
**reduced** [1] - 10:6
**reflects** [1] - 15:10
**regards** [1] - 6:16
**relevant** [1] - 7:18
**remember** [2] - 6:3, 9:1
**report** [1] - 12:7
**reported** [2] - 1:18, 15:8
**Reporter** [2] - 15:4, 15:23

**REPORTER** [1] - 1:23
**REPORTER'S** [1] - 1:1
**Reporter's** [5] - 1:19, 3:8, 15:7, 15:9, 15:12
**requested** [1] - 15:6
**respective** [1] - 15:11
**responses** [5] - 5:13, 9:14, 10:25, 11:7, 12:9
**responsible** [1] - 7:15
**results** [1] - 7:16
**rise** [1] - 4:4
**Rodriguez** [1] - 2:9
**ruling** [1] - 10:11

## S

**SBOT** [2] - 2:3, 2:8
**scene** [2] - 6:13, 8:5
**seated** [1] - 4:9
**second** [1] - 5:14
**see** [3] - 8:3, 9:7, 10:2
**See** [1] - 15:12
**sent** [1] - 13:16
**separate** [2] - 5:24, 6:2
**session** [1] - 4:6
**setting** [1] - 9:12
**simple** [1] - 7:11
**sit** [1] - 11:25
**six** [1] - 8:9
**sort** [2] - 7:12, 7:16
**sounds** [1] - 8:23
**staff** [1] - 12:22
**standing** [1] - 5:4
**start** [1] - 9:9
**Started** [1] - 3:6
**State** [1] - 15:5
**STATE** [1] - 15:1
**statement** [1] - 6:18
**statute** [2] - 12:2, 12:5
**Stenotype** [1] - 1:19
**still** [3] - 7:17, 11:17, 11:18
**STREET** [1] - 1:24
**Street** [1] - 15:24
**stuff** [1] - 8:7
**Style** [1] - 3:3
**styled** [1] - 15:7
**sue** [1] - 12:6
**sued** [1] - 6:2
**suggestion** [1] - 7:17
**Suite** [2] - 1:24, 15:24
**supplement** [3] - 8:11, 9:8, 12:11
**supplementation** [1] - 9:24
**supplemented** [2] -

10:25, 11:5
**supposed** [1] - 11:25
**sworn** [2] - 12:7, 12:8

## T

**testified** [1] - 6:19
**testimony** [2] - 12:8
**TEXAS** [4] - 1:6, 1:23, 1:24, 15:1
**Texas** [6] - 1:17, 2:5, 2:10, 15:5, 15:22, 15:24
**THE** [32] - 1:3, 2:2, 2:7, 4:4, 4:8, 4:12, 4:16, 4:19, 4:23, 5:2, 5:8, 6:3, 6:21, 7:6, 7:19, 7:24, 8:3, 8:22, 9:5, 9:16, 9:18, 9:22, 10:10, 10:20, 11:9, 12:11, 13:5, 13:9, 13:13, 13:20, 13:24, 15:1
**they've** [1] - 10:12
**third** [1] - 7:15
**timeframe** [1] - 13:3
**to-wit** [1] - 4:3
**together** [1] - 6:13
**tomorrow** [1] - 5:18
**took** [1] - 7:3
**total** [1] - 15:12
**transcript** [1] - 15:13
**Transcription** [1] - 1:20
**transcription** [1] - 15:5
**treated** [1] - 12:20
**TRIAL** [1] - 1:2
**trial** [4] - 9:12, 9:15, 9:16, 13:16
**true** [1] - 15:5
**truly** [1] - 15:10
**two** [7] - 5:12, 9:14, 9:23, 10:2, 11:6, 12:12, 13:13

## U

**up** [1] - 12:15

## V

**versus** [3] - 4:12, 5:3, 5:8
**VICENTE** [1] - 1:23
**Vicente** [2] - 15:4, 15:22
**VICTORIA** [1] - 1:24
**Victoria** [1] - 15:24
**Vidaurri** [1] - 2:9

**VOLUME** [1] - 1:1
**volume** [1] - 15:7
**Volume** [1] - 15:13
**VOLUMES** [1] - 1:1
**VS** [1] - 1:7

## W

**watch** [1] - 10:23
**ways** [1] - 12:19
**WEBB** [2] - 1:6, 15:2
**Webb** [2] - 1:16, 15:4
**week** [2] - 11:5, 12:12
**weeks** [6] - 9:14, 9:23, 10:2, 11:6, 12:12, 13:13
**WHEREUPON** [1] - 4:2
**whole** [1] - 12:20
**wit** [1] - 4:3
**WITNESS** [1] - 15:15
**writing** [1] - 15:6

REPORTER'S RECORD
VOLUME 4 OF 4 VOLUMES
TRIAL COURT CAUSE NO. 2016-CVT-001431-D2
APPEAL NO. 04-17-00070-CV

OSBALDO HURTADO AVALOS    ) IN THE DISTRICT COURT
AND ANTONIO HURTADO AS     )
ASSIGNEES OF KARLA FLORES  )
GUEVARA,                    )
           PLAINTIFFS,   )
                    ) WEBB COUNTY, TEXAS
                    )
VS.                  )
                    )
LOYA INSURANCE COMPANY,    )
           DEFENDANT.   ) 111TH JUDICIAL DISTRICT

*******************************
February 2, 2017
*******************************

On the 2nd day of February 2017, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable MONICA Z. NOTZON, Judge presiding, held in Laredo, Webb County, Texas:

Proceedings reported by Computerized Stenotype Machine; Reporter's Record produced by Computer-Assisted Transcription.

VICENTE MENDOZA, TEXAS CSR #6918
OFFICIAL COURT REPORTER - 111TH DISTRICT COURT
1110 VICTORIA STREET, Suite 301
LAREDO, TEXAS 78040
OFFICE (956) 523-4229   FAX (956) 523-5088

A P P E A R A N C E S

FOR THE PLAINTIFFS:

    SBOT NO. 24038023
    Jorge A. Green
    The Green Law Firm, P.C.
    34 S. Coria
    Brownsville, Texas 78520
    (956) 542-7000 PHONE
    (956) 542-7026 FAX

FOR THE DEFENDANT:

    SBOT NO. 12712700
    John R. Lyde
    Vidaurri, Lyde, Rodriguez & Haynes, LLP
    202 N. 10th Avenue
    Edinburg, Texas 78541
    (956) 381-6602 PHONE
    (956) 381-0725 FAX

CHRONOLOGICAL INDEX

FEBRUARY 2, 2017                          PAGE

Style of the Case ------------------    1

Appearances -----------------------    2

Chronological Index ---------------    3

Proceedings Started ---------------    4

Proceedings Concluded --------------   27

Court Reporter's Certificate --------   28

*-*-*-*-*-*-*

PROCEEDINGS

WHEREUPON the following proceedings were had in Open Court, before Court, to-wit:

THE BAILIFF:  All rise.  Please come to order.  The 111th District Court is now in session.  The Honorable Judge Monica Notzon presiding.  (February 2, 2017 - Time:  9:04 a.m.)

THE COURT:  Good morning.  You may be seated.

(Whereupon other matters on the Court's docket were heard before the Court)

THE COURT:  Avalos and Hurtado versus Loya Insurance company, Cause Number 2016-CVT-001431.

MR. LYDE:  Good morning, Your Honor.

THE COURT:  How much time do you need on your motion?

MR. LYDE:  I would anticipate that we can do it within 30 minutes, maybe 20; but, I would say 30 just to be safe.

THE COURT:  All right.  Let me just go through my docket, and I'll get back with you all.

MR. LYDE:  Yes, ma'am.

MR. GREEN:  Thank you, Your Honor.

(Whereupon other matters were heard

before the Court)

(Case recalled)

THE COURT: Avalos and Hurtado versus Loya Insurance company, Cause Number 2016-CVT-001431.

MR. LYDE: Good morning, Your Honor.

MR. GREEN: Good morning, Your Honor.

THE COURT: Let me see if I can get copies of everything that was set. All right. I'm looking at a motion for continuance. What else is set?

MR. LYDE: Our motion for summary judgment; and, in that regard, we've also filed objections to some of opposing counsel's summary judgment evidence and the pre-trial.

THE COURT: All right. Let's take up the motion for summary judgment; and, depending on how I rule, then we'll take up the continuance.

MR. LYDE: Now, first of all I'd like to take up the objections if it's okay with the Court?

THE COURT: Yes. Go ahead.

MR. LYDE: The first objection that we'd like to make is to a deposition of one of the Plaintiffs that was filed in the underlying proceeding, a completely different proceeding.

We got it yesterday at 5:02. Okay? So, the first reason that we are objecting to it is because it was not timely filed. That's number one. The second reason that we're objecting to it is because it doesn't fall within any of the exceptions to the hearsay rule.

It's being offered on their behalf. It's not being offered against a party opponent. It's not any kind of admission against interest; and, under Rule 206, the underlying proceeding did not involve the same parties. Loya was not part of that particular lawsuit.

So, that depo is a complete hearsay document. Of course the way that they could have gotten around it is that they could have filed an affidavit from the client. They decided not to do that. They waited until yesterday after 5:00 o'clock and sent us this depo that was taken, of their own client, in the underlying suit; and, we would object to that, Judge.

THE COURT: All right. Response Counsel?

MR. GREEN: Your Honor, the rule, it doesn't require that all of the evidence be filed within the seven days.

It just requires that a response be filed seven days prior to the hearing. We filed our response on time and, we filed supplemental responses as we received Mr. Lyde's objections to our evidence.

The deposition testimony that I filed, Your Honor, goes directly to what Mr. Lyde claims is the issue in this case; which are, who was driving the car at the time of the incident that certainly made the basis of the underlying suit.

I've brought for the Court a copy of what I've filed, which is my client's testimony in that case, which was taken under oath, that it was not a man that was driving but a woman, which contradicts the position taken by Loya in this case, Your Honor.

THE COURT: Typically -- I mean, there isn't anything to keep you from filing the deposition as part of something in support of your response to the motion for summary judgment; but, I will sustain the objection.

MR. LYDE: Thank you, Your Honor. Our other two objections are to documents that they filed in their initial response. One is the police report. It wasn't attempted to be of the underlying case. It wasn't attempted to be proven up in any way.

It's not a certified copy. It's not proven up as a business record. It's simply a hearsay document. So, we would object to that one.

THE COURT: All right.

MR. LYDE: The second thing is that they are attempting to use the discovery responses of Mrs. Guevara in the underlying case. And, we'd point out several things to the Court about that. Number one, she's not a party to this case, except to the extent that she assigned them her rights, which means actually that she's the active Plaintiff in this case.

And so, you can't use your own discovery responses as evidence in the case. I can use them. They can't. And, on top of that, they weren't verified in any way, shape, or form. They were not signed off by Ms. Guevara in any way, shape, or form. And, on top of that, even the copies that they provided weren't copies out of a lawsuit or anything like that. It has not been proven up in any way. It's simply documents that they've attached with no prove-up as is required for summary judgment evidence.

THE COURT: All right. Counsel?

MR. GREEN: Your Honor, it's an

interrogatory that asks, again, the fundamental question: Who was driving the car at the time of the collision? And her answer at that time was: I was driving.

THE COURT: Why don't you just get her to fill out an affidavit in support of the responses?

MR. GREEN: Because as Mr. Lyde pointed out, she's no longer a party to this case. So, we've made efforts to get ahold of her since the time that she gave her deposition to Mr. Lyde, but those efforts have not been successful.

So, her only involvement in this case, which is what we were talking about the last time, now that Mr. Lyde -- she's not a party to the case. But, the entire confusion that we were having the last time, whether there was the effort being made to subject my clients to discovery about -- the discussion being who is the proper party to the case.

So, here we've got her interrogatory responses that go to what Mr. Lyde -- frankly, Judge, this is not relevant, and I'm going to show you in the motion for summary judgment why it's not relevant; but, Mr. Lyde wants the Court to accept that the fact question as to who was driving the car has been resolved in his favor.

The position that we are taking is that there is abundant evidence that there is a genuine issue of material fact as it relates to that issue.

THE COURT: The objections are sustained, Counsel.

MR. LYDE: Thank you, Your Honor. As far as the actual motion for summary judgment, the underlying facts, as indicated by our motion for summary judgment, are as follows:

This case concerns an automobile accident that originally occurred back in March 2013. The Hurtado's were in one car --

THE COURT: I remember. This is the case where the drivers agreed to state that her husband wasn't driving but that it was her that was driving, that he was not a covered party or insured. Something like that.

MR. LYDE: Basically, what happened is -- and, again, this is proven by both the recorded statement and the depo and the depo excerpts that we have.

MR. GREEN: And that's what Loya wants the Court to believe, Judge. And, I'm going to show the Court later on in my responses, it doesn't matter

what the Court believes in that regards.

MR. LYDE: All right. Then, if it doesn't matter, let me tell the Court exactly what she testified to when we took her deposition back in September or October. Okay? She said, yes. I originally claimed that. The reason was my husband was in the car driving when it happened. He's an excluded driver. He got out. He talked to Hurtados. He explained that he was an excluded driver. There was no insurance. I showed up at the scene. We all got together --

THE COURT: Well, she wasn't even in the car?

MR. LYDE: She wasn't even in the car. And, by the way, she said: I was up in the apartment -- and the apartment is less than a block away -- with my ex-mother-in-law and her sister. We talked to them and they verified this. Okay?

You know, the Plaintiffs can contend all they want to, but this is what she testified to and this is the testimony that we gave the Court before this MSJ. Anyway, they come up with this agreement that we're going to claim that Mrs. Guevara was driving so that there will be insurance coverage.

In fact, that's what they tell the

police officer. Okay? The suit doesn't settle. A lawsuit is filed against Ms. Guevara. Her depo is getting ready to be taken. I mean, it's my understanding they were in the room getting ready to give it. She tells her attorney. Hey, there's something you need to know.

So, they step outside. She says, you need to know that I wasn't really the one driving, and we said that so that we have insurance. Okay? She's not subsequently deposed. The attorney refuses to tender her. What happens is Loya --

THE COURT: Is there an offer made? I mean, so the original accident -- were the injuries extreme that it didn't settle?

MR. LYDE: Well, I don't think so; but, there is a summary judgment rendered in that case, and I'll get to that.

THE COURT: Okay.

MR. GREEN: And that's what happened is that her lawyer came and said --

MR. LYDE: I'm giving this presentation. I'd like to --

(Simultaneous talking, inaudible responses heard)

MR. LYDE: I'm giving this

presentation.

MR. GREEN: And that is what happened is that her lawyer came back and said. So, she tells this to her lawyer who is employed by Fred Loya, right?

THE COURT: Okay.

MR. GREEN: And he goes back to Fred Loya and rats his client out for committing insurance fraud to his employer, Fred Loya. That's what happened.

THE COURT: All right. You may continue.

MR. LYDE: Okay. Anyway, Loya sends out an adjuster to Mrs. Guevara, and they take a recorded statement, which has been produced to opposing counsel, and it was used during her deposition also, in which she freely admits that she and her husband and the Hurtados did this, essentially everything that I've just told the Court.

Loya, subsequently, has her defense withdrawn and withdraws coverage. Both. Okay? Mr. Green then takes a summary judgment. This is after the withdrawal, summary judgment against Ms. Guevara, I think it's for $200,000 a piece against his client; and, he convinces Ms. Guevara to assign any cause of

action that she has against Loya for her right for defense to them in exchange for this $400,000 judgment.

So, they're basically bringing suit on behalf of Ms. Guevara because the allegation is being made, hey, Loya breached its duty to provide a defense and breached its duty to provide coverage for this accident. That's basically the lawsuit that we're here about, not the underlying suit where they took an MSJ.

THE COURT: You really want to take this to trial?

MR. GREEN: Absolutely.

MR. LYDE: Okay. So, we have filed --

MR. GREEN: I am going to be entitled for summary judgment, and I'm going to show this to the Court.

THE COURT: Not from what I'm hearing, but I'll hear you out.

MR. LYDE: And so, we have included Ms. Guevara as a responsible third party. In addition, we've filed a counterclaim against the Hurtados based collusion and everything else, a dec. (declaratory) action based upon fraud, breach of the contract, all of that kind of things.

Today we have a two-prong MSJ. We have traditional MSJ on our dec. action that there was no breach of any duty for defense or for coverage as they are claiming; and, that's based upon the deposition of Ms. Guevara.

We also have a no evidence MSJ as to their cause of action being brought against Loya. So, it's two-prong, traditional based upon dec. action and no evidence based upon their claims against us.

THE COURT: Give me copies of all of the motions.

THE CLERK: Yes, Your Honor.

THE COURT: All right.

MR. LYDE: Basically, opposing counsel, in their response, they brought up three issues. The first one deals with the traditional motion for summary judgment based on the dec. action. The second one deals solely with the no evidence summary judgment based upon the claims that they are making against us; and, the third one deals with both. The argument that they are making against the traditional motion for summary judgment as to the dec. action is that not enough time has passed for discovery. Okay?

They're making that solely against that particular cause of action. This case is set for trial on the 21st. The docket control order was entered in August of last year. It was signed off by all parties to my knowledge. Okay? And I think it constituted a Rule 11.

THE COURT: Okay.

MR. LYDE: And I'll represent to the Court that we are the ones that have been pushing discovery in the case. Okay? We're the ones that took the depo of Ms. Guevara, and I really hoped that after this depo was taken that this case would go away. It did not. But that's okay.

Now, with regards to that argument that there has not been enough time, I do not think it's fair for them to say we haven't had a chance to do all of the discovery, when there haven't even been requests for production, interrogatories, or requests for admissions about it.

I don't think it's fair for them to make that argument that we haven't had a chance when those things haven't happened. So, that's our response with regards to the there hasn't been enough time.

THE COURT: Let me see the docket

sheet.

MR. LYDE: As to the traditional summary judgment based upon the dec. action, what they are essentially attempting to argue is that Loya has somehow waived their right to file a dec. action based upon no coverage and no right to defend.

We -- again, I think that that argument, Your Honor, has no basis; and, that's not only upon the case law, but also Section 37 of the Texas Civil Practice & Remedies Code, which specifically sets out when dec. actions can be filed.

An insurance policy is a contract, and under 37.004, it plainly says, a contract may be construed either before or after there has been a breach.

So, by Section 37 alone we're entitled to file a dec. action; and, in addition in that regard, we would cite the Court to the Texas Supreme Court case of Bonham State Bank versus Beadle which is found at 907 S.W.2d 465. It has some great language that I'll be happy to read to the Court about when a dec. action is appropriate, talking about whether there's a justiciable controversy, which there is in this case, obviously; a genuine conflict of tangible interest, which there obviously

is.

I mean, this is exactly what we have here. So, I think that the argument that, well, the dec. action has somehow been waived, that is not a good argument either.

The argument that they are making as to both the traditional MSJ and the no evidence MSJ, it has to do with the right to defend; and, I really think it might be better, as far as the presentation to the Court, if they give their argument on that and then I respond, because I do have some things that I'd like to say about that.

MR. GREEN: I think that's a good idea, Judge.

THE COURT: All right. Counsel?

MR. GREEN: For the Court to grant their summary judgment, you're going to have to rule on the affirmative on four different issues, Judge. The first are -- the first issue is: Are the facts resolved in favor of Fred Loya? And we've talked about that at length, and I'll address it more specifically here in a second. The second is: If the facts are resolved, did Fred Loya owe their insured at the time the duty to defend her.

So, we're going to go through the case

law.  At that point you'd have to answer in the affirmative to grant their summary judgment that they owed no duty.  I mean, you are also going to have to decide whether there is a justiciable --

THE COURT:  I mean, why would they owe a duty?

MR. GREEN:  Why would they owe duty?

THE COURT:  Right.  Why would they owe a duty to defend an excluded driver?

MR. GREEN:  She wasn't an excluded driver, Your Honor.  Why do you believe that?

THE COURT:  Well, isn't that her sworn testimony?

MR. LYDE:  It is, Your Honor.

MR. GREEN:  There is sworn testimony to the contrary.

THE COURT:  Where is that?

MR. GREEN:  Res judicata.

THE COURT:  Counsel, where?  I other words, did you respond to their motion for summary judgment and give me some sort of controverting evidence to the fact that she was driving?  Because he has evidence that she wasn't driving.  He has her sworn testimony in a deposition.

Apparently, he has evidence that she

was with her in-laws a block away. So, I have evidence that she wasn't driving. Their motion for summary judgment on your claim looks valid to me, unless you give me something else.

MR. GREEN: Okay. It's irrelevant as to who was driving the car. I'm going to explain this to you.

THE COURT: All right.

MR. GREEN: I recognize that you believe that she was not the driver of the car, even though there is sworn evidence to the contrary.

THE COURT: I'm asking you to show me where is the sworn testimony or the evidence that she was driving?

MR. GREEN: I handed it to you a second ago in my client's deposition that was taken in the underlying --

THE COURT: All right, but I've sustained the objections because that's not part of the summary judgment evidence.

MR. GREEN: Right. So, it had been my position that there was a genuine issue of material fact with regards to who was driving the car. Except there isn't because who was driving the car was the subject of an earlier lawsuit. Okay?

Res judicata, Judge, is the concept, the doctrine which creates the situation by which courts cannot try facts twice. Okay? There are two parts of res judicata. One is collateral estoppel; and, the second is issue preclusion. Collateral estoppel is: You can't go try the same case in a different court a second time, which is why we have friendly suits.

Your Honor, you see these friendly suits, I'm sure, every single day where they parade the parents and the children in front of the Court to ask them: Are you sure? Are you not hurt?

THE COURT: But what does that have to do with this case?

MR. GREEN: Because that's the protection that is provided to an insurance company because they can't bring a separate lawsuit.

THE COURT: But you're asking me to find that Loya Insurance had a duty to defend an excluded driver?

MR. GREEN: That's the law, Judge.

THE COURT: How is that the law?

MR. GREEN: So, res judicata makes it such that this issue: Who was driving the car? That cannot be tried again.

It was tried once. It cannot be tried again. The issue of who was driving the car and whether or not she was negligent was tried in Osvaldo Hurtado Avalos versus Karla Lizette Guevara.

That issue, Judge, has been decided and issued preclusion. Res judicata prevents the Court from taking this issue up again. It would be like if the minor in the friendly suit shows up when they turn 18 to file a suit against the insurance company. The insurance company would come into court and say, this issue --

THE COURT: Counsel, the evidence that I have and that I've been hearing, the entire time, has been that the Hurtados and these other people, the Guevaras, that they lied in order to get insurance coverage. That is the evidence. That is clear before the Court. That is clear before the Court. That is clear.

MR. GREEN: I respectfully disagree, Judge; but, even if it is a clear, there is a doctrine in the State of Texas called the eight corners rule. Okay? The eight corners rule stands for the proposition that an insurance company, in determining whether or not there is coverage and whether or not there's a duty to defend, it looks at

two documents and only two documents; the pleadings and the insurance policy.

Insurance companies are supposed to compare those two documents; and, if there is a covered claim within that document, insurance companies are to provide coverage. I've got the Supreme Court case of Guideone Elite Insurance Company, which stands for the proposition that there is no exception to the eight corners doctrine.

There is no argument. What is undisputed in this case is that in the underlying case our petition stated that Karla Flores, the insured, was the driver and was negligent in causing the wreck.

THE COURT: All right.

MR. GREEN: Okay? And that there was a denial of coverage, even though her insurance policy made her a covered person.

There is a case, Your Honor, it's Corinth Investors Holdings versus Evanston Insurance Company that says, when an insurance company is analyzing whether or not there is a duty to defend, all doubts regarding the duty to defend are resolved in favor of the insured, and the pleadings are construed liberally.

So, any doubts are construed in favor of the insured. And, here is what is important, Judge, okay, because he's saying there was no duty to defend because there's fraud. Okay? This court, okay, when interpreting the eight corners doctrine, it says, under no circumstances may a court consider extrinsic evidence that contradicts the pleadings.

That means, the pleadings and the insurance policy are the two documents, those eight corners, that dictate whether or not there is insurance coverage. It is undisputable that she was a covered person and that had she been the driver of the car --

THE COURT: But she was not the driver, Counsel. You're asking me to help you perpetuate a fraud. That's what you're asking this Court to do. What I don't understand is that the undisputed facts in this case showed that the Hurtados and Guevaras lied about Ms. Guevara being the driver in the car.

She admits, under oath, I was not the driver of the car. I wasn't even in the car. I came up with this plot, with the Hurtados, so that I could get insurance coverage.

So, you are basically asking this

Court to ignore every rule of justice and help your client's perpetuate a fraud.

MR. GREEN: I'm asking you to right a wrong. Insurance companies have a duty. It it were true that she was not driving --

THE COURT: Counsel, the only people that are doing something wrong in this case are the Hurtados and the Guevaras that came up with this scheme.

MR. GREEN: I respectfully disagree. Your Honor, I respectfully disagree. I have a client to represent. My client has sworn to the exact opposite.

THE COURT: Show me where your client swore to the exact opposite, because I've just read Mrs. Guevara's deposition taken in September where she says, under oath, I lied. I was not driving. Show me where? Because in response to the summary judgment that was filed by Loya Insurance, I don't see any.

MR. GREEN: Let me ask you this: Had she not been driving, if the facts were exactly --

THE COURT: She was not driving.

MR. GREEN: But let's assume for purposes of this hearing, and although I disagree

with --

THE COURT: Give me evidence that she was driving.

MR. GREEN: I have my client's sworn testimony to the contrary.

THE COURT: There is no evidence that you've given to me in response to the summary judgment.

MR. GREEN: I'm assuming, for purposes of this hearing, that she wasn't driving. Okay? Let's say I, in representing Osvaldo Hurtado Avalos, sued her, okay, and there was no evidence that she was driving; but, I sued her anyway. Would Fred Loya have to answer that lawsuit?

THE COURT: All right, Counsel, I've heard enough. Anything else from you?

MR. LYDE: No, Your Honor.

THE COURT: All right. I'll take everything under advisement and I'll give you my ruling by tomorrow.

MR. LYDE: Okay. We have the -- very good, Your Honor. Thank you. May I be excused?

THE COURT: I'll do it by tomorrow morning.

MR. LYDE: Thank you, Your Honor.

MR. GREEN: Do you want to take up the motion for continuance in light of the fact that you may not grant the summary judgment?

THE COURT: Counsel, I mean, as far as your continuance goes, that's denied. This case has been on file since May. You've had plenty of time to conduct discovery. This case apparently goes even further back because of that other pre-existing case. So, continuance is denied. It stays on for trial, assuming I don't dispose of it.

MR. LYDE: Thank you, Your Honor.

THE COURT: All right. Thank you, Counsel.

(Whereupon other matters were heard before the Court)

*-*-*-*-*-*-*-*-*-*

PROCEEDINGS CONCLUDED

*-*-*-*-*-*-*-*-*-*

                                                                        28

THE STATE OF TEXAS          )

COUNTY OF WEBB              )


            I, Vicente Mendoza, Official Court Reporter for the 111th District Court, Webb County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

            I further certify that the Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

            I further certify that the total cost for the preparation of this Reporter's Record is $See Original printed transcript, Volume 1 and was paid/will be paid by The Green Law Firm, P.C. by Leticia Garza.

            WITNESS MY OFFICIAL HAND this the 9th day of February, 2017.


_____
Vicente Mendoza, Texas CSR #6918
Expiration Date: 12/31/2018
Official Court Reporter - 111th District Court
1110 Victoria Street, Suite 301
Laredo, Texas 78040
Office (956) 523-4229 Fax (956)523-5088

**#**

**#6918** [2] - 1:23, 28:22

**$**

**$200,000** [1] - 13:24
**$400,000** [1] - 14:2

**0**

**04-17-00070-CV** [1] - 1:2

**1**

**1** [2] - 3:3, 28:13
**10th** [1] - 2:9
**11** [1] - 16:6
**1110** [2] - 1:24, 28:24
**111th** [3] - 4:5, 28:4, 28:23
**111TH** [2] - 1:8, 1:23
**12/31/2018** [1] - 28:23
**12712700** [1] - 2:8
**18** [1] - 22:9

**2**

**2** [4] - 1:11, 3:2, 3:3, 4:7
**20** [1] - 4:19
**2013** [1] - 10:12
**2016-CVT-001431** [2] - 4:14, 5:4
**2016-CVT-001431-D 2** [1] - 1:2
**2017** [5] - 1:11, 1:13, 3:2, 4:7, 28:15
**202** [1] - 2:9
**206** [1] - 6:10
**21st** [1] - 16:3
**24038023** [1] - 2:3
**27** [1] - 3:5
**28** [1] - 3:5
**2nd** [1] - 1:13

**3**

**3** [1] - 3:4
**30** [2] - 4:19, 4:20
**301** [2] - 1:24, 28:24
**34** [1] - 2:4
**37** [2] - 17:9, 17:16
**37.004** [1] - 17:13
**381-0725** [1] - 2:11
**381-6602** [1] - 2:10

**4**

**4** [3] - 1:1, 3:4
**465** [1] - 17:20

**5**

**523-4229** [2] - 1:25, 28:25
**523-5088** [1] - 1:25
**542-7000** [1] - 2:5
**542-7026** [1] - 2:6
**5:00** [1] - 6:17
**5:02** [1] - 6:1

**7**

**78040** [2] - 1:24, 28:24
**78520** [1] - 2:5
**78541** [1] - 2:10

**9**

**907** [1] - 17:20
**956** [7] - 1:25, 2:5, 2:6, 2:10, 2:11, 28:25
**956)523-5088** [1] - 28:25
**9:04** [1] - 4:7
**9th** [1] - 28:15

**A**

**a.m.** [1] - 4:7
**above-entitled** [1] - 1:15
**above-styled** [1] - 28:7
**absolutely** [1] - 14:13
**abundant** [1] - 10:2
**accept** [1] - 9:23
**accident** [3] - 10:12, 12:13, 14:8
**action** [13] - 14:1, 14:24, 15:2, 15:7, 15:9, 15:18, 15:24, 16:2, 17:3, 17:5, 17:17, 17:22, 18:4
**actions** [1] - 17:11
**active** [1] - 8:11
**actual** [1] - 10:8
**addition** [2] - 14:22, 17:17
**address** [1] - 18:21
**adjuster** [1] - 13:14
**admission** [1] - 6:9
**admissions** [1] - 16:19
**admits** [2] - 13:17, 24:21

**admitted** [1] - 28:10
**advisement** [1] - 26:19
**affidavit** [2] - 6:16, 9:6
**ago** [1] - 20:16
**agreed** [1] - 10:15
**agreement** [1] - 11:23
**ahead** [1] - 5:21
**ahold** [1] - 9:9
**allegation** [1] - 14:5
**alone** [1] - 17:16
**analyzing** [1] - 23:22
**AND** [1] - 1:4
**answer** [3] - 9:3, 19:1, 26:14
**anticipate** [1] - 4:18
**ANTONIO** [1] - 1:4
**anyway** [2] - 11:22, 26:13
**Anyway** [1] - 13:13
**apartment** [2] - 11:16
**APPEAL** [1] - 1:2
**Appearances** [1] - 3:3
**appropriate** [1] - 17:22
**argue** [1] - 17:4
**argument** [9] - 15:22, 16:14, 16:21, 17:8, 18:3, 18:5, 18:6, 18:10, 23:10
**AS** [1] - 1:4
**assign** [1] - 13:25
**assigned** [1] - 8:10
**ASSIGNEES** [1] - 1:4
**Assisted** [1] - 1:20
**assume** [1] - 25:24
**assuming** [2] - 26:9, 27:10
**attached** [1] - 8:21
**attempted** [2] - 7:24, 7:25
**attempting** [2] - 8:6, 17:4
**attorney** [2] - 12:5, 12:10
**August** [1] - 16:4
**automobile** [1] - 10:11
**Avalos** [4] - 4:13, 5:3, 22:4, 26:11
**AVALOS** [1] - 1:3
**Avenue** [1] - 2:9

**B**

**BAILIFF** [1] - 4:4
**Bank** [1] - 17:19
**based** [9] - 14:23, 14:24, 15:4, 15:8, 15:9, 15:18, 15:20, 17:3, 17:6

**basis** [2] - 7:9, 17:8
**Beadle** [1] - 17:19
**behalf** [2] - 6:7, 14:5
**believes** [1] - 11:1
**better** [1] - 18:9
**block** [2] - 11:16, 20:1
**Bonham** [1] - 17:19
**breach** [3] - 14:24, 15:3, 17:15
**breached** [2] - 14:6, 14:7
**bring** [1] - 21:17
**bringing** [1] - 14:4
**brought** [3] - 7:10, 15:7, 15:16
**Brownsville** [1] - 2:5
**business** [1] - 8:2

**C**

**cannot** [3] - 21:3, 21:25, 22:1
**car** [17] - 7:8, 9:2, 9:24, 10:13, 11:7, 11:13, 11:14, 20:6, 20:10, 20:23, 20:24, 21:24, 22:2, 24:13, 24:20, 24:22
**Case** [2] - 3:3, 5:2
**case** [33] - 7:7, 7:12, 7:14, 7:24, 8:7, 8:9, 8:12, 8:14, 9:8, 9:12, 9:14, 9:18, 10:11, 10:15, 12:17, 16:2, 16:10, 16:12, 17:9, 17:19, 17:24, 18:25, 21:6, 21:14, 23:7, 23:11, 23:12, 23:19, 24:18, 25:7, 27:5, 27:7, 27:8
**CAUSE** [1] - 1:2
**causing** [1] - 23:13
**certainly** [1] - 7:8
**Certificate** [1] - 3:5
**certified** [1] - 8:1
**certify** [3] - 28:5, 28:9, 28:12
**chambers** [1] - 28:8
**chance** [2] - 16:16, 16:21
**children** [1] - 21:11
**CHRONOLOGICAL** [1] - 3:1
**Chronological** [1] - 3:4
**circumstances** [1] - 24:6
**cite** [1] - 17:18
**Civil** [1] - 17:10
**claim** [3] - 11:23, 20:3,

23:5
**claimed** [1] - 11:6
**claiming** [1] - 15:4
**claims** [3] - 7:6, 15:9, 15:20
**clear** [4] - 22:17, 22:18, 22:20
**CLERK** [1] - 15:13
**client** [7] - 6:16, 6:19, 13:8, 13:24, 25:11, 25:12, 25:14
**client's** [4] - 7:11, 20:16, 25:2, 26:4
**clients** [1] - 9:17
**Code** [1] - 17:10
**collateral** [2] - 21:4, 21:5
**collision** [1] - 9:3
**collusion** [1] - 14:23
**committing** [1] - 13:8
**companies** [3] - 23:3, 23:6, 25:4
**COMPANY** [1] - 1:8
**Company** [2] - 23:8, 23:21
**company** [7] - 4:14, 5:4, 21:16, 22:10, 22:23, 23:21
**compare** [1] - 23:4
**complete** [1] - 6:13
**completely** [1] - 5:25
**Computer** [1] - 1:20
**Computer-Assisted** [1] - 1:20
**Computerized** [1] - 1:18
**concept** [1] - 21:1
**concerns** [1] - 10:11
**CONCLUDED** [1] - 27:18
**Concluded** [1] - 3:5
**conduct** [1] - 27:7
**conflict** [1] - 17:25
**confusion** [1] - 9:15
**consider** [1] - 24:6
**constituted** [1] - 16:6
**construed** [3] - 17:14, 23:25, 24:1
**contains** [1] - 28:5
**contend** [1] - 11:19
**continuance** [5] - 5:9, 5:17, 27:2, 27:5, 27:9
**continue** [1] - 13:12
**contract** [3] - 14:25, 17:12, 17:13
**contradicts** [2] - 7:14, 24:7
**contrary** [3] - 19:16, 20:11, 26:5

**control** [1] - 16:3
**controversy** [1] - 17:23
**controverting** [1] - 19:21
**convinces** [1] - 13:25
**copies** [4] - 5:8, 8:18, 8:19, 15:11
**copy** [2] - 7:10, 8:1
**Coria** [1] - 2:4
**Corinth** [1] - 23:20
**corners** [5] - 22:22, 23:9, 24:5, 24:10
**correct** [1] - 28:5
**correctly** [1] - 28:10
**cost** [1] - 28:12
**Counsel** [8] - 6:22, 10:6, 19:19, 24:15, 25:6, 26:15, 27:4, 27:13
**counsel** [6] - 8:24, 13:16, 15:16, 18:15, 22:12, 28:6
**counsel's** [1] - 5:13
**counterclaim** [1] - 14:22
**COUNTY** [2] - 1:6, 28:2
**County** [2] - 1:17, 28:4
**course** [1] - 6:14
**Court** [35] - 3:5, 4:3, 4:5, 4:12, 5:1, 5:20, 7:10, 8:8, 9:23, 10:24, 10:25, 11:1, 11:3, 11:21, 13:19, 14:17, 16:9, 17:18, 17:19, 17:21, 18:10, 18:16, 21:11, 22:7, 22:17, 22:18, 23:7, 24:17, 25:1, 27:15, 28:4, 28:4, 28:23
**COURT** [55] - 1:2, 1:3, 1:23, 4:8, 4:13, 4:16, 4:21, 5:3, 5:7, 5:15, 5:21, 6:21, 7:16, 8:4, 8:24, 9:5, 10:5, 10:14, 11:12, 12:12, 12:18, 13:6, 13:11, 14:11, 14:18, 15:11, 15:14, 16:7, 16:25, 18:15, 19:5, 19:8, 19:12, 19:17, 19:19, 20:8, 20:12, 20:18, 21:13, 21:18, 21:22, 22:12, 23:15, 24:14, 25:6, 25:14, 25:23, 26:2, 26:6, 26:15, 26:18, 26:23, 27:4, 27:12
**court** [5] - 21:7, 22:10,

24:4, 24:6, 28:8
**Court's** [1] - 4:11
**courts** [1] - 21:3
**coverage** [11] - 11:24, 13:21, 14:7, 15:3, 17:6, 22:16, 22:24, 23:6, 23:17, 24:11, 24:24
**covered** [4] - 10:17, 23:5, 23:18, 24:12
**creates** [1] - 21:2
**CSR** [2] - 1:23, 28:22

**D**

**Date** [1] - 28:23
**days** [2] - 6:25, 7:2
**deals** [3] - 15:17, 15:19, 15:21
**dec.** [11] - 14:23, 15:2, 15:8, 15:18, 15:24, 17:3, 17:5, 17:11, 17:17, 17:22, 18:4
**decide** [1] - 19:4
**decided** [2] - 6:16, 22:5
**declaratory** [1] - 14:24
**defend** [9] - 17:6, 18:8, 18:24, 19:9, 21:19, 22:25, 23:22, 23:23, 24:4
**DEFENDANT** [2] - 1:8, 2:7
**defense** [4] - 13:20, 14:2, 14:7, 15:3
**denial** [1] - 23:17
**denied** [2] - 27:5, 27:9
**depo** [7] - 6:13, 6:18, 10:21, 12:2, 16:11, 16:12
**deposed** [1] - 12:10
**deposition** [10] - 5:23, 7:5, 7:17, 9:10, 11:4, 13:17, 15:5, 19:24, 20:16, 25:16
**determining** [1] - 22:24
**dictate** [1] - 24:10
**different** [3] - 5:25, 18:18, 21:7
**directly** [1] - 7:6
**disagree** [4] - 22:19, 25:10, 25:11, 25:25
**discovery** [7] - 8:6, 8:14, 9:17, 15:25, 16:10, 16:17, 27:7
**discussion** [1] - 9:18
**dispose** [1] - 27:10
**DISTRICT** [3] - 1:3,

1:8, 1:23
**District** [3] - 4:5, 28:4, 28:23
**docket** [4] - 4:11, 4:22, 16:3, 16:25
**doctrine** [4] - 21:2, 22:21, 23:9, 24:5
**document** [3] - 6:14, 8:3, 23:5
**documents** [6] - 7:22, 8:21, 23:1, 23:4, 24:9
**doubts** [2] - 23:23, 24:1
**driver** [11] - 11:8, 11:9, 19:9, 19:11, 20:10, 21:20, 23:13, 24:12, 24:15, 24:20, 24:22
**drivers** [1] - 10:15
**driving** [26] - 7:7, 7:13, 9:2, 9:4, 9:24, 10:16, 10:17, 11:7, 11:24, 12:8, 19:22, 19:23, 20:2, 20:6, 20:14, 20:23, 20:24, 21:24, 22:2, 25:5, 25:17, 25:22, 25:23, 26:3, 26:10, 26:13
**during** [1] - 13:16
**duty** [14] - 14:6, 14:7, 15:3, 18:24, 19:3, 19:6, 19:7, 19:9, 21:19, 22:25, 23:22, 23:23, 24:3, 25:4

**E**

**Edinburg** [1] - 2:10
**effort** [1] - 9:16
**efforts** [2] - 9:9, 9:11
**eight** [5] - 22:21, 22:22, 23:9, 24:5, 24:9
**either** [2] - 17:14, 18:5
**Elite** [1] - 23:7
**employed** [1] - 13:4
**employer** [1] - 13:9
**entered** [1] - 16:4
**entire** [2] - 9:15, 22:13
**entitled** [3] - 1:15, 14:15, 17:16
**essentially** [2] - 13:19, 17:4
**estoppel** [2] - 21:4, 21:6
**Evanston** [1] - 23:20
**evidence** [24] - 5:14, 6:24, 7:4, 8:14, 8:23, 10:2, 15:6, 15:9, 15:19, 18:7, 19:22,

19:23, 19:25, 20:2, 20:11, 20:13, 20:20, 22:12, 22:16, 24:7, 26:2, 26:6, 26:12, 28:6
**ex** [1] - 11:17
**ex-mother-in-law** [1] - 11:17
**exact** [2] - 25:12, 25:15
**exactly** [3] - 11:3, 18:2, 25:22
**Except** [1] - 20:23
**except** [1] - 8:9
**exception** [1] - 23:9
**exceptions** [1] - 6:5
**excerpts** [1] - 10:21
**exchange** [1] - 14:2
**excluded** [5] - 11:8, 11:9, 19:9, 19:10, 21:20
**excused** [1] - 26:22
**exhibits** [1] - 28:10
**existing** [1] - 27:8
**Expiration** [1] - 28:23
**explain** [1] - 20:6
**explained** [1] - 11:9
**extent** [1] - 8:10
**extreme** [1] - 12:14
**extrinsic** [1] - 24:7

**F**

**fact** [6] - 9:24, 10:3, 11:25, 19:22, 20:23, 27:2
**facts** [6] - 10:9, 18:19, 18:23, 21:3, 24:18, 25:22
**fair** [2] - 16:16, 16:20
**fall** [1] - 6:5
**far** [3] - 10:8, 18:9, 27:4
**favor** [4] - 9:25, 18:20, 23:24, 24:1
**FAX** [3] - 1:25, 2:6, 2:11
**Fax** [1] - 28:25
**February** [4] - 1:11, 1:13, 4:7, 28:15
**FEBRUARY** [1] - 3:2
**file** [4] - 17:5, 17:17, 22:9, 27:6
**filed** [16] - 5:12, 5:24, 6:3, 6:15, 6:24, 7:2, 7:3, 7:5, 7:11, 7:22, 12:2, 14:14, 14:22, 17:11, 25:19
**filing** [1] - 7:17
**fill** [1] - 9:6

**Firm** [2] - 2:4, 28:13
**first** [6] - 5:18, 5:22, 6:2, 15:17, 18:19
**Flores** [1] - 23:12
**FLORES** [1] - 1:4
**following** [2] - 1:14, 4:2
**follows** [1] - 10:10
**FOR** [2] - 2:2, 2:7
**foregoing** [1] - 28:5
**form** [2] - 8:16, 8:18
**four** [1] - 18:18
**frankly** [1] - 9:20
**fraud** [5] - 13:9, 14:24, 24:4, 24:16, 25:2
**Fred** [6] - 13:4, 13:7, 13:9, 18:20, 18:23, 26:13
**freely** [1] - 13:17
**friendly** [3] - 21:8, 21:9, 22:8
**front** [1] - 21:11
**fundamental** [1] - 9:1

**G**

**Garza** [1] - 28:14
**genuine** [3] - 10:3, 17:24, 20:22
**given** [1] - 26:7
**grant** [3] - 18:16, 19:2, 27:3
**great** [1] - 17:20
**GREEN** [33] - 4:24, 5:6, 6:23, 8:25, 9:7, 10:23, 12:19, 13:2, 13:7, 14:13, 14:15, 18:13, 18:16, 19:7, 19:10, 19:15, 19:18, 20:5, 20:9, 20:15, 20:21, 21:15, 21:21, 21:23, 22:19, 23:16, 25:3, 25:10, 25:21, 25:24, 26:4, 26:9, 27:1
**Green** [4] - 2:3, 2:4, 13:22, 28:13
**Guevara** [13] - 8:7, 8:17, 11:23, 12:2, 13:14, 13:23, 13:25, 14:5, 14:21, 15:5, 16:11, 22:4, 24:19
**GUEVARA** [1] - 1:5
**Guevara's** [1] - 25:16
**Guevaras** [3] - 22:15, 24:19, 25:8
**Guideone** [1] - 23:7

3

## H

**HAND** [1] - 28:15
**handed** [1] - 20:15
**happy** [1] - 17:21
**Haynes** [1] - 2:9
**hear** [1] - 14:19
**heard** [6] - 1:14, 4:11, 4:25, 12:24, 26:16, 27:14
**hearing** [5] - 7:2, 14:18, 22:13, 25:25, 26:10
**hearsay** [3] - 6:6, 6:13, 8:3
**held** [1] - 1:16
**help** [2] - 24:15, 25:1
**hereby** [1] - 28:5
**Holdings** [1] - 23:20
**Honor** [21] - 4:15, 4:24, 5:5, 5:6, 6:23, 7:6, 7:15, 7:21, 8:25, 10:7, 15:13, 17:8, 19:11, 19:14, 21:9, 23:19, 25:11, 26:17, 26:22, 26:25, 27:11
**Honorable** [2] - 1:15, 4:6
**hoped** [1] - 16:11
**hurt** [1] - 21:12
**Hurtado** [4] - 4:13, 5:3, 22:4, 26:11
**HURTADO** [2] - 1:3, 1:4
**Hurtado's** [1] - 10:13
**Hurtados** [7] - 11:8, 13:18, 14:23, 22:14, 24:19, 24:23, 25:8
**husband** [3] - 10:16, 11:6, 13:18

## I

**idea** [1] - 18:14
**ignore** [1] - 25:1
**important** [1] - 24:2
**IN** [1] - 1:3
**in-laws** [1] - 20:1
**inaudible** [1] - 12:23
**incident** [1] - 7:8
**included** [2] - 14:20, 28:7
**INDEX** [1] - 3:1
**Index** [1] - 3:4
**indicated** [1] - 10:9
**initial** [1] - 7:23
**injuries** [1] - 12:13
**insurance** [19] - 11:10, 11:24, 12:9, 13:8, 17:12, 21:16, 22:9, 22:10, 22:16, 22:23, 23:2, 23:3, 23:5, 23:17, 23:21, 24:9, 24:11, 24:24, 25:4
**INSURANCE** [1] - 1:8
**Insurance** [6] - 4:14, 5:4, 21:19, 23:7, 23:20, 25:19
**insured** [5] - 10:17, 18:24, 23:13, 23:24, 24:2
**interest** [2] - 6:9, 17:25
**interpreting** [1] - 24:5
**interrogatories** [1] - 16:18
**interrogatory** [2] - 9:1, 9:19
**Investors** [1] - 23:20
**involve** [1] - 6:11
**involvement** [1] - 9:12
**irrelevant** [1] - 20:5
**issue** [11] - 7:7, 10:3, 10:4, 18:19, 20:22, 21:5, 21:24, 22:2, 22:5, 22:7, 22:11
**issued** [1] - 22:6
**issues** [2] - 15:17, 18:18

## J

**John** [1] - 2:8
**Jorge** [1] - 2:3
**Judge** [12] - 1:16, 4:6, 6:20, 9:20, 10:24, 18:14, 18:18, 21:1, 21:21, 22:5, 22:20, 24:3
**judgment** [25] - 5:12, 5:14, 5:16, 7:19, 8:22, 9:22, 10:8, 10:10, 12:16, 13:22, 13:23, 14:3, 14:16, 15:18, 15:20, 15:23, 17:3, 18:17, 19:2, 19:21, 20:3, 20:20, 25:19, 26:8, 27:3
**judicata** [5] - 19:18, 21:1, 21:4, 21:23, 22:6
**JUDICIAL** [1] - 1:8
**justice** [1] - 25:1
**justiciable** [2] - 17:23, 19:4

## K

**KARLA** [1] - 1:4
**Karla** [2] - 22:4, 23:12

**keep** [1] - 7:17
**kind** [2] - 6:9, 14:25
**knowledge** [1] - 16:5

## L

**language** [1] - 17:21
**LAREDO** [1] - 1:24
**Laredo** [2] - 1:16, 28:24
**last** [3] - 9:13, 9:16, 16:4
**law** [5] - 11:17, 17:9, 19:1, 21:21, 21:22
**Law** [2] - 2:4, 28:13
**laws** [1] - 20:1
**lawsuit** [7] - 6:12, 8:19, 12:2, 14:8, 20:25, 21:17, 26:14
**lawyer** [3] - 12:20, 13:3, 13:4
**length** [1] - 18:21
**less** [1] - 11:16
**Leticia** [1] - 28:14
**liberally** [1] - 23:25
**lied** [3] - 22:15, 24:19, 25:17
**light** [1] - 27:2
**Lizette** [1] - 22:4
**LLP** [1] - 2:9
**looking** [1] - 5:9
**looks** [2] - 20:3, 22:25
**LOYA** [1] - 1:8
**Loya** [20] - 4:14, 5:4, 6:11, 7:14, 10:23, 12:11, 13:4, 13:8, 13:9, 13:13, 13:20, 14:1, 14:6, 15:7, 17:4, 18:20, 18:23, 21:19, 25:19, 26:13
**Lyde** [8] - 2:8, 2:9, 7:6, 9:7, 9:10, 9:14, 9:20, 9:23
**LYDE** [27] - 4:15, 4:18, 4:23, 5:5, 5:11, 5:18, 5:22, 7:21, 8:5, 10:7, 10:19, 11:2, 11:14, 12:15, 12:21, 12:25, 13:13, 14:14, 14:20, 15:15, 16:8, 17:2, 19:14, 26:17, 26:21, 26:25, 27:11
**7:4**

## M

**ma'am** [1] - 4:23
**Machine** [1] - 1:19
**man** [1] - 7:13
**March** [1] - 10:12

**material** [2] - 10:3, 20:22
**matter** [2] - 10:25, 11:3
**matters** [3] - 4:10, 4:25, 27:14
**mean** [7] - 7:16, 12:3, 12:13, 18:2, 19:3, 19:5, 27:4
**means** [2] - 8:10, 24:8
**Mendoza** [2] - 28:4, 28:22
**MENDOZA** [1] - 1:23
**might** [1] - 18:9
**minor** [1] - 22:8
**minutes** [1] - 4:19
**MONICA** [1] - 1:16
**Monica** [1] - 4:6
**morning** [5] - 4:8, 4:15, 5:5, 5:6, 26:24
**mother** [1] - 11:17
**motion** [13] - 4:17, 5:9, 5:11, 5:16, 7:19, 9:22, 10:8, 10:9, 15:18, 15:23, 19:20, 20:2, 27:2
**motions** [1] - 15:12
**MR** [60] - 4:15, 4:18, 4:23, 4:24, 5:5, 5:6, 5:11, 5:18, 5:22, 6:23, 7:21, 8:5, 8:25, 9:7, 10:7, 10:19, 10:23, 11:2, 11:14, 12:15, 12:19, 12:21, 12:25, 13:2, 13:7, 13:13, 14:13, 14:14, 14:15, 14:20, 15:15, 16:8, 17:2, 18:13, 18:16, 19:7, 19:10, 19:14, 19:15, 19:18, 20:5, 20:9, 20:15, 20:21, 21:15, 21:21, 21:23, 22:19, 23:16, 25:3, 25:10, 25:21, 25:24, 26:4, 26:9, 26:17, 26:21, 26:25, 27:1, 27:11
**MSJ** [7] - 11:22, 14:10, 15:1, 15:2, 15:6, 18:7
**MY** [1] - 28:15

## N

**need** [3] - 4:16, 12:6, 12:8
**negligent** [2] - 22:3, 23:13
**NO** [4] - 1:2, 1:2, 2:3, 2:8

**Notzon** [1] - 4:6
**NOTZON** [1] - 1:16
**number** [2] - 6:3, 8:8
**Number** [2] - 4:14, 5:4
**numbered** [2] - 1:15, 28:7

## O

**o'clock** [1] - 6:17
**oath** [3] - 7:12, 24:21, 25:17
**object** [2] - 6:19, 8:3
**objecting** [2] - 6:2, 6:4
**objection** [2] - 5:22, 7:20
**objections** [6] - 5:13, 5:19, 7:4, 7:22, 10:5, 20:19
**obviously** [2] - 17:24, 17:25
**occurred** [2] - 10:12, 28:8
**October** [1] - 11:5
**OF** [4] - 1:1, 1:4, 28:1, 28:2
**offer** [1] - 12:12
**offered** [2] - 6:7, 6:8
**OFFICE** [1] - 1:25
**Office** [1] - 28:25
**officer** [1] - 12:1
**Official** [2] - 28:4, 28:23
**OFFICIAL** [2] - 1:23, 28:15
**once** [1] - 22:1
**one** [11] - 5:23, 6:3, 7:23, 8:3, 8:9, 10:13, 12:8, 15:17, 15:19, 15:21, 21:4
**ones** [2] - 16:9, 16:10
**open** [1] - 28:8
**Open** [1] - 4:3
**opponent** [1] - 6:8
**opposing** [3] - 5:13, 13:16, 15:15
**opposite** [2] - 25:13, 25:15
**order** [3] - 4:5, 16:3, 22:15
**original** [1] - 12:13
**Original** [1] - 28:13
**originally** [2] - 10:12, 11:6
**OSBALDO** [1] - 1:3
**Osvaldo** [2] - 22:3, 26:11
**outside** [1] - 12:7
**owe** [4] - 18:23, 19:5, 19:7, 19:8

**owed** [1] - 19:3
**own** [2] - 6:18, 8:13

**P**

**P.C.** [2] - 2:4, 28:13
**PAGE** [1] - 3:2
**paid** [1] - 28:13
**paid/will** [1] - 28:13
**parade** [1] - 21:10
**parents** [1] - 21:11
**part** [3] - 6:11, 7:18, 20:19
**particular** [2] - 6:12, 16:2
**parties** [4] - 6:11, 16:5, 28:6, 28:11
**parts** [1] - 21:4
**party** [7] - 6:8, 8:9, 9:8, 9:14, 9:18, 10:17, 14:21
**passed** [1] - 15:24
**people** [2] - 22:14, 25:6
**perpetuate** [2] - 24:16, 25:2
**person** [2] - 23:18, 24:12
**petition** [1] - 23:12
**PHONE** [2] - 2:5, 2:10
**piece** [1] - 13:24
**plainly** [1] - 17:13
**Plaintiff** [1] - 8:11
**PLAINTIFFS** [2] - 1:5, 2:2
**Plaintiffs** [2] - 5:24, 11:19
**pleadings** [4] - 23:1, 23:24, 24:7, 24:8
**plenty** [1] - 27:6
**plot** [1] - 24:23
**point** [2] - 8:7, 19:1
**pointed** [1] - 9:8
**police** [2] - 7:23, 12:1
**policy** [4] - 17:12, 23:2, 23:18, 24:9
**portions** [1] - 28:6
**position** [3] - 7:14, 10:1, 20:22
**Practice** [1] - 17:10
**pre** [2] - 5:14, 27:8
**pre-existing** [1] - 27:8
**pre-trial** [1] - 5:14
**preclusion** [2] - 21:5, 22:6
**preparation** [1] - 28:12
**presentation** [3] - 12:22, 13:1, 18:9
**presiding** [2] - 1:16,

4:7
**prevents** [1] - 22:6
**printed** [1] - 28:13
**proceeding** [3] - 5:25, 6:10
**proceedings** [5] - 1:14, 3:5, 4:2, 28:6, 28:10
**PROCEEDINGS** [2] - 4:1, 27:18
**Proceedings** [2] - 1:18, 3:4
**produced** [2] - 1:19, 13:15
**production** [1] - 16:18
**prong** [2] - 15:1, 15:8
**proper** [1] - 9:18
**proposition** [2] - 22:23, 23:8
**protection** [1] - 21:16
**prove** [1] - 8:22
**prove-up** [1] - 8:22
**proven** [4] - 7:25, 8:2, 8:20, 10:20
**provide** [3] - 14:6, 14:7, 23:6
**provided** [2] - 8:19, 21:16
**purposes** [2] - 25:25, 26:9
**pushing** [1] - 16:9

**R**

**rats** [1] - 13:8
**read** [2] - 17:21, 25:15
**ready** [2] - 12:3, 12:4
**really** [4] - 12:8, 14:11, 16:11, 18:8
**reason** [3] - 6:2, 6:4, 11:6
**recalled** [1] - 5:2
**received** [1] - 7:4
**recognize** [1] - 20:9
**RECORD** [1] - 1:1
**record** [1] - 8:2
**Record** [4] - 1:19, 28:7, 28:10, 28:12
**recorded** [2] - 10:20, 13:15
**reflects** [1] - 28:10
**refuses** [1] - 12:10
**regard** [2] - 5:12, 17:18
**regarding** [1] - 23:23
**regards** [4] - 11:1, 16:14, 16:23, 20:23
**relates** [1] - 10:3
**relevant** [2] - 9:21, 9:23

**Remedies** [1] - 17:10
**remember** [1] - 10:14
**rendered** [1] - 12:16
**report** [1] - 7:23
**reported** [2] - 1:18, 28:8
**REPORTER** [1] - 1:23
**Reporter** [2] - 28:4, 28:23
**REPORTER'S** [1] - 1:1
**Reporter's** [5] - 1:19, 3:5, 28:7, 28:9, 28:12
**represent** [2] - 16:8, 25:12
**representing** [1] - 26:11
**requested** [1] - 28:6
**requests** [2] - 16:18
**require** [1] - 6:24
**required** [1] - 8:22
**requires** [1] - 7:1
**res** [5] - 19:18, 21:1, 21:4, 21:23, 22:6
**resolved** [4] - 9:25, 18:20, 18:23, 23:23
**respectfully** [3] - 22:19, 25:10, 25:11
**respective** [1] - 28:11
**respond** [2] - 18:11, 19:20
**response** [9] - 6:21, 7:1, 7:3, 7:18, 7:23, 15:16, 16:23, 25:18, 26:7
**responses** [7] - 7:3, 8:6, 8:14, 9:6, 9:20, 10:25, 12:24
**responsible** [1] - 14:21
**rights** [1] - 8:10
**rise** [1] - 4:4
**Rodriguez** [1] - 2:9
**room** [1] - 12:4
**Rule** [2] - 6:10, 16:6
**rule** [7] - 5:17, 6:6, 6:23, 18:17, 22:22, 25:1
**ruling** [1] - 26:20

**S**

**S.W.2d** [1] - 17:20
**safe** [1] - 4:20
**SBOT** [2] - 2:3, 2:8
**scene** [1] - 11:10
**scheme** [1] - 25:9
**seated** [1] - 4:9
**second** [8] - 6:4, 8:5, 15:19, 18:22, 20:16,

21:5, 21:7
**Section** [2] - 17:9, 17:16
**see** [4] - 5:7, 16:25, 21:9, 25:20
**See** [1] - 28:12
**sends** [1] - 13:13
**sent** [1] - 6:18
**separate** [1] - 21:17
**September** [2] - 11:5, 25:16
**session** [1] - 4:6
**set** [3] - 5:8, 5:10, 16:2
**sets** [1] - 17:11
**settle** [2] - 12:1, 12:14
**seven** [2] - 6:25, 7:2
**several** [1] - 8:8
**shape** [2] - 8:16, 8:17
**sheet** [1] - 17:1
**show** [6] - 9:21, 10:24, 14:16, 20:12, 25:14, 25:18
**showed** [2] - 11:10, 24:18
**shows** [1] - 22:8
**signed** [2] - 8:17, 16:4
**simply** [2] - 8:2, 8:21
**Simultaneous** [1] - 12:23
**single** [1] - 21:10
**sister** [1] - 11:17
**situation** [1] - 21:2
**solely** [2] - 15:19, 16:1
**sort** [1] - 19:21
**specifically** [2] - 17:11, 18:22
**stands** [2] - 22:22, 23:8
**Started** [1] - 3:4
**state** [1] - 10:15
**STATE** [1] - 28:1
**State** [3] - 17:19, 22:21, 28:5
**statement** [2] - 10:21, 13:15
**stays** [1] - 27:9
**Stenotype** [1] - 1:19
**step** [1] - 12:7
**STREET** [1] - 1:24
**Street** [1] - 28:24
**Style** [1] - 3:3
**styled** [1] - 28:7
**subject** [2] - 9:17, 20:25
**subsequently** [2] - 12:10, 13:20
**successful** [1] - 9:11
**sued** [2] - 26:12, 26:13
**suit** [7] - 6:19, 7:9,

12:1, 14:4, 14:9, 22:8, 22:9
**Suite** [2] - 1:24, 28:24
**suits** [2] - 21:8, 21:10
**summary** [24] - 5:11, 5:13, 5:16, 7:19, 8:22, 9:22, 10:8, 10:10, 12:16, 13:22, 13:23, 14:16, 15:18, 15:20, 15:23, 17:3, 18:17, 19:2, 19:20, 20:3, 20:20, 25:18, 26:7, 27:3
**supplemental** [1] - 7:3
**support** [2] - 7:18, 9:6
**supposed** [1] - 23:3
**Supreme** [2] - 17:18, 23:7
**sustain** [1] - 7:19
**sustained** [2] - 10:6, 20:19
**swore** [1] - 25:15
**sworn** [7] - 19:12, 19:15, 19:24, 20:11, 20:13, 25:12, 26:4

**T**

**tangible** [1] - 17:25
**tender** [1] - 12:11
**testified** [2] - 11:4, 11:20
**testimony** [8] - 7:5, 7:11, 11:21, 19:13, 19:15, 19:24, 20:13, 26:5
**TEXAS** [4] - 1:6, 1:23, 1:24, 28:1
**Texas** [9] - 1:17, 2:5, 2:10, 17:10, 17:18, 22:21, 28:5, 28:22, 28:24
**THE** [57] - 1:3, 2:2, 2:7, 4:4, 4:8, 4:13, 4:16, 4:21, 5:3, 5:7, 5:15, 5:21, 6:21, 7:16, 8:4, 8:24, 9:5, 10:5, 10:14, 11:12, 12:12, 12:18, 13:6, 13:11, 14:11, 14:18, 15:11, 15:13, 15:14, 16:7, 16:25, 18:15, 19:5, 19:8, 19:12, 19:17, 19:19, 20:8, 20:12, 20:18, 21:13, 21:18, 21:22, 22:12, 23:15, 24:14, 25:6, 25:14, 25:23, 26:2, 26:6, 26:15, 26:18, 26:23, 27:4, 27:12,

28:1
**they've** [1] - 8:21
**third** [2] - 14:21, 15:21
**three** [1] - 15:16
**timely** [1] - 6:3
**to-wit** [1] - 4:3
**today** [1] - 15:1
**together** [1] - 11:11
**tomorrow** [2] - 26:20, 26:23
**took** [3] - 11:4, 14:10, 16:11
**top** [2] - 8:15, 8:18
**total** [1] - 28:12
**traditional** [6] - 15:2, 15:8, 15:17, 15:23, 17:2, 18:7
**transcript** [1] - 28:13
**Transcription** [1] - 1:20
**transcription** [1] - 28:5
**TRIAL** [1] - 1:2
**trial** [4] - 5:14, 14:12, 16:3, 27:9
**tried** [4] - 21:25, 22:1, 22:3
**true** [2] - 25:5, 28:5
**truly** [1] - 28:10
**try** [2] - 21:3, 21:6
**turn** [1] - 22:9
**twice** [1] - 21:3
**two** [8] - 7:22, 15:1, 15:8, 21:3, 23:1, 23:4, 24:9
**two-prong** [2] - 15:1, 15:8
**typically** [1] - 7:16

# U

**under** [7] - 6:10, 7:12, 17:13, 24:6, 24:21, 25:17, 26:19
**underlying** [10] - 5:24, 6:10, 6:19, 7:9, 7:24, 8:7, 10:9, 14:9, 20:17, 23:11
**undisputable** [1] - 24:11
**undisputed** [2] - 23:11, 24:18
**unless** [1] - 20:4
**up** [16] - 5:15, 5:17, 5:19, 7:25, 8:2, 8:20, 8:22, 11:10, 11:15, 11:22, 15:16, 22:7, 22:8, 24:23, 25:8, 27:1

# V

**valid** [1] - 20:3
**verified** [2] - 8:16, 11:18
**versus** [5] - 4:13, 5:3, 17:19, 22:4, 23:20
**VICENTE** [1] - 1:23
**Vicente** [2] - 28:4, 28:22
**VICTORIA** [1] - 1:24
**Victoria** [1] - 28:24
**Vidaurri** [1] - 2:9
**volume** [1] - 28:7
**VOLUME** [1] - 1:1
**Volume** [1] - 28:13
**VOLUMES** [1] - 1:1
**VS** [1] - 1:7

# W

**waited** [1] - 6:17
**waived** [2] - 17:5, 18:4
**wants** [2] - 9:23, 10:23
**WEBB** [2] - 1:6, 28:2
**Webb** [2] - 1:16, 28:4
**WHEREUPON** [1] - 4:2
**wit** [1] - 4:3
**withdrawal** [1] - 13:23
**withdrawn** [1] - 13:21
**withdraws** [1] - 13:21
**WITNESS** [1] - 28:15
**woman** [1] - 7:13
**words** [1] - 19:20
**wreck** [1] - 23:14
**writing** [1] - 28:6

# Y

**year** [1] - 16:4
**yesterday** [2] - 6:1, 6:17

# TAB 3

Filed
10/30/2014 1:36:42 PM
Esther Degollado
District Clerk
Webb District
2014CVT002421D1

CAUSE NO. _____

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS | § | IN THE DISTRICT COURT |
| AND ANTONIO HURTADO | § | |
| | § | |
| | § | |
| VS. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| | § | |
| KARLA LIZETTE FLORES GUEVARA | § | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Osbaldo Hurtado Avalos and Antonio Hurtado hereinafter referred to as Plaintiffs, complaining of and about Karla Lizette Flores Guevara, hereinafter referred to as Defendant, and will show unto the Court the following:

### A. Discovery Control Plan

1. Plaintiffs intend to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.

### B. Parties and Service

2. Plaintiffs Osbaldo Hurtado Avalos and Antonio Hurtado are individuals residing in Laredo, Webb County, Texas.

3. Defendant, Karla Lizette Flores Guevara, an individual, may be served with process 1717 Cedar, Laredo, Texas 78040. Service of said defendant as described above can be effected by civil process server.

### C. Venue

4. Venue is proper in Webb County, Texas because all or a substantial part of the events or omissions serving as the basis of this litigation occurred in Webb County, Texas.

## D. Facts

5.     On or about March 18, 2013, Plaintiffs suffered injuries when the vehicle they were driving was struck by the vehicle operated by Karla Lizette Flores Guevara.

## E. Count One - Negligence

7.     At or immediately preceding the time of the subject collision, Karla Lizette Flores Guevara was operating her vehicle negligently. Karla Lizette Flores Guevara had a duty to exercise ordinary care and operate her vehicle reasonably and prudently. Karla Lizette Flores Guevara breached that duty in one or more of the following ways:

     a.     Failing to make a proper turn;

     b.     Failing to maintain a proper lookout;

     c.     Failing to timely apply her brakes;

     d.     Failing to turn her vehicle in order to avoid the collision; and

     e.     Driver inattention.

8.     Karla Lizette Flores Guevara's  negligence proximately caused Plaintiffs' injuries and other damages.

## F. Damages

9.     Plaintiffs seek monetary relief over $100,000, but nor more than $200,000.

## G. Conditions Precedent

10.     All conditions precedent have been performed or have occurred.

## H. Request for Disclosure

11.     Under Texas Rule of Civil Procedure 194, Plaintiffs request defendant disclose within 50 days of the service of this request, the information or material described in Rule

194.2 (a) through (l).

## I. PRAYER

12.     WHEREFORE PREMISES CONSIDERED, Plaintiffs Osbaldo Hurtado Avalos and

Antonio Hurtado respectfully pray that defendant be cited to appear and answer herein,

and that Plaintiffs have judgment against defendant for the following:

       a.      Physical pain in the past and future;

       b.      Mental anguish in the past and future;

       c.      Physical impairment in the past and future;

       d.      Medical expenses in the past and future;

       e.      Lost earning capacity in the past and future;;

       g.      Costs of suit;

       h.      Pre-judgment and post-judgment interest; and

       i.      All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

THE GREEN LAW FIRM P.C.
34 S. Coria
Brownsville, Texas 78520
Telephone    :  (956) 542-7000
Facsimile     :  (956) 542-7026


BY:_____/S/_____
      JORGE A. GREEN
      State Bar No. 24038023

**ATTORNEY FOR PLAINTIFFS**

**Interrogatory #1:**
Describe how the collision occurred, including: (1) what you contend caused or contributed to the collision, (2) how it happened, (3) the road and weather conditions, and (4) the traffic conditions.

**Answer:**


**Interrogatory #2:**
Please state the purpose of your trip at the time of the collision, including where you had been, where you were going, and the time at which you were supposed to arrive at your destination.

**Answer:**


**Interrogatory #3:**
Who was driving the car at the time of the collision?

**Answer:**


**Interrogatory #4:**
Have you ever been sued or filed a lawsuit before? If so, please state (1) what the suit was about, (2) the county and state in which it was filed, (3) the style of the case, and (4) the disposition of the case, if resolved.

**Answer:**


**Interrogatory #5:**
Describe any previous car wrecks in which you have been involved. For each, please state (1) where the wreck happened, (2) who you believe was at fault, (3) whether a lawsuit was filed and (4) where you sought medical treatment for any injuries you sustained.

**Answer:**


**Interrogatory #6:**
Were you using a cell phone in any matter, including making or receiving a call, writing or reading a text message, or writing or reading an email, at the time of the collision?

**Answer:**

**Interrogatory #7:**
If you have been convicted of a felony or crime of moral turpitude in the last ten years, state the charge, the date and place of arrest, and county of conviction.

**Answer:**


**Interrogatory #8:**
Do you disagree with anything in the investigating officer's police report, including the additional narrative? If so, please state with what parts you disagree, why you disagree with them and why you did not change ask to amend the report.

**Answer:**


**Interrogatory #9:**
At what speed do you believe the vehicles involved were traveling immediately prior to the collision made the basis of this lawsuit?

**Answer:**


**Interrogatory #10:**
Describe in detail any and all conversations you had immediately following the collision until the time you left the scene. In your answer, please include: (1) with whom you spoke, (2) what the conversation was about, and (3) for about how long you spoke with each person.

**Answer:**


**Interrogatory #11:**
Do you intend to argue Plaintiff's injuries were not caused by the wreck? If so, state the basis for your belief, including facts supporting such contention.

**Answer:**


**Interrogatory #12:**
Describe the severity of the impact between the vehicles and the resulting visible damage to the vehicles.

**Answer:**


**Interrogatory #13:**
When did you first become aware of Plaintiffs' vehicle. Please state in both time (seconds or minutes) and distance (in feet).

**Answer:**


## *FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT*

**Request #1:**
All photographs by Defendant or Defendant's agent that relate to Plaintiffs' cause of action, including photographs of Plaintiffs, the vehicles involved in the collision, including Plaintiffs' and Defendant's vehicles, and/or the scene of the collision.

**Response:**


**Request #2:**
A copy of any property damage estimates, of both Plaintiff, Defendant, or any other vehicle involved, in Defendant's or Defendant's agent's possession.

**Response:**


**Request #3:**
All oral, taped or recorded statements made by any witnesses, including Plaintiff and Defendant, to the subject collision which are in the possession, constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**Response:**


**Request #4:**
Please produce all documents that Defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding personal injury in which Defendant, either in your personal capacity or on behalf of a minor or incompetent plaintiff, has been involved.

**Response:**


**Request #5:**
If and/or when an expert is retained by Defendant, please produce a copy of the expert's file, including: (1) all correspondence, including fee arrangements, between the expert and Defendant and/or Defendant's agents, including Defendant's attorney, (2) all materials and documents reviewed by the expert in preparing his or her report, (3) any slide-show, power point presentation, or other demonstrative evidence the expert will use at trial, and

(4) a list of all the cases in which the expert has testified in the last 4 years.

**Response:**

**Request #6:**
Please provide a copy of any and all statutes, regulations, ordinances, or written rules or customs that Defendant intends to introduce at trial.

**Response:**

**Request #7:**
Please provide copies of any and all communications between Defendant's attorney and Defendant's insurance carrier.

**Response:**

**Request #8:**
Please execute the attached authorization for the release of Defendant's cellular phone records.

**Response:**

**Request #9:**
Please provide a copy of your driver's license in effect at the time of the collision.

**Response:**

**Request #10:**
Please provide copies of any and all medical records for treatment you have received following previous car wrecks.

**Response:**

**Request #11:**
Please provide a copy of all documents related to previous lawsuits in which you have been involved; specifically, please include (1) any and all petitions or complaints, (2) deposition transcripts of your testimony, and (3) your discovery responses.

**Response:**

## Plaintiffs' Requests for Admissions to Defendant

1. Admit you are familiar with the area in which the subject collision occurred.

**Response:**

2. Admit that you believe Plaintiffs could not have done anything differently to avoid the collision.

**Response:**

3. Admit that you have previously received treatment from a chiropractor.

**Response:**

4. Admit that you have previously had an MRI performed on yourself.

**Response:**

5. Admit you have suffered pain because of a car wreck in which you were previously involved.

**Response:**

6. Admit that you caused the car wreck that is made the basis of this lawsuit.

**Response:**

7. Admit that you know of no other witnesses to the car crash.

**Response:**

8. Admit that an immediate family member (spouse, siblings, parents, and children) has been injured in a car wreck before.

**Response:**

9.	Admit that you should always wait until traffic is clear when turning left on an unprotected (without an arrow) green light.

**Response:**

# VERIFICATION

THE STATE OF TEXAS          §
                                        §

COUNTY OF _____    §


BEFORE ME, the undersigned authority, a notary public, on this day personally appeared **KARLA LIZETTE FLORES GUEVARA** who being by me duly sworn on his oath, deposed and said that she is duly qualified and authorized in all respects to make this Affidavit; that she has read the above and foregoing answers to interrogatories; and every statement contained in the answers is within her knowledge, and is true and correct.


_____
**KARLA LIZETTE FLORES GUEVARA**


       SUBSCRIBED AND SWORN TO BEFORE ME by the said **KARLA LIZETTE FLORES GUEVARA**, on this the _____ day of _____, 2014, to certify which witness my hand and official seal.


_____
Notary Public, State of Texas


_____
Printed/typed name of Notary


My Commission Expires:


_____

# AUTHORIZATION FOR WIRELESS COMMUNICATION DEVICE RECORDS

TO:_____ (Service Provider)

_____ (Address of Service Provider)

_____

RE:  **KARLA LIZETTE FLORES GUEVARA**

ACCOUNT NO._____

TELEPHONE NO._____ (if different from account number)

TIME PERIOD OF RECORDS REQUESTED: March 18, 2013 - April 18, 2013

This is to authorize and direct the above named company who has issued, sold, rented, or leased any form of cellular, pager or other wireless communication device(s) and/or provided services to me, **KARLA LIZETTE FLORES GUEVARA** to furnish the law firm of **The Green Law Firm, P.C.**, or any of its representatives, any and all billing and usage records related to the above account during the period indicated. Such records include, but are not limited to: detailed billing information, detailed call logs and/or calls placed and received (and the time of day or night and durations of the same), or any other information pertaining to the usage of my account during the time period referenced above. I hereby waive any privilege I have to said information.

Signed the _____ day of _____, 2014.

_____
**KARLA LIZETTE FLORES GUEVARA**

Records should be provided to:

**THE GREEN LAW FIRM, P.C.**
c/o Jorge A. Green, Esq.
34 S. Coria Street
Brownsville, Texas 78520
Telephone    : (956) 542-7000
Facsimile    : (956) 542-7026

# CIVIL CASE INFORMATION SHEET

Filed
10/30/2014 1:36:42 PM
Esther Degollado
District Clerk
Webb District
2014CVT002421D1

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED <u>OSBALDO HURTADO AVALOS & ANTONIO HURTADO VS. KARLA LIZETTE FLORES GUEVARA</u>
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: <br> Jorge Green <br><br> Address: <br> 34 S. Coria St. <br><br> City/State/Zip: <br> Brownsville, Texas 78520 <br><br> Signature: <br><br> *Jorge Green* | Email: <br> Jorge@thegreenlawfirmpc.com <br><br> Telephone: <br> 956-542-7000 <br><br> Fax: <br> 956-542-7026 <br><br> State Bar No: <br> 24038023 | Plaintiff(s)/Petitioner(s): <br><br> Osbaldo Hurtado Avalos & Antonio Hurtado <br><br> _____ <br><br> Defendant(s)/Respondent(s): <br><br> Karla Lizette Flores Guevara <br><br> _____ <br><br> _____ <br><br> [Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner <br> ☐ *Pro Se* Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br> _____ <br><br> Non-Custodial Parent: <br> _____ <br><br> Presumed Father: <br> _____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☒ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other: _____

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: _____

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Paternity/Parentage
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

TAB 4



**LOYA INSURANCE COMPANY**
1800 LEE TREVINO, SUITE 201    EL PASO, TEXAS 79936

| POLICY NUMBER | POLICY PERIOD | POLICY CHANGE EFFECTIVE DATE | AGENT NUMBER |
|---|---|---|---|
| 66  395655550 | FROM **12/21/12** TO   **6/21/13**   TERM **06**   MONTHS<br>12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN. | **12/21/12** | **103    04020** |

| NAMED INSURED AND MAILING ADDRESS | AGENT NAME AND ADDRESS |
|---|---|
| 66/395655550<br>**KARLA L FLORES**<br>**1717 CEDAR**<br>**LAREDO          TX      78040** | **FRED LOYA INS AGENCY INC.**<br>**2335 SAUNDERS #4**<br>**LAREDO, TX                    78041**<br>**956 727-7777** |

**COVERAGES/PREMIUMS** COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY ARE SHOWN FOR THE COVERAGE.

| AUTO | A-LIABILITY BODILY INJURY | A-LIABILITY PROPERTY DAMAGE | B1-MEDICAL PAYMENTS | B2-PERSONAL INJURY PROTECTION | C-UNINSURED/UNDERINSURED MOTORISTS BODILY INJURY | C PROPERTY DAMAGE 250 DED | D COMPREHENSIVE DEDUCTIBLE | D COLLISION DEDUCTIBLE | D TOWING AND LABOR COST | D RENTAL REIMB 30 DAYS MAXIMUM |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30000  60000 | 25000 | | | | | 1000 | 1000 | 41 PER DISABLEMENT | 30 PER DAY |
| 2 | 30000  60000 | 25000 | | | | | 1000 | 1000 | 41 PER DISABLEMENT | 30 PER DAY |
| | EACH PERSON   EACH ACCIDENT | | EACH PERSON | EACH PERSON | EACH PERSON   EACH ACCIDENT | | | | | |
| 1 | 84 | 84 | | | | | 79 | 138 | 12 | 30 |
| 2 | 84 | 84 | | | | | 81 | 141 | 12 | 30 |
| | DOLLARS | | DOLLARS | DOLLARS | DOLLARS | | | | | DOLLARS |

| Form numbers of endorsements attached to policy at date of issue | SUB TOTAL | *ABTPA FEE | POLICY FEE | TOTAL | SVC FEE |
|---|---|---|---|---|---|
| 593E,551,515A,524A,530A | 859.00 | 2.00 | 78.00 | 939.00 | 5.50 |

## DESCRIPTION OF AUTO

**\*\*\* THIS POLICY CONTAINS A NAMED DRIVER EXCLUSION. \*\*\***

| AUTO | YEAR | MAKE | MODEL | VIN NUMBER | TERRITORY | SYMBOL | SPECIAL EQUIP | |
|---|---|---|---|---|---|---|---|---|
| 1 | 2012 | CHEV | EQUINOX | 2GNALBEK3C6137499 | 12 | 14 | | |
| 2 | 2012 | CHEV | MALIBU | 1G1ZC5E09CF167990 | 12 | 15 | | |

ANY LOSS UNDER PART D IS PAYABLE AS INTEREST MAY APPEAR TO THE NAMED INSURED AND

| 1 | SECURITY SERVICES FCU | PO BOX 691510 | SAN ANTONIO | TX 78279-0000 |
|---|---|---|---|---|
| 2 | AMERICREDIT | PO BOX 1617 | MINNEAPOLIS | MN 55440-0000 |

THE AUTO(S) DESCRIBED IN THIS POLICY IS PRINCIPALLY GARAGED AT THE ABOVE ADDRESS UNLESS OTHERWISE STATED

1                                                                                           78040-0000
2                                                                                           78040-0000

**FOR INFORMATION, OR TO MAKE A COMPLAINT, CALL 1-800-554-0595**
**CLAIMS INFORMATION 1-800-880-0472**

By _____
Chief Executive Officer and Secretary

PROCESSED ON: **12/21/12**

\* AUTOMOBILE BURGLARY AND THEFT PREVENTION AUTHORITY FEE

# TAB 5

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**
Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page 1 of 2

**IDENTIFICATION & LOCATION**

| *Crash Date (MM/DD/YYYY) | 03/18/2013 | *Crash Time (24HRMM) | 1855 | Case ID | 13-008690 | Local Use |
|---|---|---|---|---|---|---|

| *County Name | WEBB | *City Name | LAREDO | | ☐ Outside City Limit |

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☑Yes ☐No

Latitude (decimal degrees) | | | . | | | |
Longitude (decimal degrees) | - | | | . | | | | |

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. | LR | *Hwy. Num. | 2 Rdwy Part | 1 | Block Num. | 200 | 3 Street Prefix | *Street Name | HOUSTON | 4 Street Suffix | ST |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
Toll Road/ Toll Lane ☐
Speed Limit 30
Const. Zone ☐Yes ☑No
Workers Present ☐Yes ☑No
Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At Int. ☐Yes ☑No | 1 Rdwy Sys. LR | Hwy. Num. | 2 Rdwy Part 1 | Block Num. 800 | a Street Prefix | Street Name SAN ENRIQUE | 4 Street Suffix |

Distance from Int. or Ref. Marker 62 | ☑FT ☐MI | 3 Dir. from Int. or Ref. Marker E | Reference Marker | Street Desc. | RRX Num. |

**VEHICLE, DRIVER, & PERSONS**

| Unit Num. 1 | 5 Unit Desc. 1 | ☐Parked Vehicle ☐Hit and Run | LP State TX | LP Num. DC9F653 | VIN 2GNALBEK3C6137499 | ☐Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| Veh. Year 2012 | 6 Veh. Color SIL | Veh. Make CHEVROLET | Veh. Model EQUINOX | 7 Body Style P4 |

| 8 DL/ID Type 1 | DL/ID State TX | DL/ID Num. 07089418 | 9 DL Class C | 10 CDL End. 96 | 11 DL Rest. A | DOB (MM/DD/YYYY) 09/06/1987 |

Address (Street, City, State, ZIP) 1717 CEDAR, LAREDO, TX 78040

| Person Num. | 12 Pers Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | FLORES GUEVARA, KARLA, LIZETTE | N | 25 | H | 2 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☑Owner ☐Lessee | Owner/Lessee Name & Address FLORES GUEVARA, KARLA, LIZETTE 1717 CEDAR, LAREDO, TX 78040

Proof of Fin. Resp. ☑Yes ☐No ☐Expired ☐Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name LOYA INSURANCE CO | Fin. Resp. Num. 66395655550

Fin. Resp. Phone Num. (800) 554-0595 | 27 Vehicle Damage Rating 1 9 - LP - 4 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐Yes ☑No

Towed By DRIVER | Towed To DRIVEN AWAY

| Unit Num. 2 | 5 Unit Desc. 1 | ☐Parked Vehicle ☐Hit and Run | LP State TX | LP Num. BG11636 | VIN 1FTBR10SXFUA7566 | ☐Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| Veh. Year 1985 | 6 Veh. Color RED | Veh. Make FORD | Veh. Model RANGER | 7 Body Style PK |

| 8 DL/ID Type 1 | DL/ID State TX | DL/ID Num. 36523555 | 9 DL Class C | 10 CDL End. 96 | 11 DL Rest. 96 | DOB (MM/DD/YYYY) 05/16/1965 |

Address (Street, City, State, ZIP) 201 HOUSTON ST APT 5, LAREDO, TX 78040

| Person Num. | 12 Pers Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | HURTADO AVALOS, OSBALDO, C | N | 47 | H | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☑Owner ☐Lessee | Owner/Lessee Name & Address VASQUEZ, REYNALDO 1422 ORQUIDIA LN, LAREDO, TX 78046

Proof of Fin. Resp. ☑Yes ☐No ☐Expired ☐Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name OLD AM. COUNTY MUTUAL | Fin. Resp. Num. PR5683431-01

Fin. Resp. Phone Num. (888) 224-7740 | 27 Vehicle Damage Rating 1 1 2 - FR - 3 | 27 Vehicle Damage Rating 2 1 2 - FD - 2 | Vehicle Inventoried ☐Yes ☑No

Towed By DRIVER | Towed To DRIVEN AWAY

Law Enforcement and TxDOT Use ONLY
Form CR-3 1/1/2010

Case ID **13-008690**

TxDOT Crash ID

Date of Death (MM/DD/YYYY)

Time of Death (24HRMM)

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Pran. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

**CHARGES**

Citation/Reference Num. **2677962**

| Unit Num. | Pran. Num. | Charge | |
|---|---|---|---|
| 1 | 1 | **IMPROPER TURN** | |

**DAMAGE**

Damaged Property Other Than Vehicles

Owner's Name

Owner's Address

**CMV**

| Unit Num. | | 10,901+ LBS. | TRANSPORTING HAZARDOUS MATERIAL | 8+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |
|---|---|---|---|---|---|---|---|

Carrier's Corp. Name

Carrier's Primary Addr.

| 30 Rdwy. Access | 31 Veh. Type | RGVW / GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | |
|---|---|---|---|---|---|---|---|---|

| 33 Cargo Body Style | Trailer 1 | Unit Num. | RGVW / GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | RGVW / GVWR | 34 Trlr. Type |
|---|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires |
|---|---|---|---|---|---|---|

**FACTORS & CONDITIONS**

Environmental and Roadway Conditions

| Unit Num. | 36 Contributing Factors (Investigator's Opinion) Contributing | May Have Contrib. | 37 Vehicle Defects (Investigator's Opinion) Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 66 | | | | 1 | 1 | 98 | 4 | 1 | 1 | 96 |
| 2 | | | | | | | | | | | |

**NARRATIVE & DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

DRIVER OF UNIT #1, WHILE ATTEMPTING TO BACK INTO A PRIVATE DRIVEWAY, TURNED IMPROPERLY AND COLLIDED INTO UNIT #2, WHICH WAS TRAVELLING WEST ON THE 200 BLOCK OF HOUSTON ST.

A.O.I. - 62`E, 15`N OF NW CORNER

\* \* E N D \* \*

Field Diagram - Not to Scale

Indicate North

**INVESTIGATOR**

Time Notified (24HRMM) **1 8 5 6**

How Notified **DISPATCHED**

Time Arrived (24HRMM) **1 9 0 1**

Report Date (MM/DD/YYYY) **03/18/2013**

Invest. ☑ Yes ☐ No Comp.

Investigator Name (Printed) **DE LUNA, JUAN J.**

ID Num. **4276**

ORI Num. **TX2400100**

\*Agency **LAREDO POLICE DEPARTMENT**

District/Area **06**

TAB 6

CAUSE NO. 2014CVT002421

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS | § | IN THE DISTRICT COURT |
| AND ANTONIO HURTADO | § | |
|   *PLAINTIFFS,* | § | |
| | § | |
| VS. | § | 49TH JUDICIAL DISTRICT |
| | § | |
| KARLA LIZETTE FLORES GUEVARA | § | |
|   *DEFENDANT.* | § | WEBB COUNTY, TEXAS |

## FINAL JUDGMENT

On March 31, 2016, Plaintiff's Motion for Summary Judgment in the above styled and numbered civil action came to be heard before the Honorable Joe Lopez. Having read Plaintiff's motion, any responses thereto, and the arguments of counsel, this Court was of the Opinion that Plaintiff's motion should be granted. The court also found as follows:

As to liability, the Court determined that the Defendant was negligent and that the negligence proximately caused Plaintiffs's injuries.

As to damages, the court found that **Plaintiff Osbaldo Hurtado Avalos** had suffered damages in the amount of TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) for past medical expenses and other damages.

With regard to prejudgment interest, the Court finds that:

1)   prejudgment interest shall begin on October 1, 2013, which is 180 days after the date Defendant was notified of the claim;

2)   prejudgment interest shall be calculated at the rate of five percent (5%) per annum simple interest;

3)   the amount of past damages on which prejudgment interest is to be

calculated for **Plaintiff Osbaldo Hurtado Avalos** is TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00).

4)      the amount of prejudgment interest to which **Plaintiff Osbaldo Hurtado Avalos** is entitled is TWENTY FOUR THOUSAND NINE HUNDRED EIGHTY EIGHT AND 80/100 DOLLARS ($24,988.80).

The court found that **Plaintiff Antonio Hurtado** had suffered damages in the amount of TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) for past medical expenses and other damages.

With regard to prejudgment interest, the Court finds that:

1)      prejudgment interest shall begin on October 1, 2013, which is 180 days after the date Defendant was notified of the claim;

2)      prejudgment interest shall be calculated at the rate of five percent (5%) per annum simple interest;

3)      the amount of past damages on which prejudgment interest is to be calculated for **Plaintiff Antonio Hurtado** is TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00).

4)      the amount of prejudgment interest to which **Plaintiff Antonio Hurtado** is entitled is TWENTY FOUR THOUSAND NINE HUNDRED EIGHTY EIGHT AND 80/100 DOLLARS ($24,988.80).

The court also finds that Plaintiffs incurred THREE HUNDRED SIXTY FIVE AND 74/100 DOLLARS ($365.74) in taxable court costs for filing fees and service of process and that these costs are recoverable. The recovery of these costs is to be divided equally by

Plaintiffs and each shall recover ONE HUNDRED EIGHTY TWO AND 87/100 DOLLARS ($182.87).

IT, THEREFORE, ORDERED ADJUDGED AND DECREED that:

A.  **Plaintiff Osbaldo Hurtado Avalos** have and he is hereby granted judgment against Karla Lizette Flores Guevara in the amount of TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00), plus pre-judgment interest in the amount of TWENTY FOUR THOUSAND NINE HUNDRED EIGHTY EIGHT AND 80/100 DOLLARS ($24,988.80), plus taxable court costs in the amount of ONE HUNDRED EIGHTY TWO AND 87/100 DOLLARS ($182.87) for a total judgment amount of TWO HUNDRED TWENTY FIVE THOUSAND ONE HUNDRED SEVENTY ONE AND 67/100 DOLLARS ($225,171.67).

B.  **Plaintiff Antonio Hurtado** have and he is hereby granted judgment against Karla Lizette Flores Guevara in the amount of TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00), plus pre-judgment interest in the amount of TWENTY FOUR THOUSAND NINE HUNDRED EIGHTY EIGHT AND 80/100 DOLLARS ($24,988.80), plus taxable court costs in the amount of ONE HUNDRED EIGHTY TWO AND 87/100 DOLLARS ($182.87) for a total judgment amount of TWO HUNDRED TWENTY FIVE THOUSAND ONE HUNDRED SEVENTY ONE AND 67/100 DOLLARS ($225,171.67).

D.  The judgment granted herein shall bear interest from and include the date of

judgment until paid at the maximum rate allowed by law; and

E.    All relief not specifically granted herein is expressly denied.

SO ORDERED AND SIGNED FOR ENTRY this ___ day of _____,

2016.

_____
HONORABLE JUDGE PRESIDING

TAB 7

| **From:** | Jorge Green |
| **To:** | Paola Lucio |
| **Subject:** | FW: Hurtado v. Fred Loya |
| **Date:** | Thursday, February 02, 2017 1:14:53 PM |

We need to save this to the file

---

**From:** Jorge Green
**Sent:** Thursday, August 25, 2016 5:06 PM
**To:** 'rlyde@vlrhlaw.com'
**Subject:** Hurtado v. Fred Loya

Hello Rick. Your office answered the disclosures on this case like a standard auto case. Please supplement the disclosures to include the persons at Fred Loya with knowledge of facts relevant to the denial of coverage. I'd like to the depositions of Judy Liberto and Francisco Martinez. Please give me some dates and advise whether Judy Liberto is still and employee of Fred Loya.

Jorge Green
Board Certified-Personal Injury Trial Law
Texas Board of Legal Specialization

The Green Law Firm, P.C.
34 S. Coria
Brownsville, Texas 78520
Telephone: (956) 542-7000
Facsimile: (956) 542-7026
www.thegreenlawfirmpc.com

TAB 8

| From: | Paola Lucio |
|-------|-------------|
| To: | "Rick Lyde" |
| Cc: | "mperez@vlrhlaw.com" |
| Subject: | 13-023 Osbaldo Hurtado Avalos & Antonio Hurtado As Assignees of Karla Flores vs. Loya Insurance Company |
| Date: | Tuesday, January 31, 2017 9:40:21 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |

Mr. Lyde

Good Morning, as per your correspondence please be advised that our clients will be available for Depositions on Thursday February 2 at 11am.

Mr. Osbaldo Hurtado will require an interpreter.

Please send out the notices.

Also please be advised that Mr. Green requested for your Disclosures to be amended and include a complete copy of the policy.

Please let me know if you have any questions

Thanks and have a great day.

Respectfully,

*Paola Lucio*

**The Green Law Firm PC**

34 S. Coria St

Brownsville, TX 78520

T: (956) 542-7000

F: (956)542-7026

plucio@thegreenlawfirmpc.com



**CONFIDENTIALITY STATEMENT: This message, as well as any attached document, contains information that is confidential and or privileged. This information is only intended for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking any action in reliance of the contents of this message or it's attachment is strictly prohibited, and may be unlawful. If you have received this in error, please delete.**

 **Go GREEN. Don't print this e-mail unless it is absolutely necessary.**

# TAB 9

# ALISEDA & ASSOCIATES

ATTORNEYS AT LAW

STAFF COUNSEL FOR LOYA INSURANCE GROUP

MAILING ADDRESS:

11900 NORTH 26TH ST., SUITE 200 • EDINBURG, TEXAS 78539

(956) 289-2199 • FAX: (956) 393-2699

**FRANCISCO J. MARTINEZ**
Attorney at Law

November 26, 2014

**Via Efiling**
Esther Degollado
Webb District Clerk
P.O. Box 667
Laredo, Texas 78042

|  | Re: | Cause No. | : | 2014CVT002421 |
|---|---|---|---|---|
|  |  | Style | : | O. Hurtado Avalos, et al vs. Karla Lizette Flores Guevara |
|  |  | Court | : | 49th District Court, Webb County, Texas |

Dear Mrs. Degollado:

Enclosed in the above-referenced matter, please find an original scanned copy of *Defendant's Original Answer*. By copy of this letter, opposing counsel is being provided with a copy of this document.

Thank you for your attention to this matter.

Sincerely,

*Francisco J. Martinez*

**FRANCISCO J. MARTINEZ**

FJM/am
Enc.

Xc:     VIA FACSIMILE: (956) 542-7026   Jorge A. Green, THE GREEN LAW FIRM, P.C., 34 S. Coria, Brownsville, Texas 78520

PHYSICAL ADDRESS:
11900 NORTH 26TH ST., SUITE 200 • MCALLEN, TEXAS 78504

CAUSE NO. 2014CVT002421

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS | § | IN THE DISTRICT COURT |
| AND ANTONIO HURTADO | § | |
| PLAINTIFFS | § | |
| | § | 49TH JUDICIAL DISTRICT |
| VS | § | |
| | § | |
| KARLA LIZETTE FLORES | § | |
| GUEVERA | § | WEBB COUNTY, TEXAS |
| DEFENDANT | | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **KARLA LIZETTE FLORES GUEVARA**, Defendant in the above styled and numbered cause and in response to PLAINTIFFS' ORIGINAL PETITION files DEFENDANT'S ORIGINAL ANSWER, and in support thereof would respectfully show unto the Court as follows:

### I.

By way of original answer, should same be necessary, Defendant denies each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition, and without waiving her right to file other and further pleadings, motions and discovery, demands that Plaintiffs' be held to the most strict requirements of proof and that this Defendant be released with costs and without delay and for such other and further relief, both at law and in equity, to which this Defendant may show to be justly entitled.

### II.

Under the authority of the *UNITED STATES CONSTITUTION. TEXAS CONSTITUTION*, and the *TEXAS RULES OF CIVIL PROCEDURE*, **KARLA LIZETTE FLORES GUEVARA** Defendant herein, exercises her guaranteed right to, and hereby requests, a trial by Jury. *See U.S. CONST. amend. VII; TEX. CONST. Art. I, § 15; see also TEX. R. CIV. P. ANN. R. 216(a)* (West 2008).

*Defendant's Original Answer*

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs' take nothing, that Defendant be allowed to recover the costs which have been incurred by reason of this suit, and that the Court gives Defendant any other and further relief to which she may show to be entitled.

DEFENDANT REQUESTS A TRIAL BEFORE A JURY

Respectfully submitted,

**ALISEDA & ASSOCIATES**
11900 N. 26th Street, Ste. 200
Edinburg, Texas 78539
Telephone No.: 956/289.2199
Telecopier No.: 956/393.2699
e-mail: fmartinez@alisedaandassoc.com

*Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**
State Bar No. 13141900
*Attorneys for Defendant,*
*Karla Lizette Flores Guevara*

**CERTIFICATE OF SERVICE**

In accordance with Rules 21 and 21a of *THE TEXAS RULES OF CIVIL PROCEDURE*, I hereby certify that a true and correct copy of <u>DEFENDANT'S ORIGINAL ANSWER</u> was served on the 26th day of November 2014, as follows:

<u>**VIA FACSIMILE: (956) 542-7026**</u>
Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria
Brownsville, Texas 78520

*Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**

*Defendant's Original Answer*

# TAB 10

# LOYA INSURANCE COMPANY

*Auto Specialist Since 1974*
CLAIMS DIVISION

November 4, 2015

VIA CERTIFIED AND REGULAR MAIL
CMRR# 9171999991703139340404

66 / 395655550
THE GREEN LAW FIRM P.C.
34 S Coria
Brownsville, TX 78520

RE:   Claim Number   : 536 - 7613
      Date of Loss   : 3/18/2013
      Insured:       : KARLA L FLORES
      Claimant Name  : Osbaldo Avalos, et al

Dear THE GREEN LAW FIRM P.C.:

In connection with the above captioned matter, please be advised our coverage investigation has been completed.

We have determined coverage for this loss cannot be afforded based on the following reason(s) and/or policy provisions:

### 515A. Exclusion of Named Driver and Partial Rejection of Coverages

You agree that none of the insurance coverages afforded by this policy shall apply while The Excluded Driver is operating your covered auto or any other vehicle. You further agree that this endorsement will also serve as a rejection of Uninsured/Underinsured Motorists Coverage and Personal Injury Protection Coverages while your covered auto or any other motor vehicle is operated by the excluded driver(s).

Pursuant to the Driver Excluded Endorsement, none of the insurance coverage afforded by this policy shall apply while any person excluded is operating any auto, regardless of where that person resides or whether that person is licensed to drive. FLORES, RODOLFO is an excluded person on the referenced policy, therefore, no coverage will be afforded for this loss.

Our investigation revealed the loss did not meet all or part of the provision(s) stated herein.

By reaching this coverage determination, we are not waiving, or estopped from asserting any other policy provisions.

If you have now or in the future receive any information you believe will affect our position, please send that information to us for consideration.

Sincerely,
**JUDY LIBERTO**
Claim Representative
210-647-9287
Office Hours: Mon. – Fri. 8:00 AM to 5:00 PM CST



HOME OFFICE
P.O. BOX 972450
EL PASO, TX 79997
TEL: (915) 590-5692
1-800-880-0472

# TAB 11

# ALISEDA & ASSOCIATES

ATTORNEYS AT LAW

STAFF COUNSEL FOR LOYA INSURANCE GROUP

MAILING ADDRESS:

11900 NORTH 26TH ST., SUITE 200 • EDINBURG, TEXAS 78539

(956) 289-2199 • FAX: (956) 393-2699

**FRANCISCO J. MARTINEZ**
Attorney at Law

December 23, 2014

**VIA CM/RRR: 91 7108 2133 3938 6778 9601**
Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria
Brownsville, Texas 78520

| | | | |
|---|---|---|---|
| *Re:* | *Cause No.* | : | *2014CVT002421* |
| | *Style* | : | *Osbaldo H. Avalos, et al vs Karla L. Flores Guevera* |
| | *Court* | : | *In the 49th District Court, Webb County, Texas* |

Dear Mr. Green:

In connection with the above-referenced matter, enclosed please find the following discovery documents:

1. *Defendant's Responses to Plaintiffs' Request for Disclosure;*
2. *Defendant's Answers to Plaintiffs' First Set of Interrogatories;*
3. *Defendant's Responses to Plaintiffs' Request for Production; and*
4. *Defendant's Responses to Plaintiffs' Request for Disclosure.*

Should you have any questions, please do not hesitate to contact me.

Sincerely,

*Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**

FJM/cr
Encl.

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS | § | IN THE DISTRICT COURT |
| AND ANTONIO HURTADO | § | |
| PLAINTIFFS | § | |
| | § | 49TH JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| KARLA LIZETTE FLORES | § | |
| GUEVERA | § | WEBB COUNTY, TEXAS |
| DEFENDANT | | |

## DEFENDANT KARLA LIZETTE FLORES GUEVARA'S RESPONSES TO PLAINTIFFS' REQUEST FOR DISCLOSURE

TO:   Plaintiffs OSBALDO HURTADO AVALOS and ANTONIO HURTADO by and through Plaintiffs' attorney of record:

Mr. Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520

COMES NOW, KARLA LIZETTE FLORES GUEVARA, Defendant in the above-styled and numbered cause and pursuant to Rule 194 of the Texas Rules of Civil Procedure serves her Responses to Plaintiffs' Requests for Disclosure.

Respectfully submitted,

ALISEDA & ASSOCIATES
11900 N. 26th Street, Suite 200
Edinburg, Texas 78539
(956) 289-2199 Telephone
(956) 393-2699 Facsimile
E-Mail: fmartinez@alisedaandassoc.com

By: *Francisco J. Martinez*
FRANCISCO J. MARTINEZ
State Bar No. 13141900
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of December 2014, a true and correct copy of the above foregoing document was forwarded to opposing counsel as follows:

***VIA CM/RRR# 91 7108 2133 3938 6778 9601***
Mr. Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520

*Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**

## DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUEST FOR DISCLOSURE

(a)     The correct names of the parties to the lawsuit;

**RESPONSE:  Defendant is named correctly.**

(b)     The name, address and telephone number of any potential parties;

**RESPONSE:  None at this time.**

(c)     The legal theories and, in general, the factual bases of your claims or defenses.

**RESPONSE: Defendant denies all allegations raised by Plaintiffs in their original petition on file, and any amended pleadings thereafter.  Additionally, Defendant would refer Plaintiffs to Defendant's Original Answer and any amended answers.**

(d)     The amount and method of calculating economic damages.

**RESPONSE: Defendant is not making a claim for damages.  Defendant reserves his right to challenge Plaintiffs' method of determining Plaintiffs' measure of damages at the time of trial.**

(e)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**Osbaldo Hurtado Avalos**
**201 Houston St., Apt. 5**
**Laredo, Texas 78040**
**Plaintiff**

**Antonio Hurtado**
**201 Houston St., Apt. 5**
**Laredo, Texas 78040**
**Plaintiff**

**Reynaldo Vasquez**
**1422 Orquidia Lane**
**Laredo, Texas 78046**
**Owner of vehicle driven by Plaintiff**

3

Karla Lizette Flores Guevara
1717 Cedar
Laredo, Texas 78040
Defendant

Officer Juan J. De Luna, Badge ID No.: 4276
Laredo Police Dept;
And/or its custodian of records;
4712 Maher Ave.
Laredo, Texas 78041
(956) 795-2800
Investigating Officer

Adam Leon Mecham, D.C.;
Laredo Spine Medical Center;
and/or its agents, employees, custodians of records;
6243 McPherson Rd., Ste. 9
Laredo, Texas 78041
(956) 791-3733
Plaintiffs Medical Provider

LMJ Imaging Services Open MRI. Inc.;
and/or its agents, employees, custodians of records;
6262 McPherson Rd., Ste. 105
Laredo, Texas 78041
(956) 725-6736
Plaintiffs Medical Provider

Richard Anguiano, M.D., P.A.;
and/or its agents, employees, custodians of records;
1310 Junction Drive, Ste. A
Laredo, Texas 78041-0048
(956) 627-2508
Plaintiffs Medical Provider

Aadam Quirashi, M.D.;
Interventional Treatment Institute;
and/or its agents, employees, custodians of records;
6999 McPherson Rd. #106
Laredo, Texas 78041
(956) 568-3843
Plaintiffs Medical Provider

All of Plaintiffs treating physicians and records custodians.

4

In addition, Defendant incorporate any persons with knowledge of relevant facts, which have been made known to other parties in writing, on the record at a deposition or through other discovery responses pursuant to Rule 193.5(a)(2) of the Texas Rules of Civil Procedure.

Furthermore, Defendant reserves the right to supplement pursuant to the Texas Rules of Civil Procedure.

(f)     For any testifying expert:

(1)     The expert's name, address, and telephone number;
(2)     The subject matter on which the expert will testify;
(3)     The general substance of the experts mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information.
(4)     If the expert is retained by, employed by, or otherwise subject to your control:

(A).     All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B).     The expert's current resume and bibliography.

**RESPONSE: None at this time. Defendant will supplement if any.**

**In addition, Defendant specifically reserves the right to call any expert witness identified by any other party, either past or present, to this lawsuit.**

(g)     Any indemnity and insuring agreements described in Rule 192.3(f).

**RESPONSE: Please refer to Exhibit "A" (a copy of the Declaration Sheet) attached hereto.**

(h)     Any settlement agreements described in Rule 192.3(g).

**RESPONSE:     None to my knowledge nor in my possession at this time; however, Defendant reserve his right to supplement pursuant to the Texas Rules of Civil Procedure.**

(i)     Any witness statements described in Rule 192.3(h).

**RESPONSE: None in Defendant's possession at this time but if any become available Defendant will supplement this response pursuant to the Texas Rules of Civil Procedure.**

5

(j)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE: Defendant is not making a claim for personal injuries; therefore, an authorization will not be produced. As to the medical records and bills relating to the Plaintiffs, Plaintiffs have equal access to these documents.**

(k)     In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by Defendant by virtue of an authorization furnished by Plaintiff.

**RESPONSE: None obtained by authorization at this time.**

(l)     The name, address, and telephone number of any person who may be designated as a responsible third-party.

**RESPONSE: Defendant will supplement if any.**

6

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS | § | IN THE DISTRICT COURT |
| AND ANTONIO HURTADO | § | |
| PLAINTIFFS | § | |
| | § | 49TH JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| KARLA LIZETTE FLORES | § | |
| GUEVERA | § | WEBB COUNTY, TEXAS |
| DEFENDANT | | |

## DEFENDANT KARLA LIZETTE FLORES GUEVARA'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO:     Plaintiffs OSBALDO HURTADO AVALOS and ANTONIO HURTADO by and through Plaintiffs' attorney of record:

Mr. Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520

COMES NOW, KARLA LIZETTE FLORES GUEVARA, Defendant in the above-styled and numbered cause and pursuant to Rule 197 of the Texas Rules of Civil Procedure serves her Answers and Objections to Plaintiffs' First Set of Interrogatories.

Respectfully submitted,

ALISEDA & ASSOCIATES
11900 N. 26th Street, Ste. 200
McAllen, Texas 78504
Telephone No.: 956/289-2199
Telecopier No.: 956/393-2699
E-Mail: fmartinez@alisedaandassoc.com

By: *Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**
State Bar No. 13141900
**ATTONREY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of December 2014, a true and correct copy of the above foregoing document was forwarded to opposing counsel as follows:

*__VIA CM/RRR# 91 7108 2133 3938 6778 9601__*
Mr. Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520

*Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**

**INTERROGATORY #1:**
Describe how the collision occurred, including: (1) what you contend caused or contributed to the collision, (2) how it happened, (3) the road and weather conditions, and (4) the traffic conditions.

**ANSWER: I was at my mother in laws house visiting and I was parked by the curb. When we decided to leave, I decided to back up into her drive way to load up my baby into the car seat. I looked for any cars coming and didn't see any, when suddenly I felt the impact. Plaintiff's vehicle had pulled out from the apartment complex from across the street. He claimed to have seen me but I never saw him. It was a clear day and the sun was barely going down when the accident happened.**

**INTERROGATORY #2:**
Please state the purpose of your trip at the time of the collision, including where you had been, where you were going, and time at which you were supposed to arrive at your destination.

**ANSWER: We were visiting my mother in law.**

**INTERROGATORY #3:**
Who was driving the car at the time of the collision?

**ANSWER: I was driving.**

**INTERROGATORY #4:**
Have you ever been sued or filed a lawsuit before? If so, please state (1) what the suit was about, (2) the county and state in which it was filed, (3) the style of the case, and (4) the disposition of the case, if resolved.

**ANSWER: Defendant objects to this interrogatory because it seeks to invade Defendant's right to privacy. Further, the information sought is not relevant to the subject matter of the pending action or, if so, does not outweigh the prejudice to Defendant's constitutional right to privacy.**

**Subject to objection, none.**

**INTERROGATORY #5:**
Describe any previous car wrecks in which you have been involved. For each, please state (1) where the wreck happened, (2) who you believe was at fault, (3) whether a lawsuit was filed and (4) where you sought medical treatment for any injuries you sustained.

ANSWER: Defendant objects to this discovery request as it exceeds the maximum allowable interrogatories under Texas Rule of Civil Procedure 190.

Defendant would object to this request insofar as this request seeks to invade Defendant's right to privacy. Further, the information sought is not relevant to the subject matter of the pending action or, if so, does not outweigh the prejudice to Defendant's constitutional right to privacy. A person's driving record is not admissible to show that the person was negligent on the occasion in question because the person might have been negligent on other occasions.

## INTERROGATORY #6:

Were you using a cell phone in any matter, including making or receiving a call, writing or reading a text message, or writing or reading an email, at the time of the collision?

ANSWER: Defendant objects to this discovery request as it exceeds the maximum allowable interrogatories under Texas Rule of Civil Procedure 190.

Defendant objects to this interrogatory because it seeks to invade Defendant's right to privacy. Further, the information sought is not relevant to the subject matter of the pending action or, if so, does not outweigh the prejudice to Defendant's constitutional right to privacy.

Subject to objection, I was not using a cell phone at the time of the accident.

## INTERROGATORY #7:

If you have been convicted of a felony or crime of moral turpitude in the last ten years, state the charge, the date and place of arrest, and county of conviction.

ANSWER: Defendant objects to this discovery request as it exceeds the maximum allowable interrogatories under Texas Rule of Civil Procedure 190.

Defendant objects to this interrogatory because it seeks to invade Defendant's right to privacy. Further, the information sought is not relevant to the subject matter of the pending action or, if so, does not outweigh the prejudice to Defendant's constitutional right to privacy.

Subject to objection, none.

## INTERROGATORY #8:

Do you disagree with anything in this investigating officer's police report, including the additional narrative? If so, please state with what parts you disagree, why you disagree with them and why you did not change ask to amend the report.

ANSWER: Objection the document speaks for itself.

**INTERROGATORY #9:**
At what speed do you believe the vehicles involved were traveling immediately prior to the collision made the basis of this lawsuit?

**ANSWER: I was backing up.**

**INTERROGATORY #10:**
Describe in detail any and all conversations you had immediately following the collision until the time you left the scene. In your answer, please include: (1) with whom you spoke, (2) what the conversation was about, and (3) for about how long you spoke with each person.

**ANSWER: I only spoke to the officer, who arrived to the scene, but my late husband spoke to the Plaintiff that day and he informed my husband that he had pulled out of the apartment complex and saw me backing up but I came into his lane and he kept going.**

**INTERROGATORY #11:**
Do you intend to ague Plaintiff's injuries were not caused by the wreck? If so, state the basis for your behalf, including facts supporting such contention.

**ANSWER: Defendant objects to this discovery request in that it is a contention interrogatory and it is still, at this early stage of discovery, premature to respond to these contentions.**

**Subject to objection, Defendant will supplement.**

**INTERROGATORY #12:**
Describe the severity of the impact between the vehicles and the resulting visible damage to the vehicles.

**ANSWER: I had damage to my driver side door and Plaintiffs vehicle had front end damage.**

**INTERROGATORY #13:**
If you contend you were traveling in the outside lane at the time of the collision, for how long have you been traveling in that lane?

**ANSWER: I was backing into my mother in law's driveway.**

**INTERROGATORY #14:**
If you contend you knew Plaintiff was in the inside lane, please describe for how long, in both distance in feet and time in minutes or seconds you were aware of the vehicle in which Plaintiff was riding.

ANSWER: I never saw Plaintiff's vehicle.

**INTERROGATORY #15:**
When did you first become aware of Plaintiff's vehicle?  Please state in both time (seconds or minutes) and distance (in feet).

**ANSWER:  I never saw Plaintiff's vehicle.**

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS | § | IN THE DISTRICT COURT |
| AND ANTONIO HURTADO | § | |
| PLAINTIFFS | § | |
| | § | 49TH JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| KARLA LIZETTE FLORES | § | |
| GUEVERA | § | WEBB COUNTY, TEXAS |
| DEFENDANT | | |

## DEFENDANT KARLA LIZETTE FLORES GUEVARA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR ADMISSION

TO:     Plaintiffs OSBALDO HURTADO AVALOS and ANTONIO HURTADO by and through Plaintiffs' attorney of record:

Mr. Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520

COMES NOW, KARLA LIZETTE FLORES GUEVARA, Defendant in the above-styled and numbered cause and pursuant to Rule 198 of the Texas Rules of Civil Procedure serves her Responses and Objections to Plaintiffs' Request for Admission.

Respectfully submitted,

ALISEDA & ASSOCIATES
11900 N. 26th Street, Suite 200
Edinburg, Texas 78539
(956) 289-2199 Telephone
(956) 393-2699 Facsimile
E-Mail: fmartinez@alisedaandassoc.com

By: *Francisco J. Martinez*
FRANCISCO J. MARTINEZ
State Bar No. 13141900
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of December 2014, a true and correct copy of the above foregoing document was forwarded to opposing counsel as follows:

***VIA CM/RRR# 91 7108 2133 3938 6778 9601***
Mr. Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520


*Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**

1. Admit you are familiar with the area in which the subject collision occurred.

**RESPONSE: ADMIT.**

2. Admit that you believe Plaintiffs could not have done anything differently to avoid the collision.

**RESPONSE: Defendant objects this Request for Admission does not request an admission of fact. A party is not compelled to answer requests for admissions that call for legal conclusions, opinions, or statements of subjective intent.** *Esparza v. Diaz,* **802 SW2d, 772, 795 (Tex. App.-Houston [14th Dist.] 1990, no writ)., therefore Denied.**

3. Admit that you have previously received treatment from a chiropractor.

**RESPONSE: Objection: not reasonably calculated to lead to admissible evidence, therefore Denied.**

4. Admit that you have previously had an MRI performed on yourself.

**RESPONSE: Objection: not reasonably calculated to lead to admissible evidence, therefore Denied.**

5. Admit that you have suffered pain because of a car wreck in which you were previously involved.

**RESPONSE: Objection: not reasonably calculated to lead to admissible evidence, therefore Denied.**

6. Admit that you caused the car wreck that is made the basis of this lawsuit.

**RESPONSE: Defendant objects to this Request as it is an improper use of Requests for Admission. "The primary purpose of the rule [now TRCP 198] is to simplify trials by eliminating matters about which there is no real controversy, but which may be difficult or expensive to prove. It was never intended to be used as a demand upon a plaintiff or defendant to admit that he has no cause of action or ground of defense."** *Sanders v. Harder,* **227 S.W.2d 206, 208 (Tex.1950). "Basically Rule 169 [now TRCP 198] is an implement for fair disposition of factual matters that could be agreed to."** *Esparza v. Diaz, et al.,* **802 S.W.2d 772, 775 (Tex. App.-Hous. (14th Dist.) 1990. Requests for Admission should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.** *See United Coal Companies v. Powell Const. Co.,* **839 F. 2d 958, 968 (3rd Cir.1988). Therefore Denied.**

7. Admit that you know of no other witnesses to the car crash.

**RESPONSE:** Defendant objects this Request for Admission does not request an admission of fact. A party is not compelled to answer requests for admissions that call for legal conclusions, opinions, or statements of subjective intent. *Esparza v. Diaz*, 802 SW2d, 772, 795 (Tex. App.-Houston [14th Dist.] 1990, no writ)., therefore Denied.

8. Admit that an immediate family member (spouse, siblings, parents, and children) has been injured in a car wreck before.

**RESPONSE: Objection: not reasonably calculated to lead to admissible evidence, therefore Denied.**

9. Admit that you should always wait until traffic is clear when turning left on an unprotected (without an arrow) green light.

**RESPONSE:** Defendant objects this Request for Admission does not request an admission of fact. A party is not compelled to answer requests for admissions that call for legal conclusions, opinions, or statements of subjective intent. *Esparza v. Diaz*, 802 SW2d, 772, 795 (Tex. App.-Houston [14th Dist.] 1990, no writ)., therefore Denied.

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS | § | IN THE DISTRICT COURT |
| AND ANTONIO HURTADO | § | |
| PLAINTIFFS | § | |
| | § | 49TH JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| KARLA LIZETTE FLORES | § | |
| GUEVERA | § | WEBB COUNTY, TEXAS |
| DEFENDANT | | |

## DEFENDANT KARLA LIZETTE FLORES GUEVARA'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION

TO:    Plaintiffs OSBALDO HURTADO AVALOS and ANTONIO HURTADO by and through Plaintiffs' attorney of record:

Mr. Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520

COMES NOW, KARLA LIZETTE FLORES GUEVARA, Defendant in the above-styled and numbered cause and pursuant to Rule 196 of the Texas Rules of Civil Procedure serves her Responses and Objections to Plaintiffs' First Set of Request for Production.

Respectfully submitted,

**ALISEDA & ASSOCIATES**
11900 N. 26th Street, Ste. 200
McAllen, Texas 78504
Telephone No.: 956/289-2199
Telecopier No.: 956/393-2699
E-Mail:  fmartinez@alisedaandassoc.com

By: *Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**
State Bar No. 13141900
**ATTONREY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of December 2014, a true and correct copy of the above foregoing document was forwarded to opposing counsel as follows:

**_VIA CM/RRR# 91 7108 2133 3938 6778 9601_**
Mr. Jorge A. Green
THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520

*Francisco J. Martinez*
**FRANCISCO J. MARTINEZ**

**REQUEST #1:**

All photographs by Defendant or Defendant's agent that relate to Plaintiffs' cause of action, including photographs of Plaintiffs, the vehicle involved in the collision, including Plaintiff's and Defendant's vehicles, and/or the scene of the collision.

**RESPONSE: Please see the photographs taken of Plaintiff's vehicle attached herein as Exhibit "B" and the photographs taken of Defendant's vehicle attached herein as Exhibit "C".**

**REQUEST #2:**

A copy of any property damage estimates, of both Plaintiffs, Defendant, or any other vehicle involved, in Defendant's or Defendant's agent's possession.

**RESPONSE: Please see the estimates of repair taken of Plaintiff's vehicle attached herein as Exhibit "D" and the photographs taken of Defendant's vehicle attached herein as Exhibit "E".**

**REQUEST #3:**

All oral, taped, or recorded statements made by any witnesses, including Plaintiffs and Defendant, to the subject collision which are in the possession, constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE: None known at this time. Defendant will supplement if any become available.**

**REQUEST #4:**

Please produce all documents that Defendant has, including all deposition testimony and trial transcripts, from any other lawsuits regarding personal injury in which Defendant, either in your personal capacity or on behalf of a minor or incompetent plaintiff, has been involved.

**RESPONSE: Defendant objects to this request because it seeks to invade Defendant's right to privacy. Further, the information sought is not relevant to the subject matter of the pending action or, if so, does not outweigh the prejudice to Defendant's constitutional right to privacy.**

**Subject to objection, none.**

**REQUEST #5:**

If and/or when an expert is retained by Defendant, please produce a copy of the expert's file, including: (1) all correspondence, including fee agreement, between the expert and Defendant and/or Defendant's agents, including Defendant's attorney, (2) all materials and documents

reviewed by the expert in preparing his or her report, (3) any slide-show, power point presentation, or other demonstrative evidence the report will use at trial, and (4) a list of all the cases in which the expert has testified in the last 4 years.

**RESPONSE: Defendant objects to this discovery request in that it exceeds the scope of permissible discovery in that it elicits expert information only available through requests for disclosure. See TRCP 195.1.**

**Defendant further objects to this request in that it is not a proper request for trial exhibits and it invades the attorney's trial strategy and it is, therefore, work product. Such information is protected by T.R.C.P. 192.5. *Toyota Motor Sales, U.S.A., Inc. v. Heard*, 774 S.W.2d 316 (Tex. App.-Houston [14th Dist.] 1989, orig. proceeding). See also *Hickman v. Taylor*, 329 U.S. 495 (1946); *Owens-Corning Fiberglass Corp. v. Caldwell*, 818 S.W.2d 749 (Tex. 1991) (orig. proceeding); *Wiley v. Williams*, 769 S.W.2d 715 (Tex. App.-Austin 1989, orig. proceeding).**

**Defendant would further state that any material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents are protected work product privilege which this party now asserts.**

<u>**REQUEST #6:**</u>
Please provide a copy of any and all statues, regulations, ordinances, or written rules or customs that Defendant intends to introduce at trial.

**RESPONSE: Defendant further objects to this request in that it is not a proper request for trial exhibits and it invades the attorney's trial strategy and it is, therefore, work product. Such information is protected by T.R.C.P. 192.5. *Toyota Motor Sales, U.S.A., Inc. v. Heard*, 774 S.W.2d 316 (Tex. App.-Houston [14th Dist.] 1989, orig. proceeding). See also *Hickman v. Taylor*, 329 U.S. 495 (1946); *Owens-Corning Fiberglass Corp. v. Caldwell*, 818 S.W.2d 749 (Tex. 1991) (orig. proceeding); *Wiley v. Williams*, 769 S.W.2d 715 (Tex. App.-Austin 1989, orig. proceeding).**

**Defendant would further state that any material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents are protected work product privilege which this party now asserts.**

<u>**REQUEST #7:**</u>
Please provide copies of any all communication between Defendant's attorney and Defendant's insurance carrier.

**RESPONSE: Defendant objects to this Request for Production because it requests information irrelevant to the claim made the basis of this lawsuit and is not reasonably**

calculated to lead to the discovery of admissible evidence. Consequently, this request violates Rule 192.3(a) of the Texas Rules of Civil Procedure

Defendant further objects to this Request for Production because it calls for the disclosure of information collected subsequent to the occurrence made the basis of this lawsuit, in connection with the investigation of the occurrence out of which the claim arose, and after this party had good faith belief to anticipate litigation. Such material would include communications passing between agents, representatives, or employees of defendant and any and all investigations conducted by this defendant. This information is privileged from discovery pursuant to Rule 192.5 of the Texas Rules of Civil Procedure.

**REQUEST #8:**
Please execute the attached authorization for the release of Defendant's cellular phone records.

**RESPONSE:** Defendant objects to this request because it seeks to invade Defendant's right to privacy. Further, the information sought is not relevant to the subject matter of the pending action or, if so, does not outweigh the prejudice to Defendant's constitutional right to privacy.

**Subject to objection, Defendant was not using a cell phone at the time of the accident.**

**REQUEST #9:**
Please provide a copy of your driver's license in effect at the time of the collision.

**RESPONSE: Defendant will supplement.**

**REQUEST #10:**
Please provide copies of any and all medical records for treatment you have received following previous car wrecks.

**RESPONSE:** Defendant objects to this Request for Production because it requests information irrelevant to the claim made the basis of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Consequently, this request violates Rule 192.3(a) of the Texas Rules of Civil Procedure.

**Subject to objection, none.**

**REQUEST #11:**
Please provide a copy of all documents related to previous lawsuits in which you have been involved; specifically, please include (1) any and all petitions or complaints, (2) deposition transcripts of your testimony, and (3) your discovery responses.

**RESPONSE:** Defendant objects to this request because it seeks to invade Defendant's right to privacy. Further, the information sought is not relevant to the subject matter of

the pending action or, if so, does not outweigh the prejudice to Defendant's constitutional right to privacy.

Subject to objection, none.

*Exhibit "A"*

**LOYA INSURANCE COMPANY**
1800 LEE TREVINO, SUITE 201   EL PASO, TEXAS 79936

 

**DECLARA.**
**TEXAS PERSONAL**
**AUTO POLICY**

| POLICY NUMBER | POLICY PERIOD | POLICY CHANGE EFFECTIVE DATE | AGENT NUMBER |
|---|---|---|---|
| 66  395655550 | FROM 12/21/12 TO 6/21/13  TERM 06  MONTHS<br>12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN. | 12/21/12 | 103   04020 |

| NAMED INSURED AND MAILING ADDRESS | AGENT NAME AND ADDRESS |
|---|---|
| 66/395655550<br>KARLA L FLORES<br>1717 CEDAR<br>LAREDO        TX      78040 | FRED LOYA INS AGENCY INC.<br>2335 SAUNDERS #4<br>LAREDO, TX                          78041<br>956 727-7777 |

**COVERAGES/PREMIUMS** COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY ARE SHOWN FOR THE COVERAGE.

| AUTO | A-LIABILITY BODILY INJURY | PROPERTY DAMAGE | B1-MEDICAL PAYMENTS | B2-PERSONAL INJURY PROTECTION | C-UNINSURED/UNDERINSURED MOTORISTS BODILY INJURY | PROPERTY DAMAGE 250 DED | COMPREHENSIVE DEDUCTIBLE | COLLISION DEDUCTIBLE | TOWING AND LABOR COST | RENTAL REIMB 30 DAYS MAXIMUM |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30000  60000 | 25000 | | | | | 1000 | 1000 | 41 PER DISABLEMENT | 30 PER DAY |
| 2 | 30000  60000 | 25000 | | | | | 1000 | 1000 | 41 PER DISABLEMENT | 30 PER DAY |
| | EACH PERSON   EACH ACCIDENT | | EACH PERSON | EACH PERSON | EACH PERSON   EACH ACCIDENT | | | | | |
| 1 | 84 | 84 | | | | | 79 | 138 | 12 | 30 |
| 2 | 84 | 84 | | | | | 81 | 141 | 12 | 30 |
| | DOLLARS | | DOLLARS | DOLLARS | DOLLARS | | | | | DOLLARS |

| Form numbers of endorsements attached to policy at date of issue | SUB TOTAL | *ABTPA FEE | POLICY FEE | TOTAL | SVC FEE |
|---|---|---|---|---|---|
| 593E,551,515A,524A,530A | 859.00 | 2.00 | 78.00 | 939.00 | 5.50 |

## DESCRIPTION OF AUTO

**\*\*\* THIS POLICY CONTAINS A NAMED DRIVER EXCLUSION. \*\*\***

| AUTO | YEAR | MAKE | MODEL | VIN NUMBER | TERRITORY | SYMBOL | SPECIAL EQUIP | |
|---|---|---|---|---|---|---|---|---|
| 1 | 2012 | CHEV | EQUINOX | 2GNALBEK3C6137499 | 12 | 14 | | |
| 2 | 2012 | CHEV | MALIBU | 1G1ZC5E09CF167990 | 12 | 15 | | |

ANY LOSS UNDER PART D IS PAYABLE AS INTEREST MAY APPEAR TO THE NAMED INSURED AND

| 1 | SECURITY SERVICES FCU | PO BOX 691510 | SAN ANTONIO | TX 78279-0000 |
|---|---|---|---|---|
| 2 | AMERICREDIT | PO BOX 1617 | MINNEAPOLIS | MN 55440-0000 |

THE AUTO(S) DESCRIBED IN THIS POLICY IS PRINCIPALLY GARAGED AT THE ABOVE ADDRESS UNLESS OTHERWISE STATED

1                                                                            78040-0000
2                                                                            78040-0000

## FOR INFORMATION, OR TO MAKE A COMPLAINT, CALL 1-800-554-0595
## CLAIMS INFORMATION 1-800-880-0472

By _____
Chief Executive Officer and Secretary

PROCESSED ON: 12/21/12

* AUTOMOBILE BURGLARY AND THEFT PREVENTION AUTHORITY FEE

# Exhibit "B"



























# Exhibit "C"



















*Exhibit "D"*

# FRED LOYA INSURANCE AGENCY

RIO GRANDE VALLEY
FOR SUPPLEMENT PLEASE CALL YOUR
HANDLING ADJUSTER
11900 NORTH 26TH ST SUITE 100
Edinburg, TX 78539

Claim #: 536-761301
Workfile ID: b65c35c5

## Estimate of Record

Written By: ERNESTO ZUNIGA, 4/18/2013 8:30:52 AM
Adjuster: HESFORD, JOSHUA DANIEL, (210) 257-4500 Business

| | | | | | |
|---|---|---|---|---|---|
| Insured: | KARLA FLORES | Policy #: | | Claim #: | 536-761301 |
| Type of Loss: | Liability | Date of Loss: | 03/18/2013 06:30 PM | Days to Repair: | 0 |
| Point of Impact: | 15 Total Loss | Deductible: | | | |

**Owner:**
OSBALDO HURTADO
201 houston
laredo, TX 78040
(956) 775-1218 Day

**Inspection Location:**
HURTADO, OSBALDO
201 houston
laredo, TX 78040
Home
(956) 775-1218 Day

**Appraiser Information:**
ernerobzun@fredloya.com
(956) 740-1599

**Repair Facility:**

## VEHICLE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Year: | 1985 | Color: | RED Int: RED | License: | BG1-1636 | Production Date: | 10/1984 |
| Make: | FORD | Body Style: | 2D SHORT | State: | TX | Odometer: | 26019 |
| Model: | RANGER 4X2 | Engine: | 6-2.8L-2 | VIN: | 1FTBR10SXFUA75666 | Condition: | Fair |

| **TRANSMISSION** | Tilt Wheel | Search/Seek | Two Tone Paint |
|---|---|---|---|
| Automatic Transmission | Cruise Control | CD Player | Metallic Paint |
| Overdrive | Intermittent Wipers | **SEATS** | **TRUCK** |
| **DECOR** | Climate Control | Cloth Seats | Rear Step Bumper |
| Tinted Glass | **RADIO** | **WHEELS** | Bedliner |
| Dual Mirrors | AM Radio | Styled Steel Wheels | Trailering Package |
| **CONVENIENCE** | FM Radio | **PAINT** | |
| Air Conditioning | Stereo | Clear Coat Paint | |

# Estimate of Record

1985 FORD RANGER 4X2 2D SHORT 6-2,8L-2 RED

| Line | | Oper | Description | Qty | Extended Price $ | Labor | Paint |
|------|--|------|-------------|-----|------------------|-------|-------|
| 1 | **FRONT BUMPER** | | | | | | |
| 2 | | | O/H front bumper w/o extension | | | 0.8 | |
| 3 | ** | Repl | A/M Face bar chrome | 1 | 222.00 | Incl. | |
| 4 | | Repl | RT Extension | 1 | 60.87 | Incl. | |
| | | | NOTE: no a/m avail keystone | | | | |
| 5 | ** | Repl | A/M Air deflector | 1 | 71.00 | 0.4 | |
| 6 | **GRILLE** | | | | | | |
| 7 | ** | Repl | A/M Grille standard, 1 piece chrome | 1 | 101.00 | 0.7 | |
| 8 | ** | Repl | A/M Lower panel | 1 | 42.00 | 0.6 | 1.0 |
| 9 | | | Add for Clear Coat | | | | 0.4 |
| 10 | **FRONT LAMPS** | | | | | | |
| 11 | | Repl | RT Headlamp assy | 1 | 55.25 | 0.4 | |
| | | | NOTE: NO A.M AVAIL KEYSTONE | | | | |
| | | | NO LKQ LOC , LKQ CENTRAL, METRO AUTO PARTS, AMERICAN AUTO PARTS | | | | |
| 12 | | | Aim headlamps | | | 0.5 | |
| 13 | ** | Repl | A/M RT Park lamp assy | 1 | 15.00 | 0.2 | |
| 14 | **COOLING** | | | | | | |
| 15 | | Repl | Radiator support | 1 | 210.40 | 3.0 | 1.2 |
| 16 | **HOOD** | | | | | | |
| 17 | ** | Repl | A/M Hood | 1 | 255.00 | 0.6 | 2.8 |
| 18 | | | Overlap Major Adj. Panel | | | | -0.4 |
| 19 | | | Add for Clear Coat | | | | 0.5 |
| 20 | | | Add for Underside(Complete) | | | | 1.4 |
| 21 | **FENDER** | | | | | | |
| 22 | ** | Repl | A/M RT Fender | 1 | 130.00 | 1.8 | 2.5 |
| 23 | | | Overlap Major Adj. Panel | | | | -0.4 |
| 24 | | | Add for Clear Coat | | | | 0.4 |
| 25 | | | Add for Two Tone | | | | 0.8 |
| 26 | | | Add for Edging | | | | 0.5 |
| 27 | **DOOR** | | | | | | |
| 28 | * | Rpr | RT Outer panel | | | 3.0 | 1.2 |
| | | | NOTE: PARTIAL REFINISH AND FULL CLEAR COAT | | | | |
| 29 | | | Overlap Major Adj. Panel | | | | -0.4 |
| 30 | * | | Add for Clear Coat | | | | 0.4 |
| 31 | | R&I | RT Belt w'strip w/vent | | | | |
| 32 | | R&I | RT Mirror car type chrome | | | 0.3 | |
| 33 | | R&I | RT Handle, outside bright | | | 0.5 | |
| 34 | | R&I | RT Door trim panel cloth | | | 0.5 | |
| 35 | # | Rpr | ROUGH PULL & TIE DOWN | | | 2.0 | |
| | | | **SUBTOTALS** | | **1,162.52** | **15.3** | **11.9** |

1985 FORD RANGER 4X2 2D SHORT 6-2.8L-2 RED

## ESTIMATE TOTALS

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 1,162.52 |
| Body Labor | 15.3 hrs | @ | $ 38.00 /hr | 581.40 |
| Paint Labor | 11.9 hrs | @ | $ 38.00 /hr | 452.20 |
| Paint Supplies | 11.9 hrs | @ | $ 27.00 /hr | 321.30 |
| Subtotal | | | | 2,517.42 |
| Sales Tax | $ 1,483.82 | @ | 8.2500 % | 122.42 |
| **Total Cost of Repairs** | | | | **2,639.84** |
| **Total Adjustments** | | | | **0.00** |
| **Net Cost of Repairs** | | | | **2,639.84** |

IN ACCORDANCE WITH ARTICLE 1952.301 TO 1952.307 OF THE TEXAS INSURANCE CODE, PLEASE BE ADVISED THAT AN INSURER MAY NOT DIRECTLY OR INDIRECTLY SPECIFY THE BRAND, AGE, VENDOR, SUPPLIER OR CONDITION OF PARTS OR PRODUCTS THAT MAY BE USED TO REPAIR THE VEHICLE. THE INSURER MAY NOT LIMIT THE BENEFICIARY OR THIRD PARTY CLAIMANT FROM SELECTING A REPAIR PERSON OR FACILITY TO REPAIR DAMAGES TO THE MOTOR VEHICLE.

This estimate may have been based on the use of crash parts supplied by a source other than the manufacturer of your vehicle. ANY WARRANTIES APPLICABLE TO THESE REPLACEMENT PARTS ARE PROVIDED BY THE MANUFACTURER OR DISTRIBUTOR OF THE PARTS, RATHER THAN BY THE ORIGINAL MANUFACTURER OF YOUR VEHICLE. The fact that this estimate has been prepared does not, in any way, expressly or implied confirm the existence any insurance coverage or acceptance of any claim for which this estimate has been prepared. If repairs are completed in accordance with this estimate the repairer must adhere to all manufacture specifications for completing repairs. This is not an authorization for repair and the appraiser or adjuster does not have the authority to authorize repairs. Authorization to repair can only be made by the owner of the vehicle.

IF ADDITIONAL DAMAGES RELATED TO THIS ACCIDENT ARE FOUND
PLEASE CALL THE ADJUSTER AT THE NUMBER LISTED AT THE TOP OF THIS ESTIMATE. PLEASE BE AWARE THAT WE WILL NOT PAY FOR ANY ADDITIONAL DAMAGES THAT WE HAVE NOT INSPECTED AND/OR APPROVED.

1985 FORD RANGER 4X2 2D SHORT 6-2.8L-2 RED

Estimate based on MOTOR CRASH ESTIMATING GUIDE. Unless otherwise noted all items are derived from the Guide DO2MD82, CCC Data Date 3/8/2013, and the parts selected are OEM-parts manufactured by the vehicles Original Equipment Manufacturer. OEM parts are available at OE/Vehicle dealerships. OPT OEM (Optional OEM) or ALT OEM (Alternative OEM) parts are OEM parts that may be provided by or through alternate sources other than the OEM vehicle dealerships. OPT OEM or ALT OEM parts may reflect some specific, special, or unique pricing or discount. OPT OEM or ALT OEM parts may include "Blemished" parts provided by OEM's through OEM vehicle dealerships. Asterisk (*) or Double Asterisk (**) indicates that the parts and/or labor information provided by MOTOR may have been modified or may have come from an alternate data source. Tilde sign (~) items indicate MOTOR Not-Included Labor operations. The symbol (<>) indicates the refinish operation WILL NOT be performed as a separate procedure from the other panels in the estimate. Non-Original Equipment Manufacturer aftermarket parts are described as Non OEM or A/M. Used parts are described as LKQ, RCY, or USED. Reconditioned parts are described as Recond. Recored parts are described as Recore. NAGS Part Numbers and Benchmark Prices are provided by National Auto Glass Specifications. Labor operation times listed on the line with the NAGS information are MOTOR suggested labor operation times. NAGS labor operation times are not included. Pound sign (#) items indicate manual entries.

Some 2012 vehicles contain minor changes from the previous year. For those vehicles, prior to receiving updated data from the vehicle manufacturer, labor and parts data from the previous year may be used. The CCC ONE estimator has a complete list of applicable vehicles. Parts numbers and prices should be confirmed with the local dealership.

The following is a list of additional abbreviations or symbols that may be used to describe work to be done or parts to be repaired or replaced:

SYMBOLS FOLLOWING PART PRICE:
m=MOTOR Mechanical component. s=MOTOR Structural component. T=Miscellaneous Taxed charge category. X=Miscellaneous Non-Taxed charge category.

SYMBOLS FOLLOWING LABOR:
D=Diagnostic labor category. E=Electrical labor category. F=Frame labor category. G=Glass labor category. M=Mechanical labor category. S=Structural labor category. (numbers) 1 through 4=User Defined Labor Categories.

OTHER SYMBOLS AND ABBREVIATIONS:
Adj.=Adjacent. Algn.=Align. ALU=Aluminum. A/M=Aftermarket part. Blnd=Blend. BOR=Boron steel. CAPA=Certified Automotive Parts Association. D&R=Disconnect and Reconnect. HSS=High Strength Steel. HYD=Hydroformed Steel. Incl.=Included. LKQ=Like Kind and Quality. LT=Left. MAG=Magnesium. Non-Adj.=Non Adjacent. NSF=NSF International Certified Part. O/H=Overhaul. Qty=Quantity. Refn=Refinish. Repl=Replace. R&I=Remove and Install. R&R=Remove and Replace. Rpr=Repair. RT=Right. SAS=Sandwiched Steel. Sect=Section. Subl=Sublet. UHS=Ultra High Strength Steel. N=Note(s) associated with the estimate line.

CCC ONE Estimating - A product of CCC Information Services Inc.

The following is a list of abbreviations that may be used in CCC ONE Estimating that are not part of the MOTOR CRASH ESTIMATING GUIDE:
BAR=Bureau of Automotive Repair. EPA=Environmental Protection Agency. NHTSA= National Highway Transportation and Safety Administration. PDR=Paintless Dent Repair. VIN=Vehicle Identification Number.

## Estimate of Record

1985 FORD RANGER 4X2 2D SHORT 6-2.8L-2 RED

## ALTERNATE PARTS SUPPLIERS

| Line | Description | Supplier | Item # | Price |
|------|-------------|----------|--------|-------|
| 5 | A/M Air deflector | Keystone - LIGCP - AQRP - B | FO1092160 | $ 71.00 |
| | | 1273 JOE BATTLE BLVD SUITE A1, EL PASO TX 79936 | (800) 551-5615 | (915) 544-8200 |
| 8 | A/M Lower panel | Keystone - Complete - San Antonio | FO1092106 | $ 42.00 |
| | | 4520 TEJASCO DRIVE, SAN ANTONIO TX 78218 | (888) 416-5138 | (210) 666-1190 |
| 13 | A/M RT Park lamp assy | Keystone - LIGCP - AQRP - A | FO2521101 | $ 15.00 |
| | | 4955 KALAMATH STREET, DENVER CO 80221 | (800) 551-5608 | (303) 333-9911 |

*Exhibit "E"*

# LOYA INSURANCE COMPANY

RIO GRANDE VALLEY
FOR SUPPLEMENT PLEASE CALL YOUR
HANDLING ADJUSTER
11900 NORTH 26TH ST SUITE 100
Edinburg, TX 78539

Claim #:  536-761300
Workfile ID:  aff32127

## Estimate of Record

Written By: ERNESTO ZUNIGA, 3/21/2013 1:02:18 PM
Adjuster: HESFORD, JOSHUA DANIEL, (210) 256-0498 Business

| | | | | | |
|---|---|---|---|---|---|
| Insured: | KARLA FLORES | Policy #: | 66395655550 | Claim #: | 536-761300 |
| Type of Loss: | Collision | Date of Loss: | 03/18/2013 06:30 PM | Days to Repair: | 13 |
| Point of Impact: | 09 Left T-Bone (Left Side) | Deductible: | 1000.00 | | |

**Owner:**
KARLA FLORES
1717 CEDAR
LAREDO, TX 78040
(956) 740-7710 Business

**Inspection Location:**
PAUL YOUNG BODY SHOP
3701 E SAUNDERS
LAREDO, TX 78041
Repair Facility
(956) 727-1192 Business

**Appraiser Information:**
ernerobzun@fredloya.com
(956) 740-1599

**Repair Facility:**
PAUL YOUNG BODY SHOP
3701 E SAUNDERS
LAREDO, TX 78041
(956) 727-1192 Business

## VEHICLE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Year: | 2012 | Color: | SILVER Int: GREY | License: | DC9-F653 | Production Date: | 08/2011 |
| Make: | CHEV | Body Style: | 4D UTV | State: | TX | Odometer: | 15609 |
| Model: | EQUINOX 4X2 LS | Engine: | 4-2.4L-FI | VIN: | 2GNALBEK3C6137499 | Condition: | Good |

**TRANSMISSION**
Automatic Transmission
Overdrive
**POWER**
Power Steering
Power Brakes
Power Windows
Power Locks
Power Mirrors
**DECOR**
Tinted Glass
Dual Mirrors
Console/Storage

**CONVENIENCE**
Air Conditioning
Rear Defogger
Tilt Wheel
Cruise Control
Telescopic Wheel
Intermittent Wipers
Keyless Entry
Alarm
Rear Window Wiper
Steering Wheel Controls
Message Center
**RADIO**

AM Radio
FM Radio
Stereo
Search/Seek
CD Player
Auxiliary Audio Connection
Satellite Radio
**SAFETY**
Anti-Lock Brakes (4)
Driver Air Bag
Passenger Air Bag
Head/Curtain Air Bags
Front Side Impact Air Bags

4 Wheel Disc Brakes
Traction Control
Stability Control
Communications System
**SEATS**
Cloth Seats
Bucket Seats
**WHEELS**
Aluminum/Alloy Wheels
**PAINT**
Clear Coat Paint
Metallic Paint

## Estimate of Record

2012 CHEV EQUINOX 4X2 LS 4D UTV 4-2.4L-FI SILVER

| Line | Oper | | Description | Qty | Extended Price $ | Labor | Paint |
|---|---|---|---|---|---|---|---|
| 1 | **FRONT BUMPER & GRILLE** | | | | | | |
| 2 | * | Rpr | Bumper cover | | | 1.0 | 1.0 |
| | | | NOTE: PARTIAL REFINISH AND FULL CLEAR COAT | | | | |
| 3 | * | | Add for Clear Coat | | | | 1.2 |
| 4 | | | O/H bumper assy | | | 3.2 | |
| | | | NOTE: R&I BUMPER COVER AND TRIM TO REFINISH | | | | |
| 5 | | Repl | Lower cover w/o fog lamps | 1 | 217.55 | Incl. | |
| | | | NOTE: NOT AVAIL A/M KEYSTONE | | | | |
| 6 | **HOOD** | | | | | | |
| 7 | | Blnd | Hood | | | | 1.4 |
| 8 | **FENDER** | | | | | | |
| 9 | ** | Repl | A/M CAPA LT Fender | 1 | 148.00 | 1.7 | 2.2 |
| 10 | | | Add for Clear Coat | | | | 0.9 |
| 11 | | | Add for Edging | | | | 0.5 |
| 12 | | Repl | LT Lower molding | 1 | 14.00 | 0.2 | |
| 13 | ** | Repl | A/M LT Fender liner | 1 | 39.00 | Incl. | |
| 14 | **RESTRAINT SYSTEMS** | | | | | | |
| 15 | | Repl | RT Head air bag | 1 | 416.67 m | 0.5 M | |
| | | | NOTE: SIDE DEPLOYMENT Deployed air bag module(s) Side impact sensor Deployed seat belt pretensioners | | | | |
| 16 | | | System diagnosis | | m | 0.5 M | |
| 17 | | Repl | LT Head air bag | 1 | 416.67 m | 0.5 M | |
| 18 | | Repl | Side impact sens front door | 1 | 166.67 m | 0.2 M | |
| 19 | | Repl | RT Belt & retractor | 1 | 195.72 | 0.5 | |
| 20 | | Repl | LT Belt & retractor | 1 | 188.82 | 0.5 | |
| 21 | | Repl | LT Side air bag | 1 | 416.67 m | 0.2 M | |
| 22 | **SEATS & TRACKS** | | | | | | |
| 23 | | Repl | Seat back cover LS titanium | 1 | 280.68 | 1.0 | |
| 24 | | Repl | Seat back pad | 1 | 93.98 | | |
| 25 | **ROOF** | | | | | | |
| 26 | | Repl | Headliner w/o sunroof, w/o noise control all | 1 | 1,639.87 | 3.7 | |
| 27 | **PILLARS, ROCKER & FLOOR** | | | | | | |
| 28 | * | Rpr | LT Uniside panel | | s | 2.5 | 1.0 |
| | | | NOTE: REPAIR HINGE PILLAR AFTER PULL , PARTIAL REFINISH | | | | |
| 29 | | | Overlap Major Non-Adj. Panel | | | | -0.2 |
| 30 | | | Add for Clear Coat | | | | 0.2 |
| 31 | | Repl | RT W/S pillar trim | 1 | 65.45 | Incl. | |
| 32 | | Repl | LT W/S pillar trim | 1 | 65.45 | Incl. | |
| 33 | **FRONT DOOR** | | | | | | |

2012 CHEV EQUINOX 4X2 LS 4D UTV 4-2.4L-FI SILVER

| 34 | | Repl | LT Door shell | 1 | 980.02 | 4.5 | 3.1 |
|---|---|---|---|---|---|---|---|
| | | | NOTE: NO LKQ LOCATED - LKQ CENTRAL, METRO AUTO PARTS , BROTHERS AUTO PARTS, AMERICAN AUTO PARTS | | | | |
| 35 | | | Overlap Major Non-Adj. Panel | | | | -0.2 |
| 36 | | | Add for Clear Coat | | | | 0.6 |
| 37 | | | Add for mirror | | | 0.3 | |
| 38 | **REAR DOOR** | | | | | | |
| 39 | | Blnd | LT Outer panel | | | | 1.1 |
| 40 | | R&I | LT Belt w'strip 2nd design | | | 0.2 | |
| 41 | | R&I | LT Lower molding | | | 0.2 | |
| 42 | | R&I | LT Handle, outside primed | | | 0.3 | |
| 43 | | R&I | LT R&I trim panel | | | 0.4 | |
| 44 | # | Rpr | ROUGH PULL & TIE DOWN | | | 2.0 | |
| | | | NOTE: PULL HINGE PILLAR TO ALIGN DOOR | | | | |
| 45 | # | Repl | CAR COVER | 1 | 5.00 | | |
| | | | **SUBTOTALS** | | **5,350.22** | **24.1** | **12.8** |

## NOTES

Estimate Notes:
APPERANCE ALLOWANCE ACCEPTED BY INSURED FOR LT MIRROR AND LT LOWER DOOR MLDNG

## ESTIMATE TOTALS

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 5,350.22 |
| Body Labor | 22.2 hrs | @ | $ 38.00 /hr | 843.60 |
| Paint Labor | 12.8 hrs | @ | $ 38.00 /hr | 486.40 |
| Mechanical Labor | 1.9 hrs | @ | $ 65.00 /hr | 123.50 |
| Paint Supplies | 12.8 hrs | @ | $ 26.00 /hr | 332.80 |
| Subtotal | | | | 7,136.52 |
| Sales Tax | $ 5,683.02 | @ | 8.2500 % | 468.85 |
| **Total Cost of Repairs** | | | | **7,605.37** |
| Deductible | | | | 1,000.00 |
| Appearance Allowance | | | | -100.00 |
| **Total Adjustments** | | | | **900.00** |
| **Net Cost of Repairs** | | | | **6,705.37** |

2012 CHEV EQUINOX 4X2 LS 4D UTV 4-2.4L-FI SILVER

IN ACCORDANCE WITH ARTICLE 1952.301 TO 1952.307 OF THE TEXAS INSURANCE CODE, PLEASE BE ADVISED THAT AN INSURER MAY NOT DIRECTLY OR INDIRECTLY SPECIFY THE BRAND, AGE, VENDOR, SUPPLIER OR CONDITION OF PARTS OR PRODUCTS THAT MAY BE USED TO REPAIR THE VEHICLE. THE INSURER MAY NOT LIMIT THE BENEFICIARY OR THIRD PARTY CLAIMANT FROM SELECTING A REPAIR PERSON OR FACILITY TO REPAIR DAMAGES TO THE MOTOR VEHICLE.

This estimate may have been based on the use of crash parts supplied by a source other than the manufacturer of your vehicle. ANY WARRANTIES APPLICABLE TO THESE REPLACEMENT PARTS ARE PROVIDED BY THE MANUFACTURER OR DISTRIBUTOR OF THE PARTS, RATHER THAN BY THE ORIGINAL MANUFACTURER OF YOUR VEHICLE. The fact that this estimate has been prepared does not, in any way, expressly or implied confirm the existence any insurance coverage or acceptance of any claim for which this estimate has been prepared. If repairs are completed in accordance with this estimate the repairer must adhere to all manufacture specifications for completing repairs. This is not an authorization for repair and the appraiser or adjuster does not have the authority to authorize repairs. Authorization to repair can only be made by the owner of the vehicle.

IF ADDITIONAL DAMAGES RELATED TO THIS ACCIDENT ARE FOUND
PLEASE CALL THE ADJUSTER AT THE NUMBER LISTED AT THE TOP OF THIS ESTIMATE. PLEASE BE AWARE THAT WE WILL NOT PAY FOR ANY ADDITIONAL DAMAGES THAT WE HAVE NOT INSPECTED AND/OR APPROVED.

2012 CHEV EQUINOX 4X2 LS 4D UTV 4-2.4L-FI SILVER

Estimate based on MOTOR CRASH ESTIMATING GUIDE. Unless otherwise noted all items are derived from the Guide DR1GV10, CCC Data Date 3/8/2013, and the parts selected are OEM-parts manufactured by the vehicles Original Equipment Manufacturer. OEM parts are available at OE/Vehicle dealerships. OPT OEM (Optional OEM) or ALT OEM (Alternative OEM) parts are OEM parts that may be provided by or through alternate sources other than the OEM vehicle dealerships. OPT OEM or ALT OEM parts may reflect some specific, special, or unique pricing or discount. OPT OEM or ALT OEM parts may include "Blemished" parts provided by OEM's through OEM vehicle dealerships. Asterisk (*) or Double Asterisk (**) indicates that the parts and/or labor information provided by MOTOR may have been modified or may have come from an alternate data source. Tilde sign (~) items indicate MOTOR Not-Included Labor operations. The symbol (<>) indicates the refinish operation WILL NOT be performed as a separate procedure from the other panels in the estimate. Non-Original Equipment Manufacturer aftermarket parts are described as Non OEM or A/M. Used parts are described as LKQ, RCY, or USED. Reconditioned parts are described as Recond. Recored parts are described as Recore. NAGS Part Numbers and Benchmark Prices are provided by National Auto Glass Specifications. Labor operation times listed on the line with the NAGS information are MOTOR suggested labor operation times. NAGS labor operation times are not included. Pound sign (#) items indicate manual entries.

Some 2012 vehicles contain minor changes from the previous year. For those vehicles, prior to receiving updated data from the vehicle manufacturer, labor and parts data from the previous year may be used. The CCC ONE estimator has a complete list of applicable vehicles. Parts numbers and prices should be confirmed with the local dealership.

The following is a list of additional abbreviations or symbols that may be used to describe work to be done or parts to be repaired or replaced:

SYMBOLS FOLLOWING PART PRICE:
m=MOTOR Mechanical component. s=MOTOR Structural component. T=Miscellaneous Taxed charge category. X=Miscellaneous Non-Taxed charge category.

SYMBOLS FOLLOWING LABOR:
D=Diagnostic labor category. E=Electrical labor category. F=Frame labor category. G=Glass labor category. M=Mechanical labor category. S=Structural labor category. (numbers) 1 through 4=User Defined Labor Categories.

OTHER SYMBOLS AND ABBREVIATIONS:
Adj.=Adjacent. Algn.=Align. ALU=Aluminum. A/M=Aftermarket part. Blnd=Blend. BOR=Boron steel. CAPA=Certified Automotive Parts Association. D&R=Disconnect and Reconnect. HSS=High Strength Steel. HYD=Hydroformed Steel. Incl.=Included. LKQ=Like Kind and Quality. LT=Left. MAG=Magnesium. Non-Adj.=Non Adjacent. NSF=NSF International Certified Part. O/H=Overhaul. Qty=Quantity. Refn=Refinish. Repl=Replace. R&I=Remove and Install. R&R=Remove and Replace. Rpr=Repair. RT=Right. SAS=Sandwiched Steel. Sect=Section. Subl=Sublet. UHS=Ultra High Strength Steel. N=Note(s) associated with the estimate line.

CCC ONE Estimating - A product of CCC Information Services Inc.

The following is a list of abbreviations that may be used in CCC ONE Estimating that are not part of the MOTOR CRASH ESTIMATING GUIDE:
BAR=Bureau of Automotive Repair. EPA=Environmental Protection Agency. NHTSA= National Highway Transportation and Safety Administration. PDR=Paintless Dent Repair. VIN=Vehicle Identification Number.

2012 CHEV EQUINOX 4X2 LS 4D UTV 4-2.4L-FI SILVER

## ALTERNATE PARTS SUPPLIERS

| Line | Description | Supplier | Item # | Price |
|------|-------------|----------|--------|-------|
| 9 | A/M CAPA LT Fender | Keystone - Complete - San Antonio | GM1240364PP | $ 148.00 |
| | | 4520 TEJASCO DRIVE, SAN ANTONIO TX 78218 | (888) 416-5138 | (210) 666-1190 |

# TAB 12

## CAUSE NO. 2016CVT001431 D2

| | | |
|---|---|---|
| OSBALDO HURTADO AVALOS AND ANTONIO HURTADO AS ASSIGNEES OF KARLA FLORES GUEVARA | § § § § § | IN THE DISTRICT COURT |
| V. | § § § | 111TH JUDICIAL DISTRICT |
| LOYA INSURANCE COMPANY | § | WEBB COUNTY, TEXAS |

### DEFENDANT LOYA INSURANCE COMPANY'S RESPONSES TO PLAINTIFFS' REQUESTS FOR DISCLOSURE

TO:    Plaintiffs by and through their attorney of record:

Jorge A. Green
THE GREEN LAW FIRM
34 S. Coria St.
Brownsville, TX 78520

NOW COMES LOYA INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and makes the following responses to Plaintiffs' Requests for Disclosure pursuant to Rule 194 of the Texas Rules of Civil Procedure.

Respectfully submitted,

VIDAURRI, LYDE, RODRIGUEZ & HAYNES, LLP
202 N. 10th Avenue
Edinburg, Texas 78541
(956) 381-6602 / (956) 381-0725 *Fax*

By:_____
JOHN R. LYDE
State Bar No. 12712700
ATTORNEYS FOR DEFENDANT
LOYA INSURANCE COMPANY

1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel on this the _____ day of July, 2016, as follows:

*Via Fax No. 956-542-7026*
Jorge A. Green
THE GREEN LAW FIRM
34 S. Coria St.
Brownsville, TX 78520

_____
JOHN R. LYDE

2

## DEFENDANT LOYA INSURANCE COMPANY'S RESPONSES TO PLAINTIFFS' REQUESTS FOR DISCLOSURE

a.   Provide the correct names of the parties to the lawsuit.

**RESPONSE:**

**Plaintiff**   - **Osbaldo Hurtado Avalos**
                **Antonio Hurtado as Assignees of Karla Flores Guevara**

**Defendant**   - **Loya Insurance Company**

b.   Provide the name, address, and telephone number of any potential parties.

**RESPONSE: There are none known at this time.**

c.   Provide the legal theories and, in general, the factual basis of your claims or defenses.

**RESPONSE: Please see Defendant's answer or any amended answer for the claims and defenses Defendant is making.**

d.   Provide the amount and any method of calculating economic damages.

**RESPONSE: Inapplicable to Defendant as it is not making any claims for economic damages.**

e.   Provide the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**Osbaldo Hurtado Avalos**
**1422 Orquidia Lane**
**Laredo, TX 78046**
**956-542-7000**
**Plaintiff**

**Antonio Hurtado**
**1422 Orquidia Lane**
**Laredo, TX 78046**
**956-542-7000**
**Plaintiff**

**Karla Flores Guevera**
**1717 Cedar**
**Laredo, TX 78040**

3

956-542-7000
**Plaintiff**

f.    Provide the following for any testifying expert:
   (1)    the expert's name, address and telephone number;
   (2)    the subject matter on which the expert will testify;
   (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.
   (4)    if the expert is retained by, employed by, or otherwise subject to the control of the responding party;
         (a)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
         (b)    the expert's current resume and bibliography.

**RESPONSE:    Defendant has not yet designated any experts.**

g.    Provide any discoverable indemnity and insuring agreements.

**RESPONSE: See attached Exhibit "A."**

h.    Provide any discoverable settlement agreements.

**RESPONSE: None at this time.**

i.    Provide any discoverable witness statements.

**RESPONSE: Defendant will supplement.**

j.    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, provide all medical records and bills that you have obtained by virtue of an authorization furnished by the requesting party.

**RESPONSE: Not applicable.**

k.    In a suit alleging physical or mental injury and damages for the occurrence that is the subject of the case, provide all medical records and bills you have obtained by virtue of an authorization by the requesting party.

**RESPONSE: None at this time.**

l.    The name, address and telephone number of any person who may be designated as a responsible third party.

4

**RESPONSE: None at this time.**

# DECLARATIONS
## TEXAS PERSONAL
## AUTO POLICY

**LOYA INSURANCE COMPANY**
1600 LEE TREVINO, SUITE 201    EL PASO, TEXAS 79936

| POLICY NUMBER | POLICY PERIOD | POLICY CHANGE EFFECTIVE DATE | AGENT NUMBER |
|---|---|---|---|
| 66  395655550 | FROM 12/21/12 TO  6/21/13   TERM 06  MONTHS<br>12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN. | 12/21/12 | 103    04020 |

| NAMED INSURED AND MAILING ADDRESS | AGENT NAME AND ADDRESS |
|---|---|
| 66/395655550<br>**KARLA L FLORES**<br>**1717 CEDAR**<br>**LAREDO**        TX    78040 | **FRED LOYA INSURANCE**<br>**2335 E SAUNDERS, STE 4**<br>**LAREDO, TX**            78041<br>956 727-7777 |

## COVERAGES/PREMIUMS  COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY ARE SHOWN FOR THE COVERAGE.

| AUTO | A-LIABILITY BODILY INJURY | PROPERTY DAMAGE | BT-MEDICAL PAYMENTS | B2-PERSONAL INJURY PROTECTION | C-UNINSURED/UNDERINSURED MOTORISTS BODILY INJURY | PROPERTY DAMAGE 250 DED | D-COVERAGE FOR DAMAGE TO YOUR AUTO COMPREHENSIVE DEDUCTIBLE | COLLISION DEDUCTIBLE | TOWING AND LABOR COST | RENTAL REIMB 30 DAYS MAXIMUM |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30000  60000 | 25000 | | | | | 1000 | 1000 | 41 PER DISABLEMENT | 30 PER DAY |
| 2 | 30000  60000 | 25000 | | | | | 1000 | 1000 | 41 PER DISABLEMENT | 30 PER DAY |
| | EACH PERSON        EACH ACCIDENT | | EACH PERSON | EACH PERSON | EACH PERSON      EACH ACCIDENT | | | | | |
| 1 | 84 | 84 | | | | | | | | |
| 2 | 84 | 84 | | | | | 79 | 138 | 12 | 30 |
| | | | | | | | 81 | 141 | 12 | 30 |
| | DOLLARS | | DOLLARS | DOLLARS | DOLLARS | | | | | DOLLARS |

| Form Numbers of endorsements attached to policy at date of issue | SUB TOTAL | *ABTPA FEE | POLICY FEE | TOTAL | SVC FEE |
|---|---|---|---|---|---|
| | 869.00 | 2.00 | 78.00 | 939.00 | 4.50 |

## DESCRIPTION OF AUTO

### *** THIS POLICY CONTAINS A NAMED DRIVER EXCLUSION ***

| AUTO | YEAR | MAKE | MODEL | VEHICLE ID NO. | TERRITORY | SYMBOL | SPECIAL EQUIP | |
|---|---|---|---|---|---|---|---|---|
| 1 | 2012 | CHEV | EQUINOX | 2GNALBEK3C6137499 | 12 | 14 | | |
| 2 | 2012 | CHEV | MALIBU | 1G1ZC5E09CF187990 | 12 | 15 | | |

ANY LOSS UNDER PART D IS PAYABLE AS INTEREST MAY APPEAR TO THE NAMED INSURED AND

| 1 | SECURITY SERVICES FCU | PO BOX 691510 | SAN ANTONIO | TX 78279-0000 |
|---|---|---|---|---|
| 2 | AMERICREDIT | PO BOX 1617 | MINNEAPOLIS | MN 55440-0000 |

THE AUTO(S) DESCRIBED IN THIS POLICY IS PRINCIPALLY GARAGED AT THE ABOVE ADDRESS UNLESS OTHERWISE STATED.

1
2                                                                                 78040-0000
                                                                                  78040-0000

## FOR INFORMATION, OR TO MAKE A COMPLAINT, CALL 1-800-554-0595
## CLAIMS INFORMATION 1-800-880-0472

NOTICE: The Automobile Burglary and Theft Prevention Authority fee is payable in addition to the premium due under this policy. This fee partially or completely reimburses the insurer, as permitted by 28 TAC §5.205, for the $2.00 fee per motor vehicle year required to be paid to the Automobile Burglary and Theft Prevention Authority under Vernon's Annotated Revised Civil Statutes of the State of Texas, Article 4413(37), §10, which was effective on June 6, 1991, and revised effective September 1, 2011.



PROCESSED ON:  12/21/12

\* AUTOMOBILE BURGLARY AND THEFT PREVENTION AUTHORITY FEE
WE AGREE TO MAKE AVAILABLE TO YOU AN INSTALLMENT PAYMENT PLAN AS DESCRIBED IN RULE 14 OF THE TEXAS AUTOMOBILE RULES AND RATING MANUAL, EXCEPT WHEN INSTALLMENT PAYMENT PLAN IS PROHIBITED BY RULE OR STATUTE.